UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

R.K./Fl MANAGEMENT, INC., a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual,

    Plaintiffs,

vs.

JOHN DOE,

    Defendant.

CASE NO.:

_____/

## NOTICE OF REMOVAL

Defendant JOHN DOE ("DOE") hereby requests removal to federal court of the attached Florida State complaint filed by R.K./Fl MANAGEMENT, INC.,, R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ (herein collectively "RKA" or Plaintiffs). The removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. 1441(a), (b).

1

Defendant John Doe ("DOE") is an anonymous citizen journalist critically reporting what he[1] considers to be abusive litigation tactics by a well know public person Raanan Katz and Katz' companies, the RKA Plaintiffs.  A copy of the complained of Doe blog is attached as Exhibit A. Under the First Amendment of the U.S. Constitution, DOE has a right to maintain his anonymous status.  See McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 357, 342 (1995); Doe v. Reed, 130 S.Ct. 2811, 2832 (2010)(J. Scalia, concur).

RKA's complaint, attached as Exhibit B, asserts defamation in Count I; libel in Count II and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. sec. 1125(2). It cannot be disputed that this federal court has original jurisdiction of "all civil actions arising under the Constitution, [and] laws [] of the United States " 28 U.S.C. sec. 1331, and the RKA's false advertising, Lanham Act Sec. 43(a), claim is a federal law action. Further, "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … trademarks." 28 U.S.C. sec. 1338(a).

RKA's abusive litigation tactics complained of in DOE's blog are now being used to deprive DOE of his constitutional right to anonymous free speech, a violation of 42 U.S.C. sec. 1983. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …"   42 U.S.C. sec. 1983.  Under 28 U.S.C. sec. 1343, the "district courts shall have original jurisdiction of any civil action authorized by the law  to be commenced by any person: … (3) To redress the deprivation, under color of any

---

[1] The pronoun "he" is being used only for purposes of ease.

State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States…" 28 U.S.C. sec 1343.

DOE recognizes that RKA's complaint is subject to removal without consideration of DOE's constitutional rights claim, but DOE's right to anonymous speech is greatly diminished by RKA's aggressive state court action.  See Dial v. Healthspring of Ala., Inc., 541 F.3d 1044, 1047 (11th Cir. 2008).  However, "Where a defendant properly removes an action to federal court on the basis of federal question and supplemental jurisdiction, the district court 'ha[s] discretion to retain jurisdiction over the state law claims even after [the plaintiff] amend[s] the complaint to remove any federal cause of action.'" Johnson v. Elizabeth Wellborn, P.A., 2011 U.S. App. LEXIS 5875 (11th Cir. Mar. 17, 2011)(quoting  Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002)).

The enclosed State Court Orders reveal RKA's trial tactics.  See composite Exh. C.  Once this Notice of Removal is filed, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. sec. 1446(d).

Wherefore, DOE requests that the federal court accept removal of this action.


Dated:  July 26, 2011                                   Respectfully submitted,

                        By: /RobertKain/
                           Robert C. Kain, Jr.
                           Florida Bar No. 266760
                           rkain@complexip.com
                           Kain & Associates, Attorneys at Law, P.A.
                           900 Southeast Third Avenue, Suite 205
                           Ft. Lauderdale, Florida 33316-1153
                           Telephone:    (954) 768-9002
                           Facsimile:    (954) 768-0158
                           Attorneys for Defendant, John Doe

## **CERTIFICATE OF SERVICE**

  WE HEREBY CERTIFY that the foregoing was sent via U.S. Mail, fax and email this _26___ day of _July _____, 2011___, to attorneys for Plaintiffs:

Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428

        By: /RobertKain/_____
          Robert C. Kain, Jr.
          Florida Bar No. 266760