UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-CV-22657-MGC

R.K./FL MANAGEMENT, INC. a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual,

       Plaintiffs,

v.

JOHN DOE,

       Defendant.
_____/

**PLAINTIFFS' MOTION TO REMAND
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, R.K./FL MANAGEMENT, R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ (collectively, the "Plaintiffs"), through their undersigned counsel and pursuant to 28 U.S.C. § 1447(c), move for an Order remanding these proceedings to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("State Court"), and state as follows:

**I.     INTRODUCTION**

The Notice of Removal Defendant filed in this action is improper, and this action must be remanded to the State Court.  Defendant did not file the Notice of Removal within thirty (30) days of the date Defendant received the initial pleading (the "Complaint"), and therefore this Court must remand this action to State Court.  Moreover, Plaintiffs have, concurrent with this

Motion for Remand, filed a Notice of Voluntary Dismissal with Prejudice of Count III for False Advertising, which Defendant asserts as its basis for removing this action to this Court under its federal question subject matter jurisdiction. [D.E. 6]. With the dismissal of Count III of Plaintiffs' Complaint, there is no federal question in this case, and therefore the principles of judicial economy, convenience, fairness, and comity demand that this action be remanded back to State Court.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This is a case of a person or persons hiding behind the cloak of the internet to post frequent, vile, and defamatory *per se* remarks against ordinary business men and their companies. Defendant, "John Doe" ("Defendant"), began posting false and defamatory blogs about Plaintiffs on May 3, 2011. Defendant's continuous posting of these false and defamatory statements prompted Plaintiffs to file a complaint in the State Court on June 9, 2011 (the "Complaint"). The statements posted by Defendant on its blog located at www.rkassociatesusa.blogspot.com (the "Blog"), are defamatory *per se* under Florida law. Defendant is trying to avoid responsibility for its wrongful actions by distorting the truth, mischaracterizing the law, and abusing the legal process.

The Complaint alleges claims against the anonymous defendant for defamation *per se* and libel. Although the Complaint initially included a claim for false advertising, Plaintiffs have voluntarily dismissed Count III concurrent with the filing of this Motion to Remand. Plaintiffs' claims are based on Defendant's publishing of false and defamatory statements on the Blog about R.K. Associates and its owners, Raanan Katz and Daniel Katz, regarding Plaintiffs' business and trade. The Blog is owned and operated by Google and its subsidiary, Blogger.com.

On June 18, 2011, Defendant posted a blog entry about the claims Plaintiffs brought against Defendant. The blog entry included the name of Plaintiffs' attorney and noted that Plaintiffs requested a jury trial. On June 22, 2011, Defendant actually appeared in the case by filing Defendant's First Request for Production of Documents and Defendant's First Request for Admissions (collectively, the "Defendant's Discovery Requests") with the State Court. Defendant thus waived any need for Plaintiffs to serve Defendant with process.

Defendant filed the Notice of Removal on July 26, 2011, which is 38 days after the blog posting regarding this lawsuit and 34 days after Defendant appeared in this case by filing Defendant's Discovery Requests. Thus, Defendant has filed the Notice of Removal beyond the expiration of the thirty (30) day time period allowed for filing a notice of removal of a civil action in state court to federal court under 42 U.S.C. § 1446.

### III.   MEMORANDUM OF LAW

Defendant's Notice of Removal is untimely as it was filed after the expiration of the time permitted for removal. Moreover, because the Plaintiffs have voluntary dismissed with prejudice the claim for False Advertising, there is no federal question present. Finally, this Court should remand these proceedings to State Court because the principles of judicial economy, convenience, fairness, and comity considered in remanding an action to state court weigh in favor of remanding these proceedings.

