UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:11-cv-22657-MGC

R.K./Fl MANAGEMENT, INC., a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual,
    Plaintiffs,
vs.
JOHN DOE,
    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS**

Defendant, JOHN DOE, (hereinafter collectively "DOE") hereby files this motion to dismiss Counts I and II of the Complaint (D.E. 1-3), pursuant to Fed.R.Civ.P. 12(b)(6) and 8(a) filed by Plaintiffs, R.K./Fl MANAGEMENT, INC., a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual (collectively "RKA").  Count III of the complaint was voluntarily dismissed by RKA.  D.E. 6.

**I.   Procedural Issues:**

DOE has never been served with the Complaint, even with the appearance of the undersigned of counsel, thus creating a lack of personal jurisdiction over DOE.  RKA has not filed any return of service nor provided any information about how or when they may have served DOE.  This Court

1

should note that DOE's blog has a "comment" section wherein readers can post comments to DOE. After investigation, DOE's counsel confirms that RKA never posted any comments on DOE's blog. No notices nor summons were posted as comments on DOE's blog.

## II.     Background:

Plaintiffs, a series of real estate holding and management companies, and their directors, accuse DOE of publishing defamatory statements concerning their business practices and other dealings through Google's Blogger service. Blogger is a service that allows users to create their own web blogs, or "blogs," on which they can express their opinions on numerous issues. Some blogs are general interest, while others may address specific, local issues, such as problems within a community, political matters, or topics of concern to consumers. Users of Blogger who create content - themselves known as "bloggers" - have the option of publishing their writings anonymously, as DOE has done in this case. Plaintiffs sued DOE for alleged defamatory material in a blog located at www.rkassociatesusa.blogspot.com and for false advertising under the Lanham Act 15 U.S.C. 1125(a).[1] Plaintiffs have subpoenaed Google for its records relating to DOE in an effort to learn his true identity. Plaintiffs' request is improper, and implicates fundamental Constitutional protections.

Free speech is a central Constitutional value, and one of great historical significance. The *Federalist Papers*, for instance, were all written anonymously while being pointedly critical of the policies and leaders many people championed during America's move toward adopting a written constitution. The United States Supreme Court has further sanctified anonymous speech in an honest and open society through decisions including McIntyre v. Ohio Elections Commission, 514 U.S. 334 (1995) and Talley v. California, 362 U.S. 60 (1960). See also City of Ladue v. Gilleo, 512

---

[1] **RKA dismissed the 43(a) action.**

U.S. 43, 56 (1994) (noting that "the identity of the speaker is an important component of many attempts to persuade").

With these principles as a backdrop, courts have grappled with the First Amendment significance of subpoenas used to unmask anonymous speakers who speak via the internet on message boards, review services and other forums. Here, Plaintiffs' Complaint demonstrates no basis upon which a defamation or false advertising action can proceed, and they have not made the required prima facie showings.

### III.  LEGAL ARGUMENT

#### A.  Applicable Legal Standard

Rule 8(a) of the Fed.R.Civ.P. requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007).

> [P]ursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

Fanfan v. Pediatric Servs. of Am., Inc, 2010 U.S. Dist. LEXIS 60304 (S.D. Fla.2010)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[space left blank]

B.  Analysis: Defamation Counts

B.1.   Plaintiffs Failed to Comply With Florida's § 770.01 Notice Requirement

Florida's defamation law requires pre-suit notice before a defamation action is commenced. The statute reads:

> Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory.

§ 770.01, Fla. Stat. (2009).

Chapter 770 applies to all defamation defendants. See Wagner, Nugent, Johnson, Roth, Romano, Erikson &Kupfer, P.A. v. Flanagan, 629 So.2d 113 (Fla.1993).  A failure to comply with this pre-suit notice makes the defamation case void ab initio.  See Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So. 2d 607 (Fla. 4th DCA 1975).  The statute forces the plaintiff to articulate specific statements that it claims are false and defamatory.  Id.  The statute furthers the important purpose of pre-suit resolution of defamation claims.  This "[n]otice affords defendants the opportunity to issue a retraction or even to settle the overall conflict, thereby mitigating damages or eliminating litigation altogether." Laney v. Knight-Ridder Newspapers, Inc., 532 F.Supp. 910, 913 (S.D. Fla. 1982). Compliance with the demand for retraction of § 770.01 is a strict condition precedent to suit. Ross v. Gore, 48 So.2d 412, 415 (Fla.1950). "Failure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action." Mancini v. Personalized Air Conditioning & Heating, 702 So 2d 1376, 1377 (Fla. 4th DCA 1997) (citing Gifford v.Bruckner, 565 So.2d 887 (Fla. 2d DCA 1990); Davies v. Bossert, 449 So.2d 418 (Fla. 3d DCA 1984); Cummings v. Dawson, 444 So.2d 565 (Fla. 1st DCA 1984)).

