UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:11-cv-22657-MGC

R.K./Fl MANAGEMENT, INC., a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual,

    Plaintiffs,

vs.

JOHN DOE,

    Defendant.

_____/

## OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND

Defendant, JOHN DOE, (hereinafter "DOE") hereby files this opposition to the motion for remand (DE 10) filed by Plaintiffs, R.K./Fl MANAGEMENT, INC., a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual (collectively "RKA"), and states as follows:

**I.   Summary:**

This case involves DOE's First Amendment rights to anonymous speech, including the reporting and opinion criticism of a wealthy and prominent real estate developer. DOE removed this case to this Court since RKA alleged federal causes of action in the state court complaint. This removal was proper and timely under 28.U.S.C. §1446 since DOE was never served with

1

the Complaint. In a transparent attempt at jurisdictional gamesmanship, RKA then dismissed its Lanham Act Count and sought a remand back to the state court. For the reasons stated below, RKA's motion is wrong and unsupportable.

## II.     Procedural Background:

This case originated at the state court level, wherein RKA filed a three count complaint alleging defamation and false advertising under the Lanham Act, 15 U.S.C. §1125, on June 9, 2011. On July 22, 2011, DOE's counsel sent RKA's counsel a letter explaining that, among other pleading failures, the claims for false advertising were without merit. (Exh. A). Despite being presented with the clarity of this position, RKA's counsel stubbornly refused to withdraw the Lanham Act claim. During a meet and confer telephone conference on July 25, 2011, counsel for RKA refused to withdraw the complaint, refused to cancel the then pending state court hearing on a motion for default, and refused to set aside the subpoena directed at Google seeking identifying information about DOE. On July 26, DOE filed a Notice of Removal to this Court. (DE 1). The next day, RKA voluntarily dismissed its False Advertising count with prejudice and without explanation. (DE 6). Then three hours later, RKA filed the instant motion to Remand (DE 10). Also of significance, on July 26, DOE filed a related federal count complaint (now transferred to this Court subject to DOE's motion to consolidate DE 12) wherein DOE seeks a declaratory judgment ruling that DOE did not engage in false advertising or trademark infringement. (See 1:11-cv-22672-MGC, DE 1).

Despite the dismissal of Count III by RKA, the remainder of the Complaint remains. All of the facts stated in the Complaint are deemed to be true, much like the standard applied in a motion to dismiss. See Lewis v. AT & T Corp., 898 F. Supp. 907, 909 (S.D. Fla. 1995)(Remand

denied applying same standard as motion to dismiss, wherein all facts are deemed true). Therefore, the Complaint continues to maintain facts (1) alleging RKA's rights to its trademark, trade symbol, and service mark; (2) that DOE is a competitor of RKA and (3) that DOE used RKA's trade symbol without consent. (See detailed facts below).

### III. Factual Background:

This case is a classic example of forum shopping and abusive litigation tactics by wealthy and powerful business Plaintiffs. RKA sued DOE, a citizen journalist, for allegedly defamatory material in DOE's blog and for false advertising under the Lanham Act 15 U.S.C. 1125(a). RKA has **never** served DOE with the Complaint, has never provided proof of service to the state court or to this Court, nor has RKA pursued other service of process methods (waiver or publication). During the pendency of the state court proceedings, RKA subpoenaed Google for records relating to DOE in an effort to learn his true identity. RKA's request was improper, and implicates fundamental Constitutional protections. Despite being fully briefed about the weakness in its Lanham Act false advertising claims, RKA's counsel refused to withdraw the claims. Then, only upon the Defendant properly exercising his right of removal to this Court, did RKA suddenly and immediately dismiss its federal count in order to seek remand. This type of forum shopping demonstrates the Plaintiffs' bad faith, should not be tolerated, and has been squarely rejected by courts in this District.

