UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:11-cv-22657-MGC

R.K./Fl MANAGEMENT, INC., a Florida
corporation, R.K. ASSOCIATES VII, INC., a
Florida      corporation, 17070 COLLINS
AVENUE SHOPPING CENTER, LTD., a
Florida    corporation, RAANAN KATZ, an
individual,   and  DANIEL  KATZ,   an
individual,
        Plaintiffs,
vs.
JOHN DOE,
        Defendant.

_____/

## MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO QUASH AND FOR PROTECTIVE ORDER

Defendant, JOHN DOE, (hereinafter "DOE") hereby files this motion reconsideration of the Florida State Court  order denying his motion to quash and for a protective order, pursuant to Fed. R.Civ.P. 60(b) and Local Rule 7.1(f). The motion to quash is related to a subpoena issued by Plaintiffs, directed at Google, Inc., to ascertain DOE's identity. This Court recently entered an order staying all discovery (DE 8), however, reconsideration of the State Court order is necessary due to mistake, facts not presented to the Court and clear legal error involving DOE's constitutional rights.

This case involves DOE, a citizen journalist, who publishes a blog which criticizes a well-known and wealthy business man and his companies for their aggressive business tactics and extensive use of the court systems. At the heart of this dispute is DOE's constitutional right to anonymous free speech about a public figure.

1

## I.   Procedural Background:

This case originated at the state court level, wherein Plaintiffs, R.K./Fl MANAGEMENT, INC., a Florida corporation, R.K. ASSOCIATES VII, INC., a Florida    corporation, 17070 COLLINS AVENUE SHOPPING CENTER, LTD., a Florida corporation, RAANAN KATZ, an individual, and DANIEL KATZ, an individual (collectively "RKA") filed a three count complaint alleging defamation and false advertising on June 9, 2011. On June 20, RKA issued subpoenas to Google, to ascertain the identity of DOE. (See DE- 7-1). On June 22, 2011, after receiving an email from Google regarding the subpoena, DOE, acting as a pro se Defendant, filed a motion to quash the subpoena and motion for protective order. (Exh. A). Also on June 22, 2011, DOE filed a notice of unavailability from July 1 through September 2, regarding hearings and pleadings, among other things. (See Exh. B).  On June 23, 2011, RKA moved the state court to appoint commissioners in California to issue a second round of subpoenas to Google to ascertain DOE's identity. (See Exh. C).  On July 1, 2011, RKA filed a notice of hearing on DOE's motion to quash and protective order (Exh. D). On July 12, the State Court issued an Order denying the motion to quash and motion for protective order, citing failure to comply with Florida's Judicial Administrative Rule 2.515, because DOE did not list his name, address and telephone number on the motion. (See Exh. E). On July 26, DOE filed a notice of removal of the case to this Court. (DE 1). DOE also then requested, and the Court granted, a STAY of all discovery until this Court ruled upon DOE's motion to dismiss. (DE 8).

Despite the STAY entered by this Court, there remains an outstanding Order by the state court denying DOE's motion to quash  the subpoena.  As a result, DOE is compelled to file this

timely request for reconsideration in accordance with Local Rule 7.1(f)[1] and Fed.R.Civ.P. 60(b). Although the briefing cycle for DOE's motion to dismiss remains open, DOE seeks a ruling on his First Amendment rights to anonymous speech and his due process rights in State Court. If DOE's identifying data is disclosed to Plaintiffs RKA, his identity can <u>never</u> be hidden again. Effectively, the bell cannot be un-rung. The importance of this First Amendment right cannot be overstated. Therefore, reconsideration of the improper state court ruling is necessary.

