**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  11-CV-22657-MGC**

R.K./FL MANAGEMENT, INC., et al,

      Plaintiffs,

v.

JOHN DOE,

      Defendant.

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO**
**DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, R.K./FL MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070

COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ and DANIEL KATZ

(collectively, the "Plaintiffs"), hereby file this Opposition to the Motion to Dismiss Counts I and

II of Plaintiffs' Complaint and Incorporated Memorandum of Law filed by *anonymous*

Defendant, JOHN DOE ("Defendant"), and state as follows:[1]

## I.      INTRODUCTION

This is a case of a person (or persons) hiding behind the cloak of the internet to

frequently publish vile and defamatory *per se* remarks against ordinary businessmen and their

companies in a clear effort to injure Plaintiffs in their trade or profession.  On May 3, 2011,

Defendant began an anonymous campaign against Plaintiffs by publishing false and defamatory

---

1.     On July 26, 2011, Defendant filed a Notice of Removal in this Court in which he/she/it (hereinafter "he" for purposes of reference) removed this case from the State Court to this court. [D.E. 1].  The Notice of Removal is improper and legally insufficient for a myriad of reasons, and this case must therefore be remanded to state court. Accordingly, on July 27, 2011 Plaintiffs filed a Motion to Remand and Incorporated Memorandum of Law.  [D.E. 10].  Plaintiffs' Motion to Remand is still pending.  Plaintiffs file this Opposition subject to this Court's ruling on the pending Motion to Remand and without waiving their right to have this matter remanded to State Court.

blog entries about them on the internet at **www.rkassociatesusa.blogspot.com** and **www.blog.co.uk/user/alwaystrue** (collectively, the "Blogs").   In an effort to prevent the continued and further injury caused by Defendant's continuous barrage of defamatory statements, on June 9, 2011 Plaintiffs filed a Complaint in state court alleging claims for defamation *per se* (Count I), libel (Count II) and false advertising (Count III).[2]

As set forth below, Defendant's Motion to Dismiss is without any legal or factual merit, and must be denied.  Contrary to Defendant's specious argument, this Court clearly has personal jurisdiction over Defendant, who waived service of process of the Complaint in state court and has actively litigated this matter.  Moreover, the allegations of the Complaint demonstrate that Plaintiffs have complied with the general pleading requirements applicable to their claims for defamation *per se* and libel, and have clearly stated valid causes of action for both claims. Furthermore, there is no dispute that Defendant is not a media-defendant, and it therefore does not have the benefit of the pre-suit notice requirements that are applicable only to media-defendants.  In addition, Defendant improperly argues beyond the four corners of the Complaint by erroneously claiming that Plaintiffs are "public figures," and claiming that Defendant's own statements on the Blogs are not "facts," but rather only "opinions"

In contrast to Defendant's attempt to claim a constitutional right to engage in the misconduct that is the subject of this case, it is black letter law that while a party is entitled to a certain amount of anonymity based on the Constitution's First Amendment right to free speech, defamatory statements (such as the ones at issue here) are <u>not</u> protected by the First Amendment. *See, e.g., Fodor v. Doe*, No. 3:10-CV-0798-RCJ (VPC), 2011 WL 1629572, at *5 (D. Nev. Apr. 27, 2011) ("[t]here is no compelling public interest in protecting anonymous speech of this

---

2.      On July 27, 2011, Plaintiffs voluntarily dismissed Count III of the Complaint.  [D.E. 6]. As a result, only Counts I and II remain.

character.").  According to the court in *Columbia Insurance Company v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999), a case Defendant previously relied upon in these proceedings, "[p]eople are permitted to interact pseudonymously and anonymously with each other ***so long as those acts are not in violation of the law***."  (emphasis added).[3]  Defendant cannot be permitted to hide from Plaintiffs or this Court, and use the right to free speech as both a sword and a shield to stonewall Plaintiffs' efforts to hold Defendant accountable for his improper actions. Defendant's Motion to Dismiss must therefore be denied.

## II.  ARGUMENT

### A.  Standard on a Motion to Dismiss

A motion to dismiss "tests the legal sufficiency of the factual allegations in the complaint" and does not determine any factual issues.  *Bonita Villas Condominium Assoc'n v. Empire Indemnity Ins. Co.*, No. 09-21887-CIV, 2010 WL 2541763, at *2 (S.D. Fla. June 23, 2010).  The court is confined to the well-pled facts alleged in the four corners of the complaint. *Meeks v. Murphy Auto Group, Inc.*, No. 8:09-cv-1050-T-TBM, 2009 WL 3669638, at *2 (M.D. Fla. October 30, 2009).  The court must therefore take every allegation of the complaint as true and all reasonable inferences drawn therefrom must be construed in favor of the plaintiff.  *See Bonita Villas*, 2010 WL 2541763, at *2 ("the court accepts all well-pleaded allegations as true and views the pleadings in the light most favorable to the [non-moving party]").

---

3.      In *Columbia Insurance Company*, the court specifically allowed a Plaintiff to obtain discovery to ascertain the identities of defendants the plaintiffs alleged made defamatory comments about the Plaintiff on the internet.  Moreover, in *Fodor* an anonymous person published blog entries on blogspot.com falsely accusing plaintiff of criminal and dishonest activity, exactly like Defendant has done in this case.  The *Fodor* Court allowed the plaintiff to take third party discovery of Google and its subsidiary blogspot.com for the precise purpose of enabling the plaintiff to determine the identity of the blogger.  2011 WL 1629572 (D. Nev. Apr. 27, 2011).

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., 201 So. Biscayne Blvd., Suite 1700, Miami, FL 33131  305.379.9000

It is clear that Plaintiffs' Complaint meets the pleading requirements of Federal Rules of Civil Procedure and properly alleges causes of action against Defendant for defamation *per se* and libel.  Accordingly, the Motion to Dismiss--which contains patent misstatements of law and fact, and which refuses to recognize the scope of this Court's review at this point in the proceedings--must be denied.

**B.     This Court has Personal Jurisdiction Over Defendant.**

As a clear indication of his many frivolous arguments, Defendant first argues that this Court does not have personal jurisdiction over him.  This argument is absurd and must be rejected.

As a threshold matter, Defendant waived his right to service of process by making on appearance in this matter and taking an active role in the litigation.  "A defendant who fails to contest the sufficiency of service of process at the inception of the case, whether by motion or responsive pleading, has waived this defense once he or she has entered a general appearance." *Lennar Homes, Inc. v. Gabb Construction Serv., Inc.*, 654 So. 2d 649, 651 (Fla. 3d DCA 1995); *see also Caldwell v. Caldwell*, 921 So. 2d 759, 760 (Fla. 1st DCA 2006) ("By entering a general appearance without contesting personal jurisdiction, [defendant] waived this defense.").

On June 9, 2011, Plaintiffs filed their Complaint in the State Court.  On June 18, 2011, Defendant published an entry on the Blogs entitled "Raanan Katz Filled [sic] Another Frivolous Lawsuit in Miami," in which Defendant discusses this matter and the claims which Plaintiffs have asserted against him.  [D.E. 11-2, at p. 2].  On June 22, 2011, Defendant appeared in this case by serving Plaintiffs with a Request for Production of Documents and a Request for Admissions, and by filing a Notice of Unavailability and a Motion to Quash a subpoena that Plaintiffs served on Google, which the State Court later denied.  Defendant never contested

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

service of process or personal jurisdiction before appearing in this case, and therefore waived those arguments as a matter of law. *See id.*

Moreover, on July 25, 2011 just before the hearing on Plaintiffs' Motion for Entry of Default against Defendant, Defendant's counsel filed a Notice of Appearance in the state court. Defendant subsequently removed the case to this Court. [D.E. 1]. Defendant did not file his Motion to Dismiss, nor did he ever contest service of process with this Court, until after he had already served his discovery requests upon Plaintiffs, sought affirmative relief in state court, and removed this matter to this Court.

Furthermore, on July 26, 2011, Defendant filed a "Counter-Complaint" against Plaintiffs, purporting to seek a declaratory judgment. [*John Doe v. R.K./Fl Management, Inc., et al.*, No. 1:11-cv-22672-MGC, D.E. 1]. Defendant has also filed two Motions to Consolidate Actions, seeking to consolidate his "Counter-Complaint" with this case, as Defendant clearly acknowledges that his "claim" is reliant upon and in response to Plaintiffs' Complaint. [*John Doe v. R.K./Fl Management, Inc., et al.*, No. 1:11-cv-22672-MGC, D.E. 5, 6].[4]

The procedural history clearly reveals that Defendant has subjected himself to the jurisdiction of this Court and has waived any right to contest service of process or personal jurisdiction. Accordingly, Defendant's first argument must be rejected.

## C.    Plaintiffs' Complaint Complies with General Pleading Requirements.

Contrary to Defendants' argument, the Complaint meets the pleading requirements of Federal Rule of Civil Procedure 8(a). According to Rule 8(a), a complaint must contain "a short

---

4.     In actuality, the Counter-Complaint is nothing more than a denial of Plaintiffs' claims against Defendant, is moot, and/or seeks an impermissible advisory opinion from this Court. Plaintiffs are in the process of preparing a Motion to Dismiss the Counter-Complaint, and a Response to the Motion to the Second Motion to Consolidate Actions (as the first was *sua sponte* denied by the Court), in the event the case has not already been remanded to the State Court by that time.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint, however, "does not need detailed factual allegations." *Fanfan v. Pediatric Services of America, Inc.*, No. 10-60011-Civ., 2010 WL 2471414, at *1 (S.D. Fla. June 17, 2010). Rather, a complaint need only "raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In the Complaint, Plaintiffs allege, among other things, that Defendant published false statements on the Blogs regarding Plaintiffs. Complaint at ¶ 19-20. Plaintiffs also specifically identify the website addresses of the Blogs and thereby incorporated the contents of Blogs into the Complaint by reference. *Id.* The Complaint even provides examples of some of the false statements that Defendant has disseminated to the public on the Blogs. *Id.* at ¶ 20. Plaintiffs further allege that Defendant's false statements have a tendency to injure Plaintiffs in their trade or business. *Id.* at ¶ 18, 28 and 35.

The Motion to Dismiss itself demonstrates that Defendant is clearly aware of the improper acts for which he is being sued. Defendant discusses at length two of the defamatory statements that Plaintiffs identify in the Complaint, and goes on to argue (erroneously, and improperly in the context of a motion to dismiss) that these statements cannot amount to defamation *per se* or libel. Although Plaintiffs did not attach the actual blog entries to the Complaint for fear of further exposure in the Court filings (and because the Rules of Civil Procedure do not require the annexation of all of the blog Entries to the Complaint), Defendant attached them as Exhibit "B" to the Motion to Dismiss.[5] [*See* D.E. 11-2].

---

5.    As Defendant himself acknowledges, this Court may take judicial notice of the blog entries attached to Defendant's Motion to Dismiss as Exhibit "B." *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (holding a court may consider a document attached to a motion to dismiss when central to plaintiff's claim and undisputed); *see also* D.E. 11, at p. 7 ("'documents incorporated into the complaint by reference, and matters of which a court may take judicial

Plaintiffs' Complaint clearly contains a short and plain statement of the claim showing that Plaintiffs are entitled to relief. Defendant's own admissions and Exhibit "B" to the Motion to Dismiss further erode Defendant's contentions to the contrary. The Complaint therefore meets the pleading requirements of the Fed. R. Civ. P. 8(a).

### D.    Fla. Stat. § 770.01 Does Not Apply to Defendant.

Defendant also argues in the Motion to Dismiss that Plaintiffs failed to comply with a pre-suit notice requirement for a defamation action as set forth in Fla. Stat. § 770.01. In addition to being another attempt to expand arguments beyond the four corners of the Complaint, Defendant has the audacity to argue that "Chapter 770 applies to all defamation Defendants." [D.E. 11, at p. 4 (citing *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 115 (Fla. 1993))]. Defendant's argument is not only procedurally misplaced in the context of a motion to dismiss, it flat-out mischaracterizes the law.

As a threshold matter, Plaintiffs allege in the Complaint that "[a]ll conditions precedent to the maintenance of this action have occurred, been performed or have otherwise been waived or excused." Complaint at ¶ 24. For purposes of the Motion to Dismiss, this Court must accept this allegation as true, and "[w]hether or not the Plaintiffs demanded a retraction [as required by section 770.01] is an issue of fact left for resolution at trial." *Ortega Trujillo v. Banco Central Del Ecuador*, 17 F. Supp. 2d 1334, 1337 (S.D. Fla. 1998) (the argument that a Plaintiff did not comply with section 770.01 is improper in the context of a motion to dismiss where the plaintiff has alleged that all conditions precedent have occurred); *see also St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002) (holding that on a motion to dismiss the court must accept

---

notice' are properly considered by a motion to dismiss.") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007))]. In contrast, while this Court may properly consider the blog entries, Exhibits "A" and "C" to the Motion to Dismiss are improperly attached to the Motion to Dismiss, and must therefore be stricken.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., 201 So. Biscayne Blvd., Suite 1700, Miami, FL 33131  305.379.9000

"the facts alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor"). Because Defendant's argument that Plaintiffs failed to satisfy a condition precedent to bringing this action is negated by an express allegation of the Complaint, the Motion to Dismiss fails as a matter of law.

More importantly, Defendant mischaracterizes the subject statute. In stark contrast to Defendant's argument, the current state of the law is clear that Florida Statute § 770.01 does <u>not</u> apply to non-media defendants. *See, e.g., Zelinka v. Americare Healthscan, Inc.*, 763 So. 2d 1173, 1175 (Fla. 4th DCA 2000) ("***Every Florida court that has considered [§ 770.01] has concluded that the presuit notice requirement applies only to 'media defendants,' not private individuals***."); *Hamilton Bank, N.A. v. Kookmin Bank*, 44 F. Supp. 2d 653, 665 (S.D.N.Y. 1999) (applying Florida law) ("The plain text of [§ 770.01] indicates that it is limited to media defendants, and the Florida courts agree."); *Ortega Trujillo*, 17 F. Supp. 2d at 1337 ("section 770.01 of the Florida Statutes is not applicable to non-media defendants"); *Corkery v. Superx Drugs Corp.*, 602 F. Supp. 42, 46 (M.D. Fla. 1985) (court did not dismiss count for defamation based on "two Florida court opinions holding the statutory notice provisions *not* applicable to non-media defendants."); and *Davies v. Bossert*, 449 So. 2d 418 (Fla. 3d DCA 1984) (holding the notice requirement applies only to media defendants). Even cases on which Defendant relies conclude that § 770.01 does not apply to non-media defendants. *See, e.g., Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1380 (Fla. 4th DCA 1997) ("section 770.01 . . . does not apply to 'non-media Defendants.'"). In fact, *every* reported case decided after *Laney v. Knight-Ridder Newspaper, Inc.*, 532 F. Supp. 910 (S.D. Fla. 1982), has found that section 770.01 only applies to media defendants. *See, e.g., Davies*, 449 So. 2d at 418-19 (section 770.01 requiring five days notice to defendant for purposes of apology or retraction before a libel or slander suit is brought applies only to media defendants, disapproving *Laney*);

8

*Bridges v. Williamson*, 449 So. 2d 400, 401 (Fla. 2d DCA 1984) (court refused to apply the decision in *Laney* to extend the application of § 770.01 to include non-media defendants).

Defendant boldly cites *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113 (Fla. 1993), to argue that "Chapter 770 applies to all defamation defendants." [D.E. 11, at p.4]. *Wagner*, however, states exactly the opposite: "Chapter 770 primarily addresses **media Defendants**." *Wagner*, 629 So. 2d at 115 (emphasis added). In *Wagner*, the court only considered Florida Statute §770.**07**, which provides a statute of limitations in libel and slander actions. *Id.* Thus, the *Wagner* court only held that §770.**07** (not §770.**01**) was "applicable to all civil litigations, both public and private, in defamation actions." *Id.* Indeed, it is clear that the *Wagner* court "was applying only section 770.**07** to all civil litigants, not the entire chapter 770." *Tobkin*, 695 So. 2d at 1258. Thus, there is no presuit notice requirement imposed with respect to non-media defendants like the Defendant in this case.

A recent Fourth District Court of Appeal case even addressed the issue of "whether a plaintiff in a libel action which is based on the posting of allegedly false and defamatory statements on an internet 'message board' is required to comply with the presuit notice requirements of Florida Statutes chapter 770." *Zelinka*, 763 So. 2d at 1173. The *Zelinka* court concluded that the defendant, "*a mere internet-using, private individual, is not a 'media defendant' to which the presuit notice requirements apply*." *Id.* (emphasis added). The court went on to state:

> The terms media and non-media defendants are meant to distinguish between "third parties who are not engaged in the dissemination of news and information through the news and broadcast media from those who are so engaged." *Mancini*, 702 So. 2d at 1380. In *Mancini*, this court concluded that the notice requirement applied to a newspaper columnist who allegedly made defamatory statements in her column, as well as to the newspaper itself, but not to private individuals. **Based on the overwhelming authority going against petitioner on this point, we conclude that the notice requirement does not apply to a private individual who posts a message on a computer service that is owned and operated by someone else.** The petitioner in this case is in the same position as

9

that of the private individuals in the *Davis*, *Bridges* and *Gifford* cases, whose statements were "broadcast" to the public, but who themselves were not members of "the media."

*Id.* at 1175 (emphasis added).

Indeed, in *Ortega Trujillo* this Court recognized:

By definition, all news media disseminates information, but it is a syllogism to conclude (as does [the defendant]) that all those who disseminate information automatically qualify as news media. ***The function of the media is to inform and to initiate "'uninhibited, robust and wide-open' debate on public issues." False, intentionally misleading or defamatory publications have "no essential part of any exposition of ideas, and are such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality. Florida courts have refused to define parties making defamatory statements later reported by news outlets as media in and of themselves.***

*Ortega Trujillo*, 17 F Supp. 2d at 1338 (emphasis added) (internal citations omitted).

In any event, Defendant cannot be characterized as a "media defendant" because the "basis for the classification [for protection under Florida Statute section 770.01] was held to be, in essence, the public interest in the 'free dissemination of news,' and the reasonable likelihood of occasional error as a result of the tremendous pressure to deliver the information quickly." *Davies v. Bossert*, 449 So. 2d at 420.  In this case, Defendant did not have "tremendous pressure to deliver the information quickly."  To the contrary, as an internet blogger Defendant had all the time he wanted to deliver his false and defamatory statements about Plaintiffs.  Defendant is, as alleged in the Complaint, merely an internet-using blogger who publishes his writings on online websites owned and operated by third parties blogger.com (a subsidiary of Google) and blog.co.uk. *See* Complaint at ¶ 19.   Defendant has been using these third party websites as a forum to take viscous and hurtful attacks directly, and only, at Plaintiffs. Defendant is not a "journalist" nor is he "reporting" any "news" or engaged any other type of media. Thus, Defendant is clearly not a media defendant.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

In the face of the overwhelming authority that directly contradicts his argument, Defendant relies on an unreported Orange County decision in *Comis v. Van Voorhis*, 2009 CA 15047-0 (Orange County, Fla. June 28, 2011), to argue that Florida Statute §770.01 applies to non-media Defendants. Given the unequivocal precedent cited above, it is apparent that neither the attorneys nor *Comis* court were aware of the current state of the law. Regardless, the *Comis* opinion is an unreported opinion of a state court sitting in Orange County, Florida (the Ninth Judicial Circuit) and is neither binding nor persuasive on this Federal Court or the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Even if, *arguendo,* the Court was somehow inclined to consider Defendant a media defendant (which he clearly is not), his argument must still be rejected. Unlike an actual media defendant whose identity, address, and telephone number are known and contact is, therefore, possible, in this case Defendant has purposely hidden his identity and his private contact information. Indeed, it is as a result of Defendant's choice to remain anonymous that Plaintiffs were unable to contact him in a private fashion.

Defendant has the temerity to state that the Blogs contain a "comment" section in which readers can post comments. Defendant makes this argument to first contend that Plaintiffs should have served process on Defendant by posting it on the Blogs (which, for reasons set forth above, is moot and misplaced) and also to argue that Plaintiffs could have "contacted" Defendant to provide notice by posting comments on the Blogs. This suggestion is baffling, as Defendant would have Plaintiffs participate in the very defamatory blog that is the source of their grievance, and would have the Plaintiffs further publicize these matters to the general public. Defendant also fails to acknowledge that these actions could themselves cause Plaintiffs to suffer further injury. It is common knowledge that postings on blogs can cause internet search engines (such as Google, Yahoo, Bing, etc.) to register "traffic" on the website. This, in turn, could result in

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

the Blogs becoming more visible by raising the priority of the Blogs on search engines, which instead of mitigating Plaintiffs' damages, would actually exacerbate them.

For all of the foregoing reasons, it is clear that section 770.01 does not apply in this case. Accordingly, the Motion to Dismiss must be denied.

      **E.**      **Plaintiffs State a Cause of Action for Defamation *Per Se*.**

Defendant next argues in the Motion to Dismiss that Plaintiffs fail to state a claim for defamation, and Defendant proceeds to recite the elements of a claim for common law defamation. Defendant apparently overlooks the fact that Plaintiffs have alleged that Defendant committed defamation *per se*.

"A statement that a person has committed a crime or done something illegal" or "statements short of accusing another of a serious crime, which tend to injure a person in his or her business or profession" fall into the classic defamation *per se* category. *Scott v. Busch*, 907 So. 2d 662, 667 (Fla. 5th DCA 2005); *see also Barry College v. Hull*, 353 So. 2d 575, 578 (Fla. 3d DCA 1978). In a claim for defamation *per se*, malice is assumed and damages need not be pled. *Scott*, 907 So. 2d at 667. Defamation *per se* is actionable on its face and does not require more than putting a defendant on notice as to the source of the statements and the parties injured by the same. *Id*.

Plaintiffs allege in their Complaint that Defendant's blog entries, which Defendant signs as "Always True," "include, but are not limited to, articles entitled "R.K. Associates' Attempts to Rip-Off Florida Doctor Failed" and "Why Raanan Katz Can Get Away with Breaking the Law." Complaint at ¶20. These titles in and of themselves demonstrate that Defendant has attacked Plaintiffs in their business or profession and clearly demonstrate Defendant's intent to depict Plaintiffs as criminals.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

While the blog entries contain some purportedly factual information and sprinkle the word "allegedly" here and there, they twist and distort "facts," and inject Defendant's own factual conclusions that Plaintiffs are criminals with whom the public should not engage in business.  For example, Defendant also includes, among many others, the following defamatory statements in the Blogs:  (a) "Bottom line, when you sign a lease with RK Associates, ***Raanan Katz goes after YOUR money no matter what***"; (b) "If you do not want to lose your business, your investment, your ideas think twice, talk to their tenants, and do your research to ***learn what can happen to you after signing the lease with the landlord like RK Associates***"; and (c) "Raanan Katz called himself "dedicated jew.  ***Raanan Katz and Daniel Katz are the most immoral human-being[s] in the world***.  ***They are dare enough [sic] to take bread from little Jewish special needs child to support their luxury lifestyle***."  This is the very definition of defamation *per se*.  "With written words which are actionable *per se*, their libelous and injurious character is a matter of common knowledge, and the court can take judicial notice thereof." *Barry*, 353 So. 2d at 578.

Obviously realizing that his comments do constitute defamation *per se*, since the date this lawsuit was filed, and in a clear effort to hide from this Court the defamation *per se* in which Defendant has been consistently engaging, Defendant has altered various blog entries. For instance, on May 30, 2011, Defendant published the defamatory *per se* blog entry entitled: "*RK Associates Scam to Make Extra Money Leasing Commercial Property*."  However, in Defendant's Exhibit "B" to the Motion to Dismiss, the May 30, 2011 blog entry title was altered to read:  "RK Associates Commercial Lease – Is it a New Kind of Scam?"  It is clear from Defendant's alteration of the entry that Defendant knows full well that the Blogs contain defamatory *per se* statements.

Perhaps worse is Defendant's alteration of the June 31, 2011 blog entry, entitled "Public Awareness of RK Associates and Raanan Katz Activities" (the "June 31, 2011 Blog Entry"). When Plaintiffs filed their Complaint, the June 31, 2011 Blog Entry stated "[t]his blogspot takes leading positions in google, msn, yahoo, bing." The June 31, 2011 Blog Entry listed eleven (11) "key words" for the public to research, including, but not limited to, "RK Associates Fraud, Raanan Katz Criminal, Raanan Katz Fraud, and Dan Katz Fraud." The June 31, 2011 Blog Entry concluded with Defendant declaring *"[r]ead the most accurate information on Raanan Katz group RK Associates here. The group is named after Raanan Katz (RK), the boss of the family. The group's operations extend from Massachusetts to Florida*." (emphasis added). However, the June 31, 2011 Blog Entry contained in Defendant's Exhibit "B," does not include any of the eleven (11) "key words" or Defendant's statement that "[t]his blogspot takes leading positions in google, msn, yahoo, bing," (which evidenced that Defendant had purchased the "key words" so that the public would be directed to the Blogs if they tried to search for any of the Plaintiffs). Defendant's insertion in the altered June 31, 2011 blog that "[t]his blog provides information based on public media publications and court records" clearly shows Defendant knows (and intended) that his statements are presented as facts, and he altered the entry in a thinly veiled effort to escape liability for his misconduct.

Beyond Defendant's clear attempt to downplay and avoid liability his improper actions, Plaintiffs have properly pled their claim for defamation *per se*. Defendant's arguments to the contrary must be rejected and the Motion to Dismiss must be denied.

### F.    Plaintiffs State a Valid Cause of Action for Libel.

Defendant also argues that Plaintiffs failed to adequately plead their claim for libel. Defendant posits that the claim is "woefully inadequate…summarizing an entire blog of

14

comments that Plaintiffs complain of in one sentence."  Defendant's argument is contrary to the law and must be rejected.

> To state a cause of action for libel, a plaintiff must plead the following elements:
>
> (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory.

*Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1214 n.8 (Fla. 2010).   Plaintiffs have properly pled each of the foregoing elements.

Plaintiffs allege Defendant has published defamatory statements on the Blogs regarding Plaintiffs.  *See* Complaint at ¶¶ 19-23, 32, 33.  Plaintiffs also allege that the statements are false, that Defendant knew the statements were false at the time they were made, or were made with reckless disregard for their truth, and that the statements actually damaged the Plaintiffs.  *See* Complaint at ¶¶ 21, 32-37.   Moreover, Plaintiffs satisfactorily allege the defamatory nature of Defendant's statements.  Plaintiffs specifically identify the Blogs' website addresses where the defamatory statements are located, and have incorporated those statements into the pleading by reference.  *See* Complaint at ¶¶ 18-19; see also discussion, *supra*.  Plaintiffs also allege that the published blog entries "include, but are not limited to, articles entitled "R.K. Associates' Attempts to Rip-Off Florida Doctor Failed" and "Why Raanan Katz Can Get Away with Breaking the Law."  *Id.* at ¶ 20.  Thus, the allegations in Plaintiffs' Complaint, coupled with the blog entries themselves, demonstrate that Plaintiffs have properly alleged their claim for libel. *See Day*, 400 F.3d at 1276.

### G.   This Court Cannot Determine Whether Plaintiffs are Public Figures on Defendant's Motion to Dismiss.

In another effort to exceed the scope of the Motion to Dismiss and to distort the true facts, Defendant argues that Plaintiffs are "public figures," and that a heightened pleading

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

requirement must be imposed upon Plaintiffs. [D.E. 11 at p. 10-11]. Initially, the determination of whether Plaintiffs are public figures is a matter outside the four corners of the Complaint and is beyond the scope of a motion to dismiss. Indeed, to determine whether an individual is a public figure, a court must apply a two-step approach. *See Mile Marker Inc. v. Petersen Publishing, LLC*, 811 So. 2d 841, 845-46 (Fla. 4th DCA 2002). Based upon this two-step approach, which Defendant outlines in the Motion to Dismiss, it would not be appropriate for this Court to determine whether Plaintiffs are public figures in the context of a motion to dismiss. *See* D.E. 11, at p. 10.

In any event, for a number of reasons Defendant's argument must be rejected. Plaintiffs have included allegations of intentional, willful, wanton and malicious acts in their Complaint, For example, in paragraph 37 of the Complaint, Plaintiffs allege that "Defendant's actions were intentional, willful, wanton, ***malicious***, and performed with a reckless disregard for…" Plaintiffs' rights. *See* Complaint at ¶ 37 (emphasis added). Thus, the very allegation that Defendant claims in missing from Plaintiffs' Complaint is indeed present.

Further, and as alleged in the Complaint, Plaintiffs are businessmen and their companies. In fact, of the six (6) Plaintiffs in this case, the only one whom Defendant even attempts to characterize as a public figure is Raanan Katz. Thus, Defendant's argument does not even apply to the other Plaintiffs. Moreover, besides the fact that there is nothing in the Complaint indicating that Raanan Katz is a public figure (which in itself further renders Defendant's argument untenable), it is clear that Raanan Katz is only an ordinary, albeit successful, businessman. He is not a celebrity, nor even a businessman who turned himself into a celebrity, such as Donald Trump.

Defendant tries to argue that Raanan Katz is a public figure based on his involvement in "public controversies." The fact that Plaintiffs have been involved in court cases in the past,

however, does not lead to the conclusion that these are "public controversies" or that Plaintiffs are "public figures."  To the contrary, these were private disputes that in some cases found their way into the media — possibly as a result of adverse attorneys' desires to obtain publicity or as part of litigation tactics.  Plaintiffs are businessmen and companies, and businessmen and companies are often involved in lawsuits.

Defendant also argues that Raanan Katz is a public figure because he has a street named after him.  This street was not a gift or recognition from the city, however.  The street, which is located at the entrance to one of Raanan Katz's privately owned strip malls, was a condition to a settlement agreement he signed with the city.  Moreover, Defendant mentions that on May 18, 2006, the Miami area celebrated "Raanan Katz Day."  Defendant, once again, distorts the truth. The Mayor of Sunny Isles Beach, not the entire Miami area, designated a single day back in 2006 as "Raanan Katz Day" for Raanan Katz's success as a developer and landlord in Sunny Isles Beach.  Other than designating the day in his honor, according to Defendant's Exhibit "C" to the Motion to Dismiss, no celebration or event was held, nor is this a repeating event.

For a myriad of reasons, it is clear that Defendant's public figure argument fails as a matter of law.  Thus, Defendant's Motion to Dismiss must be denied.

H.     **Defendant's Blog Entries Are Written as Facts, Not Opinions.**

Defendant also contends that his statements on the Blogs are not defamatory because they are purportedly statements of opinion and not fact.  Defendant ignores the law, and negates his own argument.

While Defendant argues the blog entries are opinion, not fact, Defendant admits that "[t]he determination of whether a statement is one of opinion or fact is left to the courts."  [D.E. 11, at p. 7, quoting *Morse v. Ripken*, 707 So. 2d 921, 922 (Fla. 4th DCA 1998)].  Thus, Defendant recognizes that this Court will need to weigh additional evidence to determine if

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

Defendant's statements are fact or opinion.  A motion to dismiss, however, is restricted to the four corners of the complaint.  *St. George*, 285 F.3d at 1337.  Thus, whether Defendant's statements are fact or opinion are not appropriate for determination at this stage.

Moreover, Defendant's counsel focuses on only two (2) of the forty-four (44) blog entries published on the Blogs.  [D.E. 11, at p. 7].  As stated above, and as Defendant agrees, this Court can take judicial notice of all the publications on the blog to see that they are defamatory statements of purported fact, and not merely opinions.

Defendant cites *Greenbelt Cooperative Publishing Association v. Bresler*, 398 U.S. 6 (1970) and *Seropian v. Forman,* 652 So. 2d 490 (Fla. 4th DCA 1995) for the proposition that Defendant's words were "rhetorical hyperbole, which would not be interpreted as fact."  [D.E. 11, at p. 9].  Defendant misapplies these cases.  In *Greenbelt*, a newspaper published two articles about public meetings wherein some people characterized Bresler's negotiation position as "blackmail."  398 U.S. at 7-8.  In *Seropian*, the Defendant mailed letters to 400 people accusing Forman of being an "influence peddler."  652 So. 2d at 492-93.  Both courts determined that the words "blackmail" and "influence peddler" were neither slander, nor libel because they did not "charge a person with an infamous crime or tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession."  *Id.* at 495; *see also Greenbelt*, 398 U.S. at 13-15.

In this case, however, Defendant has published forty-four (44) blog entries which charge Plaintiffs with criminal acts and behavior, attempt to ruin Plaintiffs' business reputations, and seek to injure Plaintiffs in their trade or profession.  Defendant has published blog entries, such as: "How RK Associates Ripped Off the Single Mother of Special Needs Child," "RK Associates Scam to Make Extra Money Leasing Commercial Property,"  "Raanan Katz Wants Your Money No Matter What," and "Why Raanan Katz Can Get Away With Breaking the Law."  Copies of

these articles, as well as several others, are attached hereto as Composite **Exhibit "A"** and are included in Defendant's Exhibit "B" to the Motion to Dismiss.  Defendant has undeniably accused Plaintiffs of criminal activities and seeks to tarnish Plaintiffs' personal and business reputations.

Defendant tries to backpedal, however, by arguing that "no reasonable person would interpret [Defendant's] statements as factual."  [D.E. 11, at p. 7].  To the contrary, in this case, Defendant's goal is clearly to cause the general public to construe his statements as facts, not opinions.  **In fact,** *Defendant signs each blog entry as "Always True."  Defendant himself also stated in the June 13, 2011 Blog Entry (before he altered it in connection with his Motion to Dismiss as stated above) that his publications are "the most accurate information" about Plaintiffs*.  In addition, the frequency and venom with which these blog entries are published on the Blogs undeniably reveal Defendant's motives to convince the public that the entries are factual.   Thus, Defendant's argument that his statements are merely opinions is disingenuous.

## I.   Defendant's Arguments that the Statements are "True" or "Minor Factual Inaccuracies" are Specious and Improper.

Defendant's argument that his published blog entries cannot be defamatory because they are "true" is also misplaced.   Defendant claims that "minor factual inconsistencies and embellishments, even if construed as fact rather than opinion, do not convert a statement that's substance conveys essentially the same meaning into defamation."   [*See* D.E. 11, at p. 12].  Defendant relies on *Smith v. Cuban American National Foundation* for this proposition.  731. So. 2d 702 (Fla. 3d DCA 1999).  Defendant misconstrues the *Smith* holding.

In *Smith*, the Cuban American National Foundation filed suit for defamation against a professor based on a single, isolated statement made during the course of an interview with PBS. 731 So. 2d at 703.  On appeal, the court addressed the denial of a jury instruction on the issue of "substantial truth."   *Id.* at 703-707.  The court held that the trial court was incorrect in finding

that the instruction regarding "substantial truth" should not be presented to the jury. *Id.* The court's holding in *Smith* was not determined in the context of a Motion to Dismiss, nor is it appropriate for this issue to be raised in Defendant's Motion to Dismiss.

Moreover, unlike *Smith*, in this case Defendant published, and continues to publish, blog entries in anything but isolated events. Defendant has published at least forty-four (44) blog entries on the Blogs at frequent intervals. It is clear from the tone and the context of the publications, the specific language used therein, and given that Defendant has been continuously publishing these statements for months, that Defendant's statements are not accidentally "botched or muddled" factual details, let alone isolated in nature. The Blogs are demonstrative of Defendant's personal vendetta against Plaintiffs with clear intent to cause them harm, and they themselves demonstrate why Defendant's argument fails as a matter of law.

### J.  **Defendant's Argument that Plaintiffs Fail to Satisfy the Preliminary Injunction Standard is Moot**

As stated above, and as Defendant is well aware, Plaintiffs voluntarily dismissed Count III of the Complaint. [*See* D.E. 6]. Count III was the only claim wherein Plaintiffs sought injunctive relief. Thus, Defendant's argument that Plaintiffs fail to satisfy the preliminary injunction standard is moot and misplaced. If and when Plaintiffs file a motion or an amended pleading seeking injunctive relief, Defendant can then respond accordingly. Until then, this issue is not subject to review by this Court as it would merely constitute an improper advisory opinion. *See, e.g., Fla. Assoc. of Rehabilitation Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Servs.*, 225 F.3d 1208, 1218 (11th Cir. 2000).

### III.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order denying Defendant's Motion to Dismiss, and entering such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: s/Alan J. Kluger
    Alan J. Kluger
    Fla. Bar. No. 200379
    akluger@klugerkaplan.com
    Todd A. Levine, Esq.
    Fla. Bar No. 899119
    tlevine@klugerkaplan.com
    Lindsay B. Haber, Esq.
    Fla. Bar No. 85026
    lhaber@klugerkaplan.com
    KLUGER, KAPLAN, SILVERMAN,
    KATZEN & LEVINE, P.L.
    Miami Center, Seventeenth Floor
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 379-9000
    Facsimile: (305) 379-3428
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 15, 2011, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF System.  **I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 15th day of August, 2011 to: **Robert C. Kain, Jr.,** Kain & Associates, Attorneys at Law, P.A., 900 Southeast Third Avenue, Suite 205, Ft. Lauderdale, Florida 33316.

By: s/Alan J. Kluger
    Alan J. Kluger

## SERVICE LIST

Alan J. Kluger
Fla. Bar No. 200379
akluger@klugerkaplan.com
Todd A. Levine
Fla. Bar No. 599119
tlevine@klugerkaplan.com
Lindsay B. Haber
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
2001 South Biscayne Blvd.
Miami, Florida 33131
Telephone:    (305) 379-9000
Facsimile:    (305) 379-3428
*Attorneys for Plaintiffs*

Robert C. Kain, Jr.
Fla. Bar No. 266760
rkain@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone:    (954) 768-9002
Facsimile:    (954) 768-0158
*Attorneys for Defendant*