UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-CV-22657-MGC

R.K./FL MANAGEMENT, INC., et al,

      Plaintiffs,

v.

JOHN DOE,

      Defendant.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S
## SECOND MOTION TO CONSOLIDATE ACTIONS

Plaintiffs, R.K./FL MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ and DANIEL KATZ (collectively, the "Plaintiffs"), hereby respond to the Second Motion to Consolidate this action with Case No. 1:11-cv-22672-MGC ("Case B") (collectively, the "Actions") [D.E. 12] filed by *anonymous* Defendant, JOHN DOE ("Defendant" and "he" for purposes of reference), as follows:

The speciousness of Defendant's and his counsel's position in this case and in Case B, in which Defendant attempts to seek affirmative relief as an *anonymous* plaintiff,[1] is astounding. To enable this Court to fully appreciate Defendant's and his counsel's meritless arguments in the

---

1. For this reason alone, Defendant's Complaint in Case B must be dismissed. "The title of a complaint must name all the parties…." Fed. R. Civ. P. 10(a). This is because "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Thus, absent exceptional circumstances (which do not exist here), "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (affirming denial of the plaintiff's motion to remain anonymous) (quoting *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir.1979)). This and other issues will be more fully addressed in Plaintiffs' forthcoming Motion to Dismiss the Complaint filed by "John Doe" in Case B.

Actions, and to grasp the obviousness of Defendant's defamation *per se* and libel against Plaintiffs, Plaintiffs do not object to consolidating the Actions, subject to and without waiving their right to have the Actions remanded to state court[2] and/or to seek dismissal of Defendant's Complaint in Case B.[3]

                                      Respectfully submitted,

                                 By: s/Alan J. Kluger
                                    Alan J. Kluger
                                    Fla. Bar. No. 200379
                                    akluger@klugerkaplan.com
                                    Todd A. Levine, Esq.
                                    Fla. Bar No. 899119
                                    tlevine@klugerkaplan.com
                                    Lindsay B. Haber, Esq.
                                    Fla. Bar No. 85026
                                    lhaber@klugerkaplan.com
                                    KLUGER, KAPLAN, SILVERMAN,
                                    KATZEN & LEVINE, P.L.
                                    Miami Center, Seventeenth Floor
                                    201 South Biscayne Boulevard
                                    Miami, Florida 33131
                                    Telephone: (305) 379-9000
                                    Facsimile: (305) 379-3428
                                    *Attorneys for Plaintiffs*

---

2. On July 26, 2011, Defendant filed a Notice of Removal in this Court in which he removed this case from the State Court to this court. [D.E. 1]. The Notice of Removal is improper and legally insufficient for a myriad of reasons, and this case must therefore be remanded to State Court. Accordingly, on July 27, 2011 Plaintiffs filed a Motion to Remand and Incorporated Memorandum of Law, which is pending. [D.E. 10].

3. As an example of Defendant and his counsel's lack of candor, although Defendant's Second Motion to Consolidate Actions contains a "Certificate of Good Faith Conference," in the Motion Defendant admits that he never contacted the undersigned prior to filing the Motion because "it is highly unlikely" that the undersigned would agree to the consolidation. Of course, Plaintiffs are agreeing to the consolidation, subject to their right to have the Actions remanded to State Court and/or to seek dismissal of Defendant's patently defective Complaint in Case B.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 18, 2011, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF System. **I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 18th day of August, 2011 to: **Robert C. Kain, Jr.**, Kain & Associates, Attorneys at Law, P.A., 900 Southeast Third Avenue, Suite 205, Ft. Lauderdale, Florida 33316.

By:    s/Alan J. Kluger
       Alan J. Kluger