UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

R.K./Fl MANAGEMENT, INC., et. al.         CASE NO.: 1:11-cv-22657-MGC
    Plaintiffs,
vs.
JOHN DOE,
    Defendant.
_____/

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS FEES**

Defendant, JOHN DOE, (hereinafter collectively "DOE") hereby files this opposition to the motion for attorneys fees and costs (DE 30) filed by Plaintiffs, R.K./Fl MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ (collectively "RKA").

RKA's motion is procedurally deficient on its face and should be denied with prejudice. In the third motion filed in two days(see also RKA's motions for hearings at DE 27 and 29), RKA has failed to comply with the local rules regarding pre-filing conferences (L.R. 7.1(a)(3)). Counsel for RKA never contacted counsel for DOE regarding any of these motions and never provided the certificate of good faith conference. Regardless of the two prior motions, the current motion violates every aspect of Local Rule 7.3 on requests for attorneys fees.

Failure to Follow L.R. 7.1(a)(3)

Local Rule 7.1(a)(3) states: "Prior to filing any motion in a civil case, ... counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be

1

raised in the motion." L.R. 7.1(a)(3). The Rule sets forth an explicit sanction. "Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Id. For these reasons, RKA's motion for hearing, DE 27 and DE 29 and motion for attorneys fees DE 30 should be denied.

Failure to Follow L.R. 7.3

Local Rule 7.3 governs when a motion for attorneys fees must be filed and the explicit procedure that RKA must engage in prior to filing the motion. Rule 7.3 requires that no motion for attorneys fees be filed until after an order "giving rise to the claim." L.R. 7.3(a)(3). First, no Order has been entered regarding the motion for remand. Thus, RKA does not get past the first sentence of Local Rule 7.3. Second, the Rule requires a good faith conference between the parties. (See. L.R. 7.3(b)). The pre-filing requirements are substantial. RKA must provide DOE with a draft motion 30 days after the entry of an Order. RKA's motion also fails to comply with each element present in L.R. 7.3(a), including failure to provide each of the following:

> (2) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award; (3) state the amount sought; (4) disclose the terms of any applicable fee agreement; (5) provide: (A) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (B) the number of hours reasonably expended by each such timekeeper; (C) a description of the tasks done during those hours; and (D) the hourly rate(s) claimed for each timekeeper; (6) describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920; (7) be verified; and (8) certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount.

L.R. 7.3(a)

In the absence of these pre-filing documents, DOE cannot object with particularity to each time entry or non-taxable expense nor contest the legal authority relied upon.

2

RKA's requests for costs are improper since they violate L.R. 7.3(c), in part because there has been no order entered and because the request is not detailed on form AO 133.

Fees Under the Remand Statute

It is important to note that any fee award in connection with the Removal Statute, 28 U.S.C. 1447(c), is discretionary with the Court and is not a mandatory requirement of the statute. RKA's motion provides no support for such an award other than a brief mention of the statute. No case law is provided. RKA's own motion notes that it includes an incorporated memorandum of law, but no memorandum is presented in the motion. The single paragraph motion contains no factual or legal support.

Any award of fees under the Removal Statute is discretionary. This Court has previously acknowledged that attorneys fees are only permissive and not appropriate if there was a reasonable basis for removal. See Clena Invs., Inc. v. XL Specialty Ins. Co., 2011 U.S. Dist. LEXIS 44163, 5-6 (S.D. Fla. 2011)(citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141, (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.")).

Additionally, DOE's removal of this action was proper when filed since the then present RKA complaint specifically sought relief under the Federal Trademark Act, Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a). It was only after DOE removed the action to federal court did RKA voluntarily dismiss the Section 43(a) claim, a clear act of forum shopping as explained in DOE's earlier brief. See DE 13. Despite RKA's arguments in its Reply brief to the motion to remand, the thirty day time clock for removal only begins after service of the complaint. RKA has argued under state law rules and cases that DOE somehow waived its rights. See DE 23 This Court

in Clena, debunked that idea and confirmed that the federal rules of service of the Complaint apply to the clock running for removal purposes. See Clena, 2011 U.S. Dist. LEXIS 44163 at 3 ("Pursuant to 28 U.S.C. § 1446, a defendant must file a Notice of Removal within thirty days of receiving a copy of the complaint.")(See additional arguments on this topic in DE 13)

Conclusion

For all of these reasons, DOE requests that RKA's motion be denied with prejudice. Denial is appropriate because any fee award is completely discretionary, removal of the action was legally permissible because RKA at that time had asserted a Section 43(a) action, the motion was premature, and RKA failed to follow the Local Rules.

Dated: August 31, 2011                     Respectfully submitted,

                                        By: /RobertKain/
Robert C. Kain, Jr.
Florida Bar No. 266760
rkain@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone:    (954) 768-9002
Facsimile:    (954) 768-0158
Attorneys for Defendant, John Doe

Marc John Randazza (625566)
mjr@randazza.com
Randazza Legal Group
10620 Southern Highlands Pkwy. #110-454
Las Vegas, Nevada 89141
Tel: 888-667-1113
Fax: 305.437.7662
Attorneys for John Doe.

**CERTIFICATE OF SERVICE**

  I hereby certify that on ____August 31, 2011_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428


                  /RobertKan/
                Robert C. Kain, Jr.
                Florida Bar No. 266760


G:\RCK\CLIENTS\RK-v-John-Doe\plead-fed-mot-attny-fees-remand-opp-ss.wpd