#### A.   Standard for Removal

A party may seek removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. 28 U.S.C. § 1446(b) provides, in pertinent part:

> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by Defendant**, **through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon

>Defendant if such initial pleading has then been filed in the court and is not required to be served on Defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). "The removal statutes are 'strictly construed and any doubts or ambiguities are to be resolved in favor of remand.'" *Lennar Homes, LLC v. Mid-Continent Casualty Co.*, No. 11-80282-CIV, 2011 WL 2295276, at *1 (S.D. Fla. June 8, 2011); *Comtrade Ltd. v. USA*, No. 05-80729-CIV, 2005 WL 5643875, at *1 (same). Specifically, the time limitations of 28 U.S.C. § 1446(b) "are mandatory and are to be strictly construed when asserted by a party." *Weinstein v. Paul Revere Ins. Co.,* 15 F. Supp. 2d 552, 560 (D. N.J. 1998); *accord Noble v. Bradford Marine, Inc.,* 789 F. Supp. 395, 397 (S.D. Fla. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941) (requiring strict construction of removal statutes); *Burtoff v. Tauber,* No. 10-62304-CIV, 2011 WL 121784, at *1 (S.D. Fla. 2011) (requiring strict adherence to 28 U.S.C. 1446(b)). The thirty (30) day time period within which to file is therefore "mandatory and may not be extended." *Liebig v. DeJoy,* 814 F. Supp. 1074, 1076 (M.D. Fla. 1993). Because Defendant's Notice of Removal is untimely, this Court must remand the case back to the State Court.

### B.   The Notice of Removal is Untimely.

Defendant seeks removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Defendant had thirty (30) days to remove these proceedings to federal court from the day "after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(c). Based upon Defendant's June 18, 2011 blog entry, Defendant received a copy of the Complaint by no later than June 18, 2011. Thus, to file a timely notice of removal, Defendant had to file the Notice of Removal within thirty (30) days of June 18, 2011, or by July 18, 2011. Certainly, and at the latest, Defendant had a copy of the initial pleading when it appeared in the case on June 22, 2011 and filed Defendant's Discovery Requests. Using this later date,

Defendant had until July 22, 2011 to file the Notice of Removal. Defendant, however, did not file the Notice of Removal until July 26, 2011 -- 38 days after receiving a copy of the Complaint (as noted in the July 18, 2011 blog entry) and 34 days after making an appearance in this action by filing Defendant's Discovery Requests. Therefore, Defendant's Notice of Removal is untimely and this Court should enter an Order remanding these proceedings to the State Court. *Liebig*, 814 F. Supp. at 1076.

### C. This Court Should Remand the State Law Claims to State Court.

Defendant's Notice of Removal is based on Plaintiff's former Count III of their Complaint. Count III for False Advertising was the only claim in Plaintiffs' Complaint that potentially raised a federal question. Concurrent with this Motion for Remand, Plaintiffs filed a Notice to Voluntarily Dismiss with Prejudice Count III for False Advertising. [D.E. 6]. With the dismissal of Count III, there is no federal question in this lawsuit, and only state law claims remain.

Federal district courts may remand actions to state court after dismissal of the claims giving rise to federal question subject matter jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also Lake County v. NRG/Recovery Group, Inc.*, 144 F. Supp. 2d 1316, 1320 (M.D. Fla. 2001). The District Court's decision to remand state law claims is based on considerations of "judicial economy, convenience, fairness, and comity." *Rowe v. Ft. Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

"Judicial economy and convenience weigh in favor of remand because this case is in its very early stages." *Lake County*, 144 F. Supp. 2d at 1320. Like the Supreme Court instructed in *Carnegie-Mellon*, "[w]hen the single federal law claim in the action [is] eliminated at an early state of the litigation, the district court [has] a powerful reason to choose not to continue to

exercise jurisdiction." 484 U.S. at 351. Here, Defendant has not filed an Answer to the Complaint and no discovery has been exchanged between the parties yet. Moreover, this Court "has not yet expended a significant amount of judicial labor and time in this case." *Lake County*, 144 F. Supp. 2d at 1321. Thus, remand at this early stage in the proceedings "would not require a state court to duplicate the efforts of this court." *Id.*

Comity is also served when issues of state law are resolved by state courts. *Rowe*, 279 F.3d at 1288. In this case, the Court will be called upon to interpret issues of Florida's defamation laws, and the State Court is best suited to interpret Florida's statutes and common law.

Finally, the principle of fairness weighs in favor of remand. In the *Carnegie-Mellon* case, the Supreme Court authorized that a "district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand case." 484 U.S. at 622. This concern, however, "involved situations where federal claims had been eliminated late in a case in order to secure another judge (i.e. a state court judge) to try a case after the federal court has expanded significant resources." *Lake County*, 144 F. Supp. 2d at 1322. Here, Plaintiffs filed the Notice for Voluntary Dismissal with Prejudice of Count III for False Advertising concurrent with the Motion for Remand because, since the time of filing the Complaint, subsequent blog entries and representations by Defendant's counsel have indicated that Defendant is most likely not a competitor of the Plaintiffs. Plaintiffs are not trying to manipulate the forum. They are simply trying to pursue redress in the forum of their initial choosing for the damages Defendant is causing Plaintiffs to incur on a daily basis. Thus, the "traditional aversion of federal courts to forum shopping is not substantially implicated." *Id.*

The principles of judicial economy, convenience, comity, and fairness weigh in favor of remand. It is therefore proper that this case be remanded back to State Court for the continued litigation of Plaintiffs' state law claims.

### D. Defendant Cannot Assert 42 U.S.C. § 1983 as its Basis for Federal Subject Matter Jurisdiction.

In the Notice of Removal, Defendant has attempted to assert grounds for federal subject matter jurisdiction on 42 U.S.C. § 1983. This is improper and not permitted by the law.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because the "well-pleaded complaint rule" requires a federal question be presented on the face of the plaintiff's complaint, "a defense presenting a federal question -- even a valid one -- cannot create removal jurisdiction." *Whitt v. Sherman Intern Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

Here, the Complaint states claims for defamation *per se*, libel, and false advertising. The Complaint does not present on its face a violation of 42 U.S.C. § 1983. Therefore, Defendant cannot assert grounds for federal subject matter jurisdiction on the basis of 42 U.S.C. § 1983.

Moreover, even if Defendant wanted to assert a claim under 42 U.S.C. § 1983, Defendant cannot make the necessary allegations, as they factually do not exist here. To maintain a claim under 42 U.S.C. § 1983, a party must show that "the alleged violation was committed by a person acting under color of state law." *Bugoni v. Slosberg*, No. 10-80867-CIV, 2011 WL 579228, at *2 (S.D. Fla. Feb. 9, 2011); *see also Haider v. Jones*, No. 1:10-cv-00176-SPM-GRJ, 2011 WL 2837912, at *3 (N.D. Fla. July 15, 2011). A person is considered to act "under color of state law" where he "acts with authority possessed by virtue of his employment by the state."

*Haider*, 2011 WL 2837912, at *3.  Plaintiffs are private individuals and corporations that do not perform any actions on behalf of or in association with any state or municipality.  Therefore, any reference to 42 U.S.C. § 1983 in the Notice of Removal should be disregarded and can have no influence on this Court's ruling on Plaintiffs' Motion for Remand.

### IV.   CONCLUSION

**WHEREFORE**, Plaintiffs request that this Court grant this Motion for Remand and remand this case back to the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida, for further proceedings, and to order such other and further relief as this Court deems just and proper.

**Dated**:  July 27, 2011

Respectfully submitted,

By: s/Alan J. Kluger
Alan J. Kluger
Fla. Bar. No. 200379
akluger@klugerkaplan.com
Todd A. Levine, Esq.
Fla. Bar No. 899119
tlevine@klugerkaplan.com
Lindsay B. Haber, Esq.
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 27, 2011, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF System. **I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 27th day of July, 2011 to: **Robert C. Kain, Jr.**, Kain & Associates, Attorneys at Law, P.A., 900 Southeast Third Avenue, Suite 205, Ft. Lauderdale, Florida 33316.

By: s/Alan J. Kluger
Alan J. Kluger

**SERVICE LIST**

Alan J. Kluger
Fla. Bar No. 200379
akluger@klugerkaplan.com
Todd A. Levine
Fla. Bar No. 599119
tlevine@klugerkaplan.com
Lindsay B. Haber
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
2001 South Biscayne Blvd.
Miami, Florida 33131
Telephone:   (305) 379-9000
Facsimile:   (305) 379-3428
*Attorneys for Plaintiffs*

Robert C. Kain, Jr.
Fla. Bar No. 266760
rkain@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone:   (954) 768-9002
Facsimile:   (954) 768-0158
*Attorneys for Defendant*