This statute clearly applies to Internet communications. See Alvi Armani Medical, Inc. v. Hennessey, 629 F.Supp.2d 1302, 1307 (Fla. S.D. 2008) (citing Canonico v. Calloway, 35 Med. L.

4

Rptr. 1549 (Fla. Cir. Ct. Feb. 22, 2007) and Holt v. Tampa Bay Television, Inc., 34 Med. L. Rptr. 1540 (Fla. Cir. Ct. Mar. 17, 2005), affd. by 976 So.2d 1106 (Fla. 2d DCA 2007).  The trial court in Holt specifically held that the phrase "other medium" as used in section 770.01 includes the internet. Id.  Moreover, the trial court could find no legitimate justification for interpreting this phrase to exclude the Internet, which "has become a recognized medium for communication to the masses." Id. at 1542.

In the instant case, Plaintiffs never provided such notice.  Since the subject blog has a commentary section open to the public after each blog entry, Plaintiffs have no excuse for failing to comply with Chapter 770's pre suit notice requirement.  Plaintiffs fail to so much as allege that they complied with the 770.01 notice requirement (and any such allegation would be false). Therefore, Plaintiffs' defamation counts are void on their face.  This deprives the Court of jurisdiction over the claim and thus makes the current subpoena for the identity of JOHN DOE void on itself as well.

A court in Orange County, Florida recently reviewed a virtually identical case, in which a blogger, writing under a pseudonym, was accused of defamation.  Since the plaintiff failed to provide pre-suit notice, the case was terminated in the defendant's favor, with the court holding that analysis of the merits of the claim was unnecessary.  See Comis v. Van Voorhis, 2009 CA 15047-0 (Orange County, Fla. Jun . 28, 2011) (Order attached as Exh. A).  In that case, the Florida court found that 770.01 applies to bloggers, and that there is no support for the proposition that the right to pre-suit notice can be waived.  Id.  Accordingly, the case is void, and this Court must dismiss the defamation counts.

**B.2.   Plaintiffs Fail to Allege Facts in Support of a Defamation Claim.**

Plaintiffs' Complaint against DOE is woefully inadequate in alleging prima facie cases of defamation per se and libel, summarizing an entire blog of comments the Plaintiffs complain of in one sentence:

> "The published blogs include, but are not limited to, articles entitled 'R.K. Associates' Attempt to Rip-Off Florida Doctor Failed' and 'Why Raanan Katz Can Get Away With Breaking The Law.'"

(D.E. 1-3, para. 20).

A copy of DOE's blog entries as of July 23 is attached hereto as Exhibit B. Virtually all of the articles seen in Exhibit B contain links to court documents, news stories, and other factual bases for DOE's commentary. For Plaintiffs to even bring this suit in the first place reeks of strategic litigation against public participation - or a SLAPP suit. The statements actually made by DOE found in Exhibit B (as opposed to his quotations from news articles) are opinions - albeit unflattering ones to the Plaintiffs - and not a proper basis for Plaintiffs' vague defamation claims and subsequent attempt to unmask DOE. The statements attributed to Defendant DOE are statements of opinion, not fact, under Florida law.

To be considered defamation in Florida, a statement must be: 1) published, 2) false, 3) made with reckless disregard for the truth or knowledge of its falsity when concerning a public official, or negligently when concerning a private person, 4) have actual damages, and 5) defamatory (harmful to the target's character) in nature. <u>Internet Solutions Corp. v. Marshall</u>, 39 So. 3d 1201, 1214 n. 8 (Fla. 2010).

Statements of opinion, however offensive, unequivocally are not defamatory. <u>Gertz</u>, 418 U.S. at 339-40 ("Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas").Constitutionally protected statements of opinion are made based

on information known or available to the speaker as a member of the public. Town of Sewall's Point v. Rhodes, 852 So. 2d 949, 951 (Fla. DCA 4th 2003); Morse v. Ripken, 707 So. 2d 921, 922 (Fla. 4th DCA 1998). The determination of whether a statement is one of opinion or fact is left to the courts. Morse, 707 So. 2d at 922; Zambrano v. Devanesan, 484 So. 2d 603, 606 (Fla. 4th DCA 1986). Plaintiffs fails to allege with any detail or specificity what statements were defamatory, how it affected each of the five separate Plaintiffs and how each of those Plaintiffs were damaged. This failure of pleading is precisely the concerns that were discussed in Twombly. Plaintiffs Complaint is merely a recitation of the elements of defamation and not of facts.

**B.3.    Under Florida Law, Even Allegations of Illegal Acts and Other Misconduct are Matters of Opinion - Not Fact - and are Not Defamatory.**

The vagueness with which Plaintiffs allege defamation against DOE for statements on the blog en toto could burden this Court with pages of analysis. (D.E. 1-3, para. 20.)  It is important to note that Plaintiffs never even attached a copy of the blog to the Complaint. Although the Court is generally  restricted to looking only at the four corners of the Complaint, if the Court chooses, a review of the actual blog still warrants dismissal.  "[D]ocuments incorporated into the complaint by reference, and matters of which a court may take judicial notice" are properly considered by a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993); Seoul Broad. Sys. Int'l, Inc. v. LPGA & IMG Worldwide, Inc., 2010 U.S. Dist. LEXIS 50521 (M.D. Fla. May 21, 2010)

Because Plaintiffs have focused on the entries titled "R.K. Associates' Attempt to Rip-Off Florida Doctor Failed" ("Rip-Off") and "Why Raanan Katz Can Get Away With Breaking The Law," ("Breaking the Law") (D.E. 1-3, para. 20), DOE will focus his analysis on those entries.  In

"Rip-Off," DOE quoted a court order in which the court nullified a contract provision in Plaintiffs' lease with a doctor, saying it was "repugnant to the Court and against public policy." (Exh. C at 7-8.) DOE's "Breaking the Law" entry quotes heavily from a local CBS affiliate's news story about an improper financial relationship between Plaintiffs and a Miami law enforcement officer who allegedly fast-tracked Plaintiffs' permit requests, and provided other favors, in return for "hundreds of thousands of dollars." (Id. at 6-7.)

Florida's courts previously have found these types of statements to constitute opinions, such as claims that a prominent businessman owed more than $500,000 in taxes - when it was later determined he did not - and was under investigation by the federal government. Dockery v. Fla. Democratic Party, 799 So.2d 291, 296-97 (Fla. 2d DCA 2001). Similarly, a newspaper's allegations of a country club tennis pro's poor skills and inability to assist members were not defamatory as they constituted the author's opinions regarding the tennis pro's abilities and performance. From v. Tallahassee Democrat, 400 So. 2d 52, 58 (Fla. 1st DCA 1981). In both cases, the courts determined that no reasonable person would interpret the speakers' statements as factual.

Similarly, DOE's anonymous allegations on a blog, when buttressed by heavily cited primary reports and court records, fall within the purview of Dockery and From. While based on factual events, they have been interpreted as opinions by the Florida courts. Contextually, there is no other, better way for DOE's statements to be treated: They are not made by an entity with the power to make factual proclamations, such as a court, or by a source that has conducted a primary investigation. DOE's blog, like many others, consists of commentary - even if that commentary is based on factual events. While it may offend Plaintiffs, DOE's statements on his blog do not constitute anything that would be interpreted as defamatory statements of fact under Florida law.

Plaintiffs are therefore precluded from showing a prima facie case of either of their defamation claims.

**B.4.   DOE's Description of Plaintiffs' Conduct Constituted Rhetorical Hyperbole, Which Would Not be Interpreted As Fact.**

DOE's use of terse and extreme language does not affect his statements' status as matters of opinion.  Even if a speaker's words are incendiary and inflammatory, they still are protected as rhetorical hyperbole, as no objective recipient would interpret the statements as factual. Greenbelt Coop. Pub.Ass'n v. Bresler, 893 U.S. 6, 14 (1970).  In short, DOE's commentary and contextualization of the Plaintiffs throughout his blog is so over-the-top that, taken in context, no reasonable person would believe DOE was making statements of unequivocal fact concerning Plaintiffs.

Florida's courts have considered this issue as well.  In Seropian v. Forman, a letter sent to 400 people accusing the plaintiff in that case of being an "influence peddler" and receiving unlawful compensation was held to be rhetorical hyperbole, as none who read the letter would believe it to be a representation of fact. 652 So. 2d 490, 492-93, 496, 498 (Fla. 4th DCA 1995).While Plaintiffs may not appreciate the words DOE used to describe their conduct, it is unlikely that those who read DOE's blog would interpret its assertions to be factual representations.  Indeed, to establish their claims for defamation, Plaintiffs must meet the burden of proving that DOE's statements of fact (if any) were false. Zorc v. Jordan, 765 So. 2d 768, 772 (Fla. 4th DCA 2000).  Here, Plaintiffs stumble at the gate, as they cannot show that DOE's statements were factual at all.  As DOE's statements are of opinion, rather than fact, Plaintiffs cannot show a prima facie case of defamation per se or libel.

**B.5.   DOE's Statements Concern Public Figures and Entities, and the Pleadings do not Meet the Heightened Threshold for Showing Doe's Statements Were Defamatory.**

Plaintiffs' Complaint concedes the high repute and visibility of the companies and their directors bringing claims against DOE. Plaintiff Ranaan Katz is the stuff of local legend, with a street and a building named after him, and on May 18, 2006, the Miami area celebrated "Ranaan Katz Day," due to his contributions to the community. (Exh. C at 2, 6-7.). Raanan Katz is also a well publicized minority owner in the Miami Heat basketball team.  Given the Plaintiffs' prominence within the Miami metropolitan area, largely a function of their success in business, it strains the imagination to believe they are not public figures, whether in general or for a narrowly circumscribed purpose.  The Plaintiffs' activities within the greater Miami community are well known, and reported on by the traditional media with considerable regularity. True and correct copies of the Miami Free Times articles "Go Heat," "Name Game" and "A Strip Club and a Mayor Rumble in Sunny Isles," which report on the Plaintiffs' business and personal dealings, are attached hereto as Exhibit C.  In light of such prominence, and especially within the Miami commercial real estate community, Plaintiffs are almost certainly public figures, and at least limited-purpose public figures.  As such, they are held to a higher standard in bringing claims based on defamation.

To prove defamation, a **public figure** must show that the false information was published with **actual malice** - knowledge that the statement was false - or a reckless disregard for the truth. N.Y. Times Co. v. Sullivan, 376 U.S. 254 (1964).  In Florida, a two-step approach is used to determine whether an individual is a public figure: First, the court must determine whether the person is involved in a "public controversy," or a matter that reasonable people would expect to affect people beyond its immediate participants, Gertz, 418 U.S. at 323; Mile Marker Incorporated v. Peterson Publishing, LLC, 881 So. 2d 841, 845-46 (Fla. 4th DCA 2002); Second, after defining

a public controversy, the court must further determine whether the Plaintiff played a sufficiently central role in the controversy to be considered a public figure. Gertz, 418 U.S. at 323; Mile Marker, 881 So. 2d at 846; Della-Donna v. Gore Newspapers Co., 480 So. 2d 72, 75 (Fla. 4th DCA 1986).

As large companies and prominent individuals, it is easy for Plaintiffs to become involved in public controversies. In the two blog entries Plaintiffs complain of (Complaint para. 20), Doe based his comments on a story by a Miami CBS affiliate for the "Breaking the Law" post, and wrote his "Rip-Off" blog entry based on a court order criticizing a contractual clause used by Plaintiffs in their business dealings. (D.E. 1-3, complaint at 6-8.) The established, traditional media's reporting on a story involving Plaintiffs reveals a public interest in the story. (Id.) Moreover, court proceedings are fundamentally public events, with court rulings being public documents, widely available to those who desire them.

Enhancing the argument that these two instances are public controversies, there is no indication that Plaintiffs manufactured these events to enhance its public stature. Where an event affects more than those immediately involved within it, and where a party has not pursued publicity on its own, the occurrence is more likely to be considered a public controversy. Mile Marker. 881 So. 2d at 845-46. One of the blog posts cited by Plaintiffs (Complaint para. 20) concerns a court case in which Plaintiffs were defendants litigating over a clause that appears to have been in many of its contracts with tenants, which the court found to be "repugnant to the Court and against public policy." (Complaint at 8.) The other entry identified by Plaintiffs, "Breaking the Law," provides commentary on a news story investigating an improper, and possibly unlawful, connection between Plaintiffs and a Miami law enforcement officer. (Id. at 6-7.) It defies reason that Plaintiffs would work to publicize themselves in connection with such an investigation, and the implications of

unethical law enforcement officers touch on members of the public, who rely on them to enforce the laws consistently and fairly.  Both of these matters are issues of public concern.

Given the role Plaintiffs played in the stories underlying DOE's blog entries specified in the Complaint (D.E. 1-3, para. 20), and many more on the site (see Exh. B), Plaintiffs are central to the controversies they address.  Plaintiffs were parties to the court case discussed in the "Rip-Off" blog post, and Plaintiffs were also implicated in the CBS news story at issue in the "Breaking the Law" post.  DOE was not seeking to harm the Plaintiffs through some attenuated connection they had to news events - the Plaintiffs were central to those controversies, and hardly could be discussed in any depth without identifying them.  Even independent of these conflicts, the coverage of Plaintiffs found in the blog Exhibit B represents a pervasive interest in the Plaintiffs' business and personal dealings even when free of legal conflict.

As such, Plaintiffs are public figures embroiled in public controversies with respect to the material appearing on DOE's blog (Exh. B).  By dint of that status, Plaintiffs must allege that DOE acted with actual malice - knowing falsity of his statements - or a reckless disregard for the truth.  Plaintiffs have done no such thing, as the Complaint never mentions or alleges malice.  Consequently, as public figures, they have failed to show a prima facie case of defamation per se or libel.

**B.6.   DOE's Statements Cannot be Defamatory Because, Above All Else, They are True.**

Even if this Court interprets DOE's statements as being factual in nature, rather than pure opinion, they still would not constitute defamation.  Minor factual inconsistencies and embellishments, even if construed as fact rather than opinion, do not convert a statement that's substance conveys essentially the same meaning into defamation.  Cuban American Nat 'l

Foundation, 731 So.2d 702, 706 (Fla. 3d DCA 1999) (isolated and cherry-picked errors or falsehoods will not sustain a cause of action for defamation).  In short, even if DOE got minor details wrong, his statements - if viewed as facts - are not defamatory so long as the general sentiment they convey is factually correct.

Thus, even if DOE botched or muddled the factual details of Plaintiffs' conduct, the gist of his blog - namely, that Plaintiffs have demonstrably been engaged in or linked to repeated instances of underhanded behavior - remains true to the numerous reports available on the internet, in the media, and even in public records.  The law of defamation is not strict liability, and an inaccuracy that does not alter the main purpose of DOE's statements is not sufficient to create prima facie cases of defamation per se and libel.  Though DOE's statements consisted solely of his opinions, even if they were factual in nature, Plaintiffs would not be able to establish prima facie cases of their defamation-based torts.  Plaintiffs' counts fro defamation should therefore be quashed.

**III. Failure to Satisfy Preliminary Injunction Standard:**

The pleadings completely fail to meet the standard set forth in requesting a preliminary injunction. (See DE 1-3, p.8 ¶ 46, and the Wherefore clause).

> "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." The movant must carry his burden as to each of the four prerequisites. Even if the movant establishes a substantial likelihood of success on the merits, his failure to establish irreparable injury "would, standing alone, make preliminary injunctive relief improper....[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent."

C. B. v. Bd. of Sch. Comm'rs, 261 Fed. Appx. 192, 193-194 (11th Cir. 2008)(quoting Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000))(citations omitted).

As a result, DOE requests that these demands for preliminary injunctive relief be denied and dismissed.

**IV. Conclusion**

Plaintiffs have failed to plead adequately to establish prima facie cases of defamation per se, libel and false advertising as required by law. Plaintiffs failed to comply with the 770.01 notice provision, prior to filing their defamation lawsuit. As public figures, Plaintiffs' allegations are subject to higher standards than normal defamation actions, and a prima facie case has not been pled and cannot be found within their Complaint. More broadly, all of the content on DOE's blog is a matter of opinion, and cannot contain the factual representations necessary to sustain a defamation action. However, even to the extent that any of the statements attributed to DOE can properly be deemed statements of fact, Plaintiff cannot establish the truth or falsity of those statements, and therefore the statements cannot be defamatory as a matter of law.

For the reasons stated herein, DOE seeks that this Court dismiss Plaintiffs' Complaint.


Dated: July 27, 2011                              Respectfully submitted,

                                                By: /RobertKain/
                                                    Robert C. Kain, Jr.
                                                    Florida Bar No. 266760
                                                    rkain@complexip.com
                                                    Kain & Associates, Attorneys at Law, P.A.
                                                    900 Southeast Third Avenue, Suite 205
                                                    Ft. Lauderdale, Florida 33316-1153
                                                    Telephone:    (954) 768-9002
                                                    Facsimile:    (954) 768-0158
                                                    Attorneys for Defendant, John Doe

**CERTIFICATE OF SERVICE**

      I hereby certify that on ____July 27, 2011_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428

                                                                            /RobertKan/_____
                                                                           Robert C. Kain, Jr.
                                                                           Florida Bar No. 266760

G:\RCK\CLIENTS\RK-v-John-Doe\plead-fed-mot-dismiss-v2.wpd