DOE continues to fear RKA's Lanham Act claims since (1) RKA's facts in its Complaint are deemed to be true under the law. (See Id.) and (2) Lanham Act violations are continuing torts. See AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 498 (11th Cir. 1982); Menendez v. Holt, 128 U.S. 514, 32 L. Ed. 526, 9 S. Ct. 143 (1888) (trademark infringement);

3

Gaudreau v. Am. Promotional Events, Inc., 511 F. Supp. 2d 152, 155 (D.D.C. 2007); Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1563 (Fed. Cir. 1994), cert. denied, 512 U.S. 1273, 115 S. Ct. 18, 129 L. Ed. 2d 917 (1994) (stating that patent infringement is a continuous tort).[1]

DOE remains unclear on his rights relative to the remaining factual allegations in the Complaint, since only Count three was dismissed, and the facts remain as being deemed true. The factual allegations in the Complaint state as follows:

> 7. Defendant, John Doe, the name being fictitious, is an unknown person with an unknown residence who has **published false and damaging statements affecting** R.K. Associates VII, Inc. and 17070 Collins Avenue Shopping Center, Ltd. (collectively, "R.K. Associates") as well as Raanan Katz, Daniel Katz and R.K./FL Management, Inc.'s **trademark and/or service mark** (collective, "trade symbol") in Miami-Dade County, Florida....
>
> 18. On information and belief, Defendant is a competitor of R.K. Associates, and in order to promote its own business and services, Defendant is using the purchased **blog sites to misrepresent the nature, characteristics and quality of R.K. Associates services and commercial activities**....
>
> 22. Moreover, the Defendant's published blogs have **used without consent** from R.K./FL Management, Inc. **its trade symbol: "RK Associates**."

(See DE 1-3, p.2,4)(emphasis added)

These factual allegations create a continuing case or controversy and also maintain one of many reasons why DOE's concurrent Declaratory Judgment claims are still ripe.

---

[1] See also: Brunswick Corp. v. Spinit Reel Co., 832 F.2d 513, 526 (10th Cir. 1987); James Burrough Ltd. v. Sign of Beefeater, Inc., 572 F.2d 574, 578 (7th Cir. 1978); Flowers v. Carville, 310 F.3d 1118, 1126 (9th Cir. 2002); Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir. 2001); Reid, Murdoch & Co. v. H. P. Coffee Co., 48 F.2d 817, 817 (8th Cir. 1931); Valmor Products Co. v. Standard Products Corp., 464 F.2d 200, 204 (1st Cir. Mass. 1972); MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 31:33 ("Usually, [trademark] infringement is a continuing wrong . . . ."); and 4 CALLMANN ON UNFAIR COMPETITION, TRADEMARKS, & MONOPOLIES § 22:31 (same). Accordingly, plaintiffs have a "fresh cause of action so long as the wrong persists."

### III.     LEGAL ARGUMENT

#### A.     Applicable Legal Standard

The U.S. Supreme Court recently addressed the issue of what triggers the time window for removal under 28 U.S.C. §1446(b). See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999). The Eleventh Circuit adopted this interpretation of §1446(b). See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 n. 7 (11th Cir. 2008).  Even this District recently adopted and quoted these higher Court statements of the law regarding §1446.

> The parties dispute whether Plaintiff's September 30, 2008 email attaching a nonconformed copy of the complaint triggered the thirty-day period under the statute. **It does not.** The Supreme Court held in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) that the **time window in § 1446(b) "is triggered by simultaneous service of the summons and complaint,. . . but not by mere receipt of the complaint unattended by any formal service**." See also Sims v. Aropi, Inc., 8 F. Supp. 2d 1367, 1369 (S.D. Fla. 1997) (holding defendant's receipt of nonconformed copy of complaint, which contained neither a court file stamp nor a civil action number, did not commence 30-day removal period). "**[T]he Supreme Court has rejected using simple notice or constructive service to start the clock on [the] § 1446(b) time window.**" Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 n. 7 (11th Cir. 2008).

Romero v. Randle Eastern Ambulance Serv., 2009 U.S. Dist. LEXIS 129542, 5-6 (S.D. Fla.2009)(emphasis added).

The Eleventh Circuit has also made a clear statement about a district court's discretion in retaining jurisdiction even after a federal cause of action is no longer present in a case. This case presents that exact situation, wherein RKA immediately dismissed its false advertising claim, and quickly moved to remand back to state court.

> Where a defendant properly removes an action to federal court on the basis of federal question and supplemental jurisdiction, the district court 'ha[s] discretion to retain jurisdiction over the state law claims **even after [the plaintiff] amend[s] the complaint to remove any federal cause of action**.'

Johnson v. Elizabeth Wellborn, P.A., 2011 U.S. App. LEXIS 5875 (11th Cir. 2011) (quoting Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002))(emphasis added).

The other major legal concept in play in the motion is RKA's blatant attempt at forum shopping, and this District's distaste for Plaintiffs who engage in these tactics. RKA is trying to deny DOE his opportunity at defending and pursuing claims, which are rightfully brought in this District.

> When Plaintiff initiated this suit, she apparently believed the Red Cross's joinder was necessary. Now that the Red Cross's joinder has resulted in this case proceeding in a federal rather than a state forum, Plaintiff has decided the Red Cross's joinder is no longer required. The Red Cross has a significant interest in litigating the question of whether its driver was negligent and caused Plaintiff's injuries. Having initially joined the Red Cross in this action, Plaintiff should not be permitted to deny the Red Cross its **opportunity to litigate the issues in which it has a significant interest** for the **sole purpose of accommodating Plaintiff's forum shopping**.

Lietaert v. Am. Red Cross, 2011 U.S. Dist. LEXIS 2336, 4-5 (S.D. Fla. 2011)(emphasis added).

**B.    Analysis:**

As stated above, the United States Supreme Court, in Murphy made it clear that only **formal service** of the Complaint can trigger the Removal Statute's §1446(b) thirty day time frame. No proof of service exists, since no service has ever been made on DOE. In fact, no efforts have been made to serve the summons and Complaint (no waiver request, no publication). For this reason alone, the removal was both timely and proper, and for this reason alone, RKA's motion should be denied. RKA fails to cite any case or statute for the proposition that DOE waived service of process. RKA's only citations are to the general concept of adherence to the thirty-day time frame. RKA fails to identify how those cases addresses the triggering of such time frame. In the instant case, a blog posting about the filing of the case and limited discovery measures about the nature and identity of the Plaintiffs do not suffice as waiver. If RKA's reply

6

brief suddenly comes up with such support, DOE requests an opportunity to file a sur-reply. Since the Murphy court was clear that simple notice or constructive service do not start the clock, RKA's argument fails before they even begin.

If the Court does not believe the Murphy Supreme Court decision and the Romero decision from this District apply, and instead seeks to analyze the alleged actions of DOE as they occurred at the state court level, RKA's arguments for remand still fail. RKA's arguments that the removal was beyond thirty days are simply wrong and without merit. RKA's belief that the posting of information on the blog that (a) the case existed and (b) the issuance of discovery by DOE, somehow starts the clock running, is also wrong.

In Murphy, the Supreme Court noted that §1446 is triggered by simultaneous service of the summons and complaint,. . . but not by mere receipt of the complaint unattended by any formal service. The present case is no different than Murphy. More importantly, RKA provides **no legal support** for its proposition. Courts have made it clear that **discovery actions** by a party do not trigger the thirty-day clock. See Bechtelheimer v. Cont'l Airlines, Inc., 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010)(rejecting the concept that conducting discovery waived the right to remove and noting "a party cannot waive removal by defending in state court before the basis for removal existed"); see also Cruz v. Lowe's Home Ctrs., Inc., 2009 U.S. Dist. LEXIS 66146, 8-9 (M.D. Fla. July 21, 2009)("Defendant did not waive its right to remove the State Court Action when it participated in discovery and the case management conference, because the right to remove was not yet available to Defendant."). DOE could not have known of the basis for removal since the Complaint has never been served. In fact, the original Complaint cites to an amount of damages to exceed $15,000.00 and not the required $75,000.00 for federal court. Thus

another reason, that DOE would not have previously been able to determine whether or not removal was warranted. (See Bechtelheimer at 1214).

RKA's arguments about "judicial economy, convenience, fairness, and comity" also are unsupported. RKA's citation to Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) for the proposition that remand is reasonable when the single federal count is eliminated also fails, since there remain outstanding declaratory judgment claims and apprehensions of exposure to the continuing federal torts. RKA attempts to have its cake and eat it to, by noting that discovery hasn't "been exchanged" in the case. However, in the same brief, RKA seeks to nullify the removal based on the discovery efforts by DOE. RKA fails to enlighten the Court about its own aggressive discovery subpoena tactics to Google to ascertain the identity of DOE.

DOE must address RKA's lackluster attempt at escaping the clear liability associated with its forum-shopping actions. The Leitaert case quoted above, established that this exact type of behavior, of immediately dismissing the federal count and moving for remand, should not be tolerated. RKA should not benefit from its forum selection by simply dropping counts to avoid jurisdiction. Another recent case provides more insight into this concept and how forum manipulation is viewed in the courts.

> Although the court is not required to remand the case, it does have the discretion to decline to continue exercising supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004). "[W]hen deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (internal quotation marks omitted) (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). The court may also consider "**whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case**." Supplemental jurisdiction "thus is a

8

doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Cohill, 484 U.S. at 350. In determining whether to retain jurisdiction over state claims when all federal claims have been dropped, federal courts "**enjoy wide latitude**." Although district courts are encouraged to remand remaining state claims when all of the federal claims in a case have been eliminated prior to trial (see Raney, 370 F.3d at 1089 (citing Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)), **district courts have also been instructed to guard against a plaintiff's decision to delete a federal claim solely for the purpose of defeating an otherwise proper removal by the defendant**. **This type of forum manipulation tactic is frowned upon and should not be condoned**. Id.

Lieu v. Sandy Sansing Cars, Inc., 2007 U.S. Dist. LEXIS 89421, 3-5 (N.D. Fla. 2007)(some citations omitted)(emphasis added).

Lastly, remand remains improper in light of (1) the continuing tort implications under the Lanham Act; (2) all facts in the Complaint are deemed to be true and thus still contain numerous allegations about RKA's trademarks and tradename; and (3) the concurrent declaratory judgment action pending before this Court. RKA's motion fails to address any of these concepts and seeks to exert its power and wealth in the state court.

If the Court grants RKA's motion to remand based on a theory of no longer having jurisdiction, DOE will seek its attorneys fees and costs for removal since the removal was proper at the time the notice was filed and RKA engaged in clear forum shopping.

**V. Conclusion**

Wherefore, DOE requests that this Court DENY Plaintiffs' request for remand.


Dated: <u>August 15, 2011</u>                                        Respectfully submitted,


                                          By: /RobertKain/_____
                                             Robert C. Kain, Jr. (266760)
                                             rkain@complexip.com
                                             Darren Spielman (010868)
                                             dspielman@complexip.com

Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone:     (954) 768-9002
Facsimile:      (954) 768-0158
Attorneys for Defendant, John Doe

Marc J. Randazza (625566)
Randazza Legal Group
187 Calle Magdalena
Suite Number 114
Encinitas, California 92024
Phone: (888) 667-1113
Fax:     (305) 437-7662
mjr@randazza.com
Attorneys for Defendant Doe

## **CERTIFICATE OF SERVICE**

I hereby certify that on ___August 15_, 2011_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428

    /RobertKain/
    Robert C. Kain, Jr.
    Florida Bar No. 266760

G:\RCK\CLIENTS\RK-v-John-Doe\plead-fed-mot-remand-opp-v5.wpd