## II.    Factual Background:

Plaintiffs RKA, a series of real estate holding and management companies, and their directors (namely, RAANAN KATZ), accuse DOE of publishing defamatory statements concerning their business practices and other dealings through Google's Blogger service. Blogger is a service that allows users to create their own web blogs, or "blogs," on which they can express their opinions on numerous issues. Some blogs are general interest, while others may address specific, local issues, such as problems within a community, political matters, or topics of concern to consumers. Users of Blogger who create content - themselves known as "bloggers" - have the option of publishing their writings anonymously, as John Doe has done in this case. Plaintiffs RKA sued DOE for alleged defamatory material in a blog located at www.rkassociatesusa.blogspot.com and for false advertising under the Lanham Act 15 U.S.C. 1125(a). Plaintiffs have subpoenaed Google, Inc. for its records relating to DOE in an effort to learn his true identity. Plaintiffs' request is improper and implicates fundamental Constitutional protections.

---

[1] Doe recognizes that 7.1(f) relates to prior rulings from magistrates and district court judges other than the presiding judge. Since this case was removed from Florida State Court, Local Rule 7.1(f) seems to apply herein.

The United States Supreme Court has sanctified anonymous speech in an honest and open society through decisions including McIntyre v. Ohio Elections Commission, 514 U.S. 334 (1995) and Talley v. California, 362 U.S. 60 (1960).  See also City of Ladue v. Gilleo, 512 U.S. 43, 56 (1994) (noting that "the identity of the speaker is an important component of many attempts to persuade").

Here, RKA's Complaint demonstrates no basis upon which a defamation or false advertising action can proceed, and they have not made the required prima facie showings. As a result, the issuance of a subpoena should not have been granted. Despite the improper issuance of the subpoena, the motion to quash raised relevant concerns about the subpoena. DOE properly filed the motion to quash, but, the state court denied the motion due to a procedural failure pursuant to Florida Rules of Judicial Administration 2.515 (herein "Fl.R.Jud.Admin. 2.515"). That procedural failure should not strip DOE of his constitutional rights. In other words, the failure to comply with a procedural rule should not prejudice DOE's rights in the entire case.  Any other justification for the denial of the motion to quash is improper and unsupportable.

## III.   LEGAL ARGUMENT

### A.   Applicable Legal Standard

Federal Rule of Civil Procedure 60(b) states in pertinent part as follows:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); … (6) any other reason that justifies relief.
(c) Timing and Effect of the Motion.
(1) Timing. A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
Fed.R.Civ.P.60(b) and (c).

4

The standard of review for a motion for reconsideration has been clearly spelled out in recent cases in the Southern District.

> To prevail on a motion for reconsideration, a party generally must present **at least one** of "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." <u>Burger King Corp. v. Ashland Equities, Inc.</u>, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Id</u>.

<u>Seung v. Regent Seven Seas Cruises, Inc.</u>, 2010 U.S. Dist. LEXIS 5946 (S.D. Fla. 2010)(Hon. Cooke) (emphasis added).

Another recent case in this District further explains the balance to be struck when reconsidering an order.

> Federal Rule of Civil Procedure 60(b) outlines the "circumstances under which relief may be obtained from the operation of final judgments.""On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [based upon]. . .mistake [or] inadvertence . . . ." Fed. R. Civ. P. 60(b)(1). Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the '**incessant command of the court's conscience that justice be done in light of all the facts**.'" Where it is the court's misunderstanding or misapplication of the law that is asserted in a Rule 60(b)(1) motion, the movant must demonstrate that the court's mistake involved "**a 'plain misconstruction' of the law and the erroneous application of that law to the facts**." See <u>Nisson v. Lundy</u>, 975 F.2d 802, 806 (11th Cir. 1992); see also <u>In re Grimland, Inc.</u>, 243 F.3d 228, 233 (5th Cir. 2001) (reasoning that a "judicial error" may be "corrected as a mistake pursuant to Rule 60(b)" where the error involves "**a fundamental misconception of the law or conflict with a clear statutory mandate**").

<u>Muldrow v. Credit Bureau Collection Servs.</u>, 2010 U.S. Dist. LEXIS 135245, 2-3 (S.D. Fla. Dec. 22, 2010)(Hon. Cooke)(citations omitted)(emphasis added).


**B.     Analysis:**

**B.1.     Plaintiffs Failure to Comply With Florida's § 770.01 Statutory Notice.**

The Florida State Court Order provides no case law or statutory authority to support the denial of DOE's motion to quash.  The Order cites a procedural failure, Fl.R.Jud.Admin. 2.515 (requiring identifying information) as a basis.  This procedural failure should not have resulted in

an unmasking of DOE's identity. There is no transcript from the five minute State Court motion hearing. See Robert Kain's Declaration ¶14, filed herewith (hereinafter "KAIN Decl. ¶xx"). There was no responsive brief from RKA, outlining the grounds for its opposition. See State Court docket, KAIN Decl. ¶2, KAIN Exh. A. There is no record evidence or legal support for the denial, other than the procedural failure of not providing DOE's contact information. As a result, it is reasonable to assume that the law was not properly applied or considered. See KAIN Decl. ¶2-14.

The first glaring problem with the State Court's ruling is that Florida's defamation law **<u>requires</u>** pre-suit notice before a defamation action is commenced. The statute reads:

> Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory.

§ 770.01, Fla. Stat. (2009).

Chapter 770 applies to all defamation defendants. See <u>Wagner, Nugent, Johnson, Roth, Romano, Erikson &Kupfer, P.A. v. Flanagan</u>, 629 So.2d 113 (Fla.1993). A failure to comply with this pre-suit notice makes the defamation case void ab initio. See <u>Orlando Sports Stadium, Inc. v. Sentinel Star Co.</u>, 316 So. 2d 607 (Fla. 4th DCA 1975). The statute forces the plaintiff to articulate specific statements that it claims are false and defamatory. <u>Id</u>. Compliance with the demand for retraction of § 770.01 is a strict condition precedent to suit. <u>Ross v. Gore</u>, 48 So.2d 412, 415 (Fla.1950). "Failure to comply with the notice provision of section 770.01 requires dismissal of the complaint for failure to state a cause of action." <u>Mancini v. Personalized Air Conditioning & Heating</u>, 702 So 2d 1376, 1377 (Fla. 4th DCA 1997) (citing <u>Gifford v.Bruckner</u>, 565 So.2d 887 (Fla. 2d DCA 1990); <u>Davies v. Bossert</u>, 449 So.2d 418 (Fla. 3d DCA 1984); <u>Cummings v. Dawson</u>, 444 So.2d 565 (Fla. 1st DCA 1984)).

This statute clearly applies to Internet communications.  See Alvi Armani Medical, Inc. v. Hennessey, 629 F.Supp.2d 1302, 1307 (Fla. S.D. 2008) (citing Canonico v. Calloway, 35 Med. L. Rptr. 1549 (Fla. Cir. Ct. Feb. 22, 2007) and Holt v. Tampa Bay Television, Inc., 34 Med. L. Rptr. 1540 (Fla. Cir. Ct. Mar. 17, 2005), affd. by 976 So.2d 1106 (Fla. 2d DCA 2007).

In the instant case, Plaintiffs never provided such notice to DOE and never plead in general or specifically that they did comply, or attempted to comply, with the statutory notice provision. Since the subject blog has a "commentary section" open to the public after each blog entry, RKA has no excuse for failing to comply with Chapter 770's pre suit notice requirement. RKA's defamation counts are void on their face, and therefore could not support the issuance of a subpoena to dismantle the First Amendment rights of DOE.   This should have deprived the State Court of jurisdiction over the claim at the moment the case was filed and thus made the subpoena for the identity of DOE void on itself as well.

A court in Orange County, Florida recently reviewed a virtually identical case, in which a blogger, writing under a pseudonym, was accused of defamation.  Since the plaintiff failed to provide pre-suit notice, the case was terminated in the defendant's favor, with the court holding that analysis of the merits of the claim was unnecessary. See Comis v. Van Voorhis, 2009 CA 15047-0 (Orange County, Fla. Jun . 28, 2011) (Order attached as Exh. F).  In that case, the Florida court found that 770.01 applies to bloggers, and that there is no support for the proposition that the right to pre-suit notice can be waived.  Id.  Accordingly, the case is void, and this Court must dismiss the defamation counts.

Therefore, the decision by the State Court to deny the motion to quash was contrary to established  statutory and case law, and is plain error. The 770 notice issue was not shown to the State Court and this justifies reconsideration.  KAIN Decl. § 16.  The State Court should not and

7

could not have permitted the issuance of the subpoena, in light of RKA's clear failure to comply with pre-suit notice procedures. The lack of citation or acknowledgment to such concept in the Order, and the lack of hearing transcript and opposition brief, casts an eclipse-like-shadow on the decision and creates a manifest injustice to DOE in denying the motion to quash.

At the time of the July 12 hearing, DOE was stuck between Scylla and Charybdis, with both choices having equally fatal results. DOE chose to protect his rights by filing a motion to quash and not appearing, but the motion was summarily denied for failure to identify himself in the pleadings. DOE's other choice was to show up at a hearing and waive his constitutional right to anonymous free speech. DOE could not possibly show up to the hearing set by RKA. DOE's live appearance is contrary to the actual point of the motion to quash.  DOE could not identify himself, as it would reveal the exact thing he is trying to protect, which he is constitutionally entitled to protect. This situation is unique in that DOE's choice to file the motion pro se, was used against him for failure to show up at the hearing and to file the motion in the first place. Thus DOE was forced to seek First Amendment counsel. As such, reconsideration of this First Amendment issue is central to the continuation of this case.

### B.2.    Plaintiffs Failure to Allege Sufficient Facts in Support of Defamation Claims.

Aside from the statutory notice failure above, the Plaintiffs' Complaint against DOE is woefully inadequate in alleging a prima facie case of defamation per se or libel.  Summarizing an entire blog of comments, Plaintiffs complain in one sentence:

"The published blogs include, but are not limited to, articles entitled 'R.K. Associates' Attempt to Rip-Off Florida Doctor Failed' and 'Why Raanan Katz Can Get Away With Breaking The Law.'" (DE 1-3, Compl. ¶20.)

A copy of DOE's blog entries as of July 23 2011 is attached hereto as Exhibit G.  The blog was never presented to the State Court.  KAIN Decl. 12-13.  This failure to show DOE's blog to the State Court judge also supports reconsideration.  KAIN Decl. ¶ 16.  Virtually all of the articles in blog Exhibit G contain links to court documents, news stories, and other factual bases for DOE's commentary.  For Plaintiffs to even bring this suit in the first place reeks of strategic litigation against public participation - or a SLAPP suit.  The statements actually made by DOE found in blog Exhibit G (as opposed to his quotations from news articles) are opinions - albeit unflattering ones of the Plaintiffs - and not a proper basis for Plaintiffs' vague defamation claims and subsequent attempt to unmask DOE. The statements attributed to Defendant DOE are statements of opinion, not fact, under Florida law.

To be considered defamation in Florida, a statement must be: 1) published, 2) false, 3) made with reckless disregard for the truth or knowledge of its falsity when concerning a public official, or negligently when concerning a private person, 4) have actual damages, and 5) defamatory (harmful to the target's character) in nature.  Internet Solutions Corp. v. Marshall, 39 So. 3d 1201, 1214 n. 8 (Fla. 2010).

Statements of opinion, however offensive, unequivocally are not defamatory. Gertz, 418 U.S. 323 ,339-40 (1974) ("Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas").Constitutionally protected statements of opinion are made based on information known or available to the speaker as a member of the public. Town of Sewall's Point v. Rhodes, 852 So. 2d 949, 951 (Fla. DCA 4th 2003); Morse v. Ripken, 707 So. 2d 921, 922 (Fla. 4th DCA 1998).  The determination of whether a statement is one of opinion or fact is left to the courts. Morse, 707 So. 2d at 922; Zambrano v.  Devanesan, 484 So. 2d 603, 606 (Fla.

4th DCA 1986). Plaintiffs fails to allege with any detail or specificity what statements were defamatory, how it affected each of the five separate Plaintiffs and how each of those Plaintiffs were damaged. This failure of pleading is precisely the concerns that were discussed in <u>Twombly</u>. See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). Plaintiffs Complaint is merely a recitation of the elements of defamation and not of facts.

RKA's pleadings fail to show any hint or glimmer of adequacy in pleading defamation. As a result, the state court should not have permitted the issuance of a subpoena. A failure of pleadings should not be rewarded with a destruction of DOE's First Amendment rights.

**B.3    Doe's Statements Concern Public Figures and Entities, and the Pleadings do not Meet the Heightened Threshold for Showing Doe's Statements Were Defamatory.**

Plaintiffs' Complaint concedes the high repute and visibility of the companies and their directors bringing claims against DOE. Plaintiff RANAAN KATZ is the stuff of local legend, with a street and a building named after him, and on May 18, 2006, the Miami area celebrated "Ranaan Katz Day," due to his contributions to the community. (Exh. H, at 2, 6-7.). RAANAN KATZ is also a well publicized minority owner in the Miami Heat basketball team.  Given the Plaintiffs' prominence within the Miami metropolitan area, largely a function of their success in business, it strains the imagination to believe they are not public figures, whether in general or for a narrowly circumscribed purpose.  The Plaintiffs' activities within the greater Miami community are well known, and reported on by the traditional media with considerable regularity. True and correct copies of the Miami Free Times articles "Go Heat," "Name Game" and "A Strip Club and a Mayor Rumble in Sunny Isles," which report on the Plaintiffs' business and personal dealings, are attached hereto as Exh. H.  In light of such prominence, and especially within the Miami commercial real

10

estate community, Plaintiffs are almost certainly public figures, and at least limited-purpose public

figures.  As such, they are held to a <u>higher standard</u> in bringing claims based on defamation.

To prove defamation, a **public figure** must show that the false information was published

with **actual malice** - knowledge that the statement was false - or a reckless disregard for the truth.

<u>N.Y. Times Co. v. Sullivan</u>, 376 U.S. 254 (1964).  In Florida, a two-step approach is used to

determine whether an individual is a public figure: First, the court must determine whether the

person is involved in a "public controversy," or a matter that reasonable people would expect to

affect people beyond its immediate participants, <u>Gertz</u>, 418 U.S. at 323; <u>Mile Marker Incorporated</u>

<u>v. Peterson Publishing, LLC</u>, 881 So. 2d 841, 845-46 (Fla. 4th DCA 2002); Second, after defining

a public controversy, the court must further determine whether the Plaintiff played a sufficiently

central role in the controversy to be considered a public figure. <u>Gertz</u>, 418 U.S. at 323; <u>Mile Marker</u>,

881 So. 2d at 846; <u>Della-Donna v. Gore Newspapers Co.</u>, 480 So. 2d 72, 75 (Fla. 4th DCA 1986).

Given the role Plaintiffs played in the stories underlying DOE's blog entries, Plaintiffs are

central to the controversies address in the blog.  Plaintiffs were parties to the court case discussed

in the "Rip-Off" blog post, and Plaintiffs were also implicated in the CBS news story at issue in the

"Breaking the Law" post.  DOE was not seeking to harm the Plaintiffs through some attenuated

connection they had to news events - the Plaintiffs were central to those controversies, and hardly

could be discussed in any depth without identifying them.  Even independent of these conflicts, the

coverage of Plaintiffs found in the blog (Exh. G) represents a pervasive interest in the Plaintiffs'

business and personal dealings even when free of legal conflict.

As such, Plaintiffs are public figures embroiled in public controversies with respect to the

material appearing on DOE's blog (Exh. G).  By dint of that status, Plaintiffs <u>must allege</u> that DOE

acted **with actual malice - knowing falsity of his statements - or a reckless disregard for the**

**truth**.  Plaintiffs have done no such thing, as the Complaint never mentions or alleges malice. Consequently, as public figures, they have failed to show a prima facie case of defamation per se or libel.

RKA's status as a public figure places this higher burden on proving up the elements to be awarded a subpoena to unmask the identity of DOE. This burden was clearly not met, making the state Court's acceptance of the Complaint and ultimate denial of the motion is plain error. RKA fails to ever plead the malice standard required for public figures, and thus any grant of a right to issue the subpoena was improper.

### B.4 Which Constitutional Right Should DOE Have Given Up?

At the quickly set hearing on July 12, prior to DOE's retaining First Amendment Counsel, which constitutional right should DOE have waived: his right to anonymous free speech or right to due process and due consideration of well established pleading standards.  The answer is " NONE of the above."  DOE was faced with either giving up his right to anonymous free speech or his giving up his due process rights to challenge the subpoena. Such a challenge was curtailed by a procedurally impossible hurdle of identifying DOE and ignoring the exact thing that DOE seeks to protect, his identity. Beyond the obvious due process concerns of the actual pleading, DOE has serious due process complaints about the hearing which occurred regarding the motion to quash. A more detailed explanation is provided in the attached declaration by Robert Kain.  See KAIN Decl. ¶2-14.  A five minute motion hearing to decide the scope of DOE's First Amendment Rights versus the adequacy of RKA's pleading is completely insufficient and is a violation of due process under the law.  It is unlikely any law was considered.  KAIN Decl. ¶7-14.  A five-minute motion calendar

hearing generating a bare-bones Order without any clear substantive justification for denial, is plain error and violates DOE's due process rights.

### B.5     Local Rule 7.1(f).

In accordance with the Local Rule 7.1(f) DOE presents this Court with "an affidavit setting forth the material facts and circumstances surrounding each prior application, including: (1) when and to what District Judge or Magistrate Judge the application was made; (2) what ruling was made thereon; and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon the prior application." See KAIN's Decl. ¶16.

### V. Conclusion.

Plaintiffs have failed to plead adequately to establish prima facie cases of defamation per se, libel and false advertising as required by law. Plaintiffs failed to comply with the statutory 770.01 notice provision, prior to filing their defamation lawsuit.  As public figures, Plaintiffs' allegations are subject to higher standards than normal defamation actions, and a prima facie case has not been pled and cannot be found within their Complaint.  Simply put, DOE's blog is not defamatory.  Exh. G.  More broadly, all of the content on DOE's blog is a matter of opinion, and cannot contain the factual representations necessary to sustain a defamation action.  Despite all these failures, Plaintiffs railroaded this case through the State Court and the Order under reconsideration was improperly granted and destroys irrevocably DOE's first amendment right to anonymous speech. Along the way, DOE was improperly denied due process based on procedural technical pleading failures which were impossible to comply with, since DOE's identity was the precise issue in dispute.

For the reasons stated herein, DOE requests that this Court reconsider the State Court order and grant DOE's motion to quash.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and opposing counsel objects to this motion.

__s/RobertKain_____

Dated: Aug. 15, 2011             Respectfully submitted,

By: /RobertKain/_____
        Robert C. Kain, Jr. (266760)
        rkain@complexip.com
        Darren Spielman (010868)
        Dspielman@complexip.com
        Kain & Associates, Attorneys at Law, P.A.
        900 Southeast Third Avenue, Suite 205
        Ft. Lauderdale, Florida 33316-1153
        Telephone:     (954) 768-9002
        Facsimile:     (954) 768-0158
        Attorneys for Defendant, John Doe

        Marc J. Randazza (625566)
        Randazza Legal Group
        187 Calle Magdalena
        Suite Number 114
        Encinitas, California 92024
        Phone: (888) 667-1113
        Fax:     (305) 437-7662
        mjr@randazza.com
        Attorneys for Defendant Doe

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on ____Aug. 15, 2011_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428


     /RobertKain/_____
                Robert C. Kain, Jr.
                Florida Bar No. 266760

G:\RCK\CLIENTS\RK-v-John-Doe\plead-fed-mot-recon-ss.wpd

15