### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO.: 11-22657-Civ-COOKE/TURNOFF

R.K./FL MANAGEMENT, INC. a Florida
corporation, *et al.*,

      Plaintiffs,

v.

JOHN DOE, an anonymous person,

      Defendant.

_____/

### PLAINTIFFS' OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO QUASH AND FOR PROTECTIVE ORDER

Plaintiffs, R.K./FL MANAGEMENT, R.K. ASSOCIATES VII, INC., 17070 COLLINS

AVENUE SHOPPING CENTER, LTD., RAANAN KATZ ("R. Katz") and DANIEL KATZ

(collectively, "Plaintiffs"), through their undersigned counsel, hereby file this Opposition to the

Motion for Reconsideration of Order Denying Motion to Quash and For Protective Order

(the "Motion for Reconsideration") filed by *anonymous* Defendant, JOHN DOE ("Defendant"

and "he" for purposes of reference), as follows:

#### I.      INTRODUCTION

Defendant's Motion for Reconsideration and the attached Declaration of Defendant's

counsel, Robert C. Kain, Jr., Esq. (the "Kain Declaration"), are infested with falsehoods and

mischaracterization of law and facts in an underhanded effort to create an issue with the Order

Denying Motion to Quash and For Protective Order (the "Order") where none truly exists. There

is no dispute that Defendant chose not to attend the hearing (or retain counsel to do so) in the

State Court on the Motion to Quash *that Defendant filed* and which resulted in the Order (the

"Hearing"). There was no court reporter at the Hearing, and Mr. Kain never contacted Plaintiffs'

counsel to inquire as to what actually transpired at the Hearing. Incredibly, however, in the

Motion for Reconsideration and the Kain Declaration (in which Mr. Kain, as an officer of this Court, swore to the truth of the matters asserted therein), Defendant and Mr. Kain argue due process concerns regarding specific matters they claim occurred or did not occur during the Hearing.  These statements are blatant lies, and were sworn to by Mr. Kain without any basis or investigation (as such would have revealed the fallacy of the statements).

Beyond these material fabrications, Defendant has failed to delineate any intervening change in controlling law, new or different facts and circumstances, clear error or manifest injustice to warrant reconsideration of the Order.  Defendant's disingenuous argument that he had a "constitutional predicament" with regard to the Hearing on the Motion that *Defendant himself filed in State Court* is obviously devoid of merit, as he had ample time to retain counsel to represent him at the Hearing.  Moreover, despite the overwhelming precedent establishing that the First Amendment does not protect defamation, which is clearly and properly alleged in this case, Defendant continues to assert the First Amendment as both a sword and shield to hide his identity and avoid liability for his defamatory misconduct.

Contrary to Defendant's and Mr. Kain's willfully false assertions as to what they claim transpired at a hearing they admit they never attended, The Honorable Valerie Manno-Schurr (the "Judge") correctly entered the Order after considering, among other things, the arguments in Defendant's Motion to Quash (which are essentially the same arguments contained in the Motion for Reconsideration), the applicable law, Defendant's defamatory *per se* blog entries, the allegations of Plaintiffs' Complaint and Defendant's clear failure to abide by the Florida Rule of Judicial Administration requiring Defendant to sign the Motion to Quash with his actual name, address and telephone number.  Defendant's untimely removal, forum-shopping and attempt to

obtain an improper appeal of the Order in this Court are obvious. Thus, the Motion for Reconsideration must be denied.[1]

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2011, Plaintiffs filed a three (3) Count Complaint against the *anonymous* Defendant, alleging state law claims for defamation *per se* and libel, and a claim for false advertising.[2]   On June 22, 2011, Defendant began actively litigating in State Court and never objected to the case being in that forum. Specifically, on June 22, 2011 *Defendant filed*: (a) a Motion to Quash a subpoena Plaintiffs had served on Google (the "Motion to Quash"); (b) a Request for Production of Documents; (c) a Request for Admissions; and (d) a Notice of Unavailability. Defendant actually signed each of these filings as "John Doe" and refused to include any of his contact information, as required by state law.

Plaintiffs noticed the Hearing on Defendant's Motion to Quash for July 12, 2011--twenty (20) days after Defendant filed it. *See* Declaration of Todd A. Levine, Esq. at ¶ 8, attached hereto as Exhibit "A" (the "Levine Declaration"). It was apparent to Plaintiffs that Defendant was obtaining notice of the State Court filings by monitoring the State Court's online docket. *Id.* at ¶ 9. Indeed, Defendant made reference to the online docket entries in his blog post of June 18, 2011. *Id.* Plaintiffs had no way to notify Defendant in a private manner, because Defendant refused to provide his name, address, telephone number and chose not to retain an attorney to accept documents for him. *Id.* Plaintiffs could not post notices on Defendant's defamatory blog, for fear that the posts would increase traffic to the blog, causing it to become more visible through search engines such as Google and Yahoo, thereby increasing the publication of the

---

1.      Interestingly, although this Court has already granted Defendant's Motion to Stay Discovery in this case [D.E. 8], Defendant now requests a "protective order" as to the same discovery that Defendant previously requested be stayed. Defendant's request for a protective order should be denied for the reasons set forth herein.

2.      Plaintiffs voluntarily dismissed Count III of their Complaint (False Advertising) on July 27, 2011 [D.E. 6].

defamation. *Id.* In short, Plaintiffs were trying to mitigate, as opposed to exacerbate, their damages. *Id.*

Consistent with Plaintiffs' suspicions that Defendant was obtaining notice from the Court's online docket, Defendant appeared again in State Court on July 7, 2011 by filing a "Motion to Vacate Hearing," asking the Judge to cancel the July 12, 2011 Hearing on Defendant's own Motion to Quash. Levine Declaration at ¶ 10. Again, Defendant signed his Motion as "John Doe," and refused to comply with the Rule that required him to sign his true name and provide his address and telephone number. *Id.* On July 12, 2011, Judge Manno-Schurr conducted a well-reasoned hearing on the Motion to Quash, and also considered Defendant's Motion to Vacate Hearing. *Id.* at ¶ 11. Despite having knowledge of the Hearing, Defendant was not present and he did not retain counsel to represent him at the Hearing. *Id.*

During the Hearing, Judge Manno-Schurr carefully considered, *inter alia*: (a) Defendant's Motion to Vacate Hearing; (b) Defendant's Motion to Quash; (c) the case Defendant cited in his Motion to Quash; (d) the actual blog entries Defendant posted on the blog that are the subject of this case; (e) Defendant's Request for Production of Documents and Request for Admissions; and (f) Fla. R. Jud. Adm. 2.515(b) and case law construing the rule. *Id.* at ¶ 12. After deliberation, the Judge entered Orders striking the Motion to Vacate Hearing for failure to comply with Fla. R. Jud. Adm. 2.515(b), and denying the Motion to Quash, both on its merits and for failure to comply with Rule 2.515(b). *See* Order; Levine Declaration at ¶ 16.

Because Defendant had made an appearance in the State Case and actively sought affirmative relief from the Court thereby waiving the requirement of service of process, yet Defendant did not answer the Complaint or file a Motion to Dismiss, Plaintiffs filed a Motion for Default against Defendant on July 13, 2011. Levine Declaration at ¶ 18. The hearing was scheduled for July 26, 2011. *Id.* On July 22, 2011—thirty (30) days after Defendant first

4

appeared *pro se* and actively litigated in State Court—Defendant's counsel represented to Plaintiffs' counsel that the anonymous Defendant is not Plaintiffs' competitor. *Id.* at ¶ 22.[3] On July 26, 2011—*thirty-four (34) days after Defendant waived service of process by actively litigating and seeking affirmative relief in the State Court*, fourteen (14) days after the State Court entered the Order denying Defendant's Motion to Quash, and on the day a hearing was scheduled on Plaintiffs' Motion for Default (due to Defendant's failure to file an Answer or Motion responding to the Complaint), Defendant filed a Notice of Removal. [D.E. 1]. Accordingly, the hearing on the Motion for Default did not take place.

As set forth below, the Motion for Reconsideration and the Kain Declaration contain patently false statements and fail to provide any basis to cause this Court to reconsider the Order. Accordingly, the Motion for Reconsideration must be denied.

### III. ARGUMENT

#### A. Standard on a Motion for Reconsideration.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)) (denying motion for reconsideration). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp.,* 181 F. Supp. 2d at 1369.

---

3. Faced with counsel's representations, given the additional blogs that Defendant published since the Complaint had been filed, and because Plaintiffs preferred to pursue their claims for defamation *per se* and libel, instead of exposing themselves to paying attorneys' fees if Defendant was not a competitor, Plaintiffs dismissed Count III less than a week after first being contacted by Defendant's counsel, and one day after the Motion for Default became moot. Levine Declaration at ¶ 24.

A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc.*, 808 F. Supp. at 1563. "Instead, a motion for reconsideration is appropriate where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension....Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* For these reasons, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp,* 181 F. Supp. 2d at 1369. Defendant has clearly failed to meet this standard, and thus the Motion for Reconsideration must be denied.

**B.     The Motion for Reconsideration and the Kain Declaration Contain Willfully False Statements that Mr. Kain Swore To Without Any Investigation.**

Defendant's and Mr. Kain's misrepresentations are obvious. In his Declaration, Mr. Kain states under oath that the Order should be reconsidered because:

(a)     "Plaintiffs did not present a copy of DOE's blog to Judge Manno-Schurr at the July 12 hearing.";

(b)     "Plaintiffs' did not present case law to Judge Manno-Schurr at the July 12 hearing.";

(c)     No interested party submitted a copy of Defendant's blog to the State Court during the Hearing.;

(d)     The Judge failed to consider relevant case law.; and

(e)     The Judge expended "limited time and effort" at the Hearing.

Kain Declaration at ¶¶ 12, 13, 16. Mr. Kain also states, "I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge

6

that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001." *Id.* at p. 4.

In the Motion for Reconsideration, which Mr. Kain signed and filed pursuant to Rule 11, Defendant argues, among other things, that:

(a)    The Motion to Quash "was summarily denied for failure to identify himself in the pleadings.";

(b)    "*The blog was never presented to the State Court.*";

(c)    "There is no transcript from the *five minute* State Court motion hearing.";

(d)    "There is no record evidence or legal support for the denial, other than the procedural failure of not providing DOE's contact information. As a result, it is reasonable to assume that the law was not properly applied or considered."; and

(e)    "[T]he State Court denied the motion due to a procedural failure pursuant to Florida Rules of Judicial Administration 2.515…."

Motion for Reconsideration at p. 6, 8, 9 (emphasis added). These statements are absolutely false and were made without any reasonable investigation.

There is no dispute that as a result of Defendant's choice not to attend the Hearing or retain counsel to do so, neither Defendant nor Mr. Kain attended the Hearing. Kain Declaration at ¶ 12; Levine Declaration at ¶ 11. There is also no dispute that there was no court reporter at the Hearing. Kain Declaration at ¶ 14; Levine Declaration at ¶ 17. There is also no dispute that Mr. Kain never contacted Plaintiffs' counsel to inquire as to what actually transpired at the Hearing. Levine Declaration at ¶ 17; *see also Bernal v. All American Invest. Realty, Inc.,* 470 F. Supp. 2d 1291, 1326 (S.D. Fla. 2007) ("Rule 11 imposes an affirmative duty on attorneys to conduct a reasonable inquiry into the validity of a pleading before it is signed."); *Universal Comm'n Sys., Inc. v. Turner Broadcasting Sys., Inc.,* 2005 WL 3956648 at *1 (S.D.

Fla. Aug. 29, 2005) ("Rule 11 stresses the need for some preliminary inquiry."). It is therefore clear that Defendant and Mr. Kain have no knowledge as to what documents and case law were provided to the Judge during the Hearing, what the Judge considered during the Hearing, the length of the Hearing or the holdings that the Judge made during the Hearing which are not reflected in the Order. Defendant's and Mr. Kain's statements (under oath) regarding specific matters which they claim did not occur at a hearing which they never attended or otherwise investigated are thus willfully false, egregious and demonstrate that the Motion for Reconsideration and the Kain Declaration were filed in bad faith. *See Bernal,* 479 F. Supp. 2d at 1337-31 (sanctioning an attorney under Rule 11 and 28 U.S.C. § 1927 who submitted a false affidavit where the attorney "did not make a reasonable inquiry under the circumstances to determine whether the bribery accusations in Khan's affidavit had evidentiary support").

In actuality, during the fifteen to twenty minute Hearing (not five minutes as Mr. Kain represents under oath), the Judge carefully considered, *inter alia*: (a) Defendant's Motion to Vacate the Hearing; (b) the arguments Defendant raised in the Motion to Quash[4] (including Defendant's First Amendment concerns); (c) the allegations of Plaintiffs' Complaint; (e) the case that Defendant cited in the Motion to Quash; (d) additional authority relied upon by Plaintiffs; (e) the actual blog entries Defendant posted on the blog that are the subject of this case; (f) Defendant's Request for Production of Documents and Request for Admissions that Defendant had served upon Plaintiffs; and (i) Fla. R. Jud. Adm. 2.515(b) and case law construing the rule. Levine Declaration at ¶¶ 11-12. After analyzing the issues raised in the Motion to Quash, the allegations of Plaintiffs' Complaint, Defendant's blog entries and relevant case law, the Judge denied the Motion to Quash *on its merits*, and "further denied" the Motion to Quash

---

4.     In his Declaration, Mr. Kain also testifies under oath that the Motion to Quash "does not cite any case law." Kain Declaration at ¶ 12. Even a cursory review of the Motion to Quash establishes this is also false. *See* Motion to Quash at p. 2 (citing *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573 (N.D. Cal. 1999)).

because it failed to comply with Fla. R. Jud. Adm. 2.515(b). *See* Order; Levine Declaration at ¶ 16.

Contrary to his sworn testimony that the statements contained in the Kain Declaration are "made herein of my own knowledge and are true," it is undeniable that Mr. Kain has submitted a willfully false declaration, which he and Defendant incorporated into the Motion for Reconsideration, and which Mr. Kain executed and filed. This is the very definition of "unreasonable and vexatious" conduct. *See Bernal,* 479 F. Supp. 2d at 1337-31 (holding that sanctions were appropriate against an attorney who acted "unreasonably and vexatiously" by filing a false affidavit without ever performing any reasonable investigation into the veracity of the statements contained therein). This Court should therefore disregard the false statements for purposes of the Motion for Reconsideration.

### C.   Defendant Has Failed to Demonstrate Any Basis Warranting Reconsideration of the Order.

Defendant argues that reconsideration is warranted in this case under Rule 60(b) because there is: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovery evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)…," and because there are" other reasons that justifies relief." Motion for Reconsideration at p. 4 (citing Fed. R. Civ. P. 60(b)). Defendant also argues that "new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon the prior application." Motion for Reconsideration at p. 13. Defendant has failed to establish any basis to compel this Court to reconsider the Order, and instead attempts to create new facts and circumstances through patently false allegations about matters that occurred (or did not occur) during a hearing which neither he nor Mr. Kain attended.[5]

---

5.   The Kain Declaration and the Motion for Reconsideration argue, among other things, that the Judge's failure to expend sufficient time and effort at the Hearing, and failure to consider

*See Burger King Corp.*, 181 F. Supp. 2d at 1369 (holding that the three major grounds which justify reconsideration are "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice").

First, Defendant has failed to allege any "intervening change in controlling law." *Id.* Defendant has also failed to establish any "mistake, inadvertence, surprise, or excusable neglect" with regard to the Order. Fed. R. Civ. P. 60(b)(1); *see also Z.K. Marine Inc.*, 808 F. Supp. at 1563 (a motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension….").

Moreover, Mr. Kain's sworn statements in his Declaration, and the arguments set forth in the Motion for Reconsideration, also demonstrate that Defendant has failed to establish "the availability of *new* evidence," or the existence of any *new* facts or circumstances that were not within Defendant's knowledge at the time of the Hearing.   In his Declaration, Mr. Kain acknowledges that in the Motion to Quash, Defendant "does discuss his First Amendment right to anonymous speech…does argue that the Court should make an inquiry as to the viability of Plaintiffs' complaint (whether the complaint sets forth defamatory speech and not just conclusions) and argues that the complaint does not state sufficient facts to support the claim of defamation because [Defendant's] blog does not make false and defamatory statements." Kain Declaration at ¶ 12.   These (and other) arguments were considered by the Judge at the Hearing prior to entering the Order, and are now argued again by Defendant in the Motion for Reconsideration. *See* Levine Declaration at ¶ 12. This is improper. *See, e.g., Z.K. Marine Inc.*, 808 F. Supp. at 1563 (A "motion for reconsideration should not be used as a vehicle to present

relevant case law and Defendant's blogs, establish new facts and circumstances that warrant reconsideration of the Order. As demonstrated above and in the Levine Declaration, these statements are patently false, and therefore no further analysis of these baseless allegations in relation to Rule 60(b) is provided in this section.

authorities available at the time of the first decision or to reiterate arguments previously made.");

*R.A. Barton v. American Red Cross*, 826 F. Supp. 407, 409 (M.D. Ala. 1993) ("[O]n a motion to reconsider, a court ordinarily will not hear evidence that was within the moving party's knowledge at the time of the initial disclosure.").

Furthermore, Defendant's arguments regarding the alleged pre-suit requirement in Fla. Stat. § 770.01, and Plaintiffs' alleged status as "public figures and entities" likewise fail to establish any *new* facts or circumstances that justify reconsideration of the Order.[6]   Although these arguments were not contained in the Motion to Quash, there is no dispute that they are based on facts and circumstances which existed at the time of the Hearing.  Indeed, Defendant's pre-suit notice argument is based on Plaintiffs' alleged failure to provide Defendant with notice of the Complaint before they filed it on June 9, 2011 (i.e. thirty-three days before the Hearing). By his own admission, Defendant's argument that Plaintiffs are allegedly "public figures and entities" which demand a higher pleading standard for defamation is based on Defendant's claim that R. Katz "is the stuff of local legend, with a street and a building named after him, and on May 18, 2006, the Miami area celebrated 'Ranaan Katz Day,' due to his contributions to the community." Motion for Reconsideration at p. 10.  Defendant therefore admits that he already

---

6.     As more fully set forth in Plaintiffs' Opposition to Defendant's Motion to Dismiss [D.E. 16], Florida Statute § 770.01 does not apply to non-media defendants, such as Defendant. *See, e.g., Zelinka v. Americare Healthscan, Inc.,* 763 So. 2d 1173, 1175 (Fla. 4th DCA 2000) ("Every Florida court that has considered [§ 770.01] has concluded that the presuit notice requirement applies only to 'media defendants,' not private individuals."); *Hamilton Bank, N.A. v. Kookmin Bank,* 44 F. Supp. 2d 653, 665 (S.D.N.Y. 1999) (applying Florida law) ("The plain text of [§ 770.01] indicates that it is limited to media defendants, and the Florida courts agree."). Moreover, Defendant's arguments in the Motion for Reconsideration as to the sufficiency of the allegations of Plaintiffs' Complaint are without merit, are based on Defendant's purposeful misapplication of the law and, in many instances, are based on cases which actually support Plaintiffs' position in this case. *See* Plaintiff's Response in Opposition to Motion to Dismiss and Incorporated Memorandum of Law at p. 5-19 [D.E. 16].  In any event, with the exception of Defendant's pre-suit notice and public figure arguments, which are clearly based on facts and circumstances that existed prior to the Hearing, all of Defendant's arguments were previously set forth in the Motion to Quash, and were considered by the Judge at the Hearing. *See* Levine Declaration at ¶ 12.

had the information on which to make these arguments at the time of the Hearing, but voluntarily chose not to present them at the Hearing or retain counsel to do so. *See, e.g., Z.K. Marine Inc.,* 808 F. Supp. at 1563; *R.A. Barton,* 826 F. Supp. at 409.

Finally, Defendant has failed to establish any "clear error or manifest injustice" to justify reconsideration of the Order. *See Burger King Corp.,* 181 F. Supp. 2d at 1369. During the Hearing, the Judge carefully considered, among other things, the arguments set forth in the Motion to Quash (which are the same arguments contained in the Motion for Reconsideration), Plaintiffs' Complaint, Defendant's First Amendment concerns (which are dispelled below) and the case that Defendant cited in the Motion to Quash. *See Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573 (N.D. Cal. 1999) (*permitting* discovery to ascertain the identities of anonymous defendants in a trademark infringement case). The Judge also considered additional case law in support of Plaintiffs' position. *See Fodor v. Doe,* 2011 WL 1629572 at * 1 (D. Nev. April 27, 2011) (permitting the plaintiff to take third party discovery of Google and its subsidiary blogspot.com to enable the plaintiff to determine the identity of the blogger). The Judge also considered the clear fact, *as an additional basis* beyond the merits of the Motion to Quash, that Defendant failed to sign the Motion to Quash with his actual name, or include any contact information therein, in violation of Fla. R. Jud. Adm. 2.515(b). *See* Kain Declaration at ¶ 4 ("DOE's State Court filings, made pro se, did not include his name, address, phone or fax number."); *see also* Levine Declaration ¶ 16. Defendant did not have any "constitutional predicament," as he obviously could have, and ultimately did, retain counsel to represent him. Judge Manno-Schurr denied the Motion to Quash *on its merits*, and "further denied" the Motion to Quash because it failed to comply with Fla. R. Jud. Adm. 2.515(b). *See* Order; Levine Declaration at ¶ 16.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131 305.379.9000

Rather than demonstrate any valid basis for reconsideration of the Order, Defendant has simply rehashed the same arguments the Judge already considered in entering the Order, and argues matters which Defendant could have presented at the Hearing on his own Motion to Quash had he chosen to attend or retain counsel. It is also clear that Defendant had ample time to retain counsel to represent him at the Hearing, and regardless of his *pro se* status, there is no dispute that Defendant was required to abide by Fla. R. Jud. Adm. 2.515(b). *See, e.g., Barrett v. City of Margate,* 743 So. 2d 1160, 1162 (Fla. 4th DCA 1999) (dismissing a *pro se* litigant's amended complaint with prejudice because while an "individual is entitled to represent himself or herself in a civil proceeding…he or she must not proceed without regard for the rules of procedure"). Defendant may not create new facts and circumstances by alleging patently false allegations about which they clearly have no knowledge, and thus the Motion for Reconsideration must be denied.

D.    **Defendant's Continued Use of the First Amendment As Both a Sword and Shield Is Improper.**

Defendant's clear misuse of the First Amendment as both a sword and a shield is improper. Defendant argues that there is cause for this Court to reconsider the Order because Defendant faced a "constitutional predicament" as he was purportedly "faced with either giving up his right to anonymous free speech or his giving up his due process rights to challenge the subpoena. Such a challenge was curtailed by a procedurally impossible hurdle of identifying DOE and ignoring the exact thing that DOE seeks to protect, his identity." Motion for Reconsideration at p. 12. Mr. Kain therefore argues that the "importance to maintain DOE's constitutional right to remain anonymous provides a basis for DOE's motion for reconsideration." Kain Declaration at ¶ 18. Defendant is wrong and his argument fails as a matter of law.

"Since its enactment, the First Amendment has permitted restrictions on a few historic categories of speech-including obscenity, defamation, fraud, incitement, and speech integral to criminal conduct-that have never been thought to raise any Constitutional problem." *U.S. v. Stevens,* 130 S. Ct. 1577, 1579 (2010). "Examples of proscribable speech include defamation and obscenity." *State v. T.B.D.,* 656 So. 2d 479, 480 (Fla. 1995). "[T]he constitutional right of free speech does not absolutely protect libelous or slanderous speech...." *State v. Elder,* 382 So. 2d 687, 690 (Fla. 1980). This is because "the right to speak anonymously, on the internet or otherwise, is not absolute and does not protect speech that otherwise would be unprotected." *Doe v. Individuals,* 561 F. Supp. 2d 249, 254 (D. Conn. 2008) (denying a motion to quash a subpoena served on an internet service provider to determine the identity of an anonymous defendant who was posting defamatory remarks online). "Those who suffer damages as a result of tortious or other actionable communications on the Internet should be able to seek appropriate redress by preventing the wrongdoers from hiding behind an illusory shield of purported First Amendment rights." *In re Subpoena Duces Tecum to American Online, Inc.,* 2000 WL 1210372 at * 6 (Va. Cir. Ct. Jan. 30, 2000) (denying a motion to quash a subpoena which sought the identity of an anonymous defendant who published defamatory statements in an internet chat room).

As further set forth in Plaintiffs' Opposition to Defendant's Motion to Dismiss [D.E. 16], Defendant's blog entries clearly establish that Defendant has published defamatory *per se* statements about Plaintiffs.[7] It is also clear that such defamatory statements are not protected by

---

7.    Defendant's blog entries include, but are not limited to, articles entitled "R.K. Associates' Attempts to Rip-Off Florida Doctor Failed," and "Why Raanan Katz Can Get Away with Breaking the Law" and "How RK Associates Ripped Off the Single Mother of Special Needs Child." Levine Declaration at ¶ 13. These titles in and of themselves demonstrate that Defendant has published defamatory *per se* statements attacking Plaintiffs in their business or profession and depict Plaintiffs as criminals. The following defamatory statements also appear in Defendant's blog: (a) "Bottom line, when you sign a lease with RK Associates, *Raanan Katz*

the First Amendment. *See, e.g., Stevens,* 130 S. Ct. at 1579; *T.B.D.,* 656 So. 2d at 480; *Elder,* 382 So.2d at 690; *Individuals,* 561 F. Supp. 2d at 254. Defendant's attempt to seek reconsideration of the Order by claiming a constitutional right to engage in the very misconduct that is the subject of this case is therefore improper.

Even assuming, *arguendo,* that Defendant's clear defamation *per se* was somehow protected by the First Amendment (which it clearly is not), Defendant still had no "constitutional predicament" with regard to the Hearing. Defendant filed the Motion to Quash on June 22, 2011. The Hearing did not occur until July 12, 2011--twenty (20) days after it was filed. *See* Levine Declaration at ¶ 7. Defendant therefore had twenty days to retain counsel if he wanted to be represented at the Hearing and also maintain his anonymity (for at least as long as the courts would allow given the law that prohibits Defendant from anonymously committing defamation). In fact, "Kain & Associates was retained on July 21, 2011" (just nine (9) days *after* the Hearing). Kain Declaration at ¶ 11. Thus, Defendant's claim that his only "choice was to show up at a hearing and waive his constitutional right to anonymous free speech" is frivolous. Motion for Reconsideration at p. 8.

Defendant has no right to anonymity here for additional reasons. On July 26, 2011, Defendant, still using the fictional alias "John Doe," instituted a separate action against Plaintiffs in this Court, and filed a "Counter-Complaint" seeking a declaratory judgment that he is not liable to Plaintiffs under (the now moot) Count III of Plaintiffs' Complaint (the "Declaratory

---

*goes after YOUR money no matter what*"; (b) "If you do not want to lose your business, your investment, your ideas think twice, talk to their tenants, and do your research to *learn what can happen to you after signing the lease with the landlord like RK Associates*"; and (c) "Raanan Katz called himself "dedicated jew. *Raanan Katz and Daniel Katz are the most immoral human-being[s] in the world. They are dare enough [sic] to take bread from little Jewish special needs child to support their luxury lifestyle.*" [D.E. 16-1]. Defendant concludes his blog entries with the pseudonym "Always True," and stated on the blog (in an entry that Defendant removed since this case was commenced, without revealing this to the Court) that the blog contains "the most accurate information" about Plaintiffs. *See* Levine Declaration at ¶¶ 13-15.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131 305.379.9000

Judgment Action"). The Declaratory Judgment Action was soon thereafter consolidated with these proceedings. [D.E. 19]. The law is clear, however, that Defendant may not maintain the Declaratory Judgment Action as an *anonymous plaintiff*.

"The title of a complaint must name all the parties...." Fed. R. Civ. P. 10(a). This is because "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Thus, absent exceptional circumstances (which do not exist here), "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992) (affirming denial of the plaintiff's motion to remain anonymous) (quoting *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712 (5th Cir.1979)); *compare with Doe v. United Behavioral Health,* 2010 WL 5173206 at *3 (E.D. Pa. December 10, 2010) (plaintiff permitted to proceed anonymously where the case involved allegations of mental illness and the plaintiff feared that "professors and other students would treat her differently and unfavorably if they knew the details of her mental illness...."); *John Does 1, 2, 3, and 4 v. Covington County School Board,* 884 F. Supp. 462, 465 (M.D. Ala. 1995) (school children allowed to proceed anonymously where the action involved claims of sexual abuse by school employees); *Plaintiff B v. Francis,* 631 F.3d 1310, 1316-19 (11th Cir. 2011) (plaintiffs who claimed that they were improperly filmed exposing themselves and engaging in sexually explicit acts while under the age of eighteen permitted to proceed anonymously). Thus, Defendant may not maintain his frivolous Declaratory Judgment Action as "John Doe," and has waived any right to anonymity in this case.[8]

---

8.     The "Counter-Complaint" is nothing more than a mere denial or defense of the dismissed Count III, seeks an impermissible advisory opinion by this Court and fails to state a valid cause of action for declaratory relief. *See, e.g., Fojtasek v. NCL (Bahamas) Ltd.,* 613 F. Supp. 2d 1351, 1357 (S.D. Fla. 2009); *Fla. Assoc. of Rehabilitation Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Servs.,* 225 F.3d 1208, 1218 (11th Cir. 2000). These and other issues will be more fully addressed in Plaintiffs' forthcoming Motion to Dismiss the "Counter-Complaint" filed by "John Doe" in the Declaratory Judgment Action.

It is clear that Defendant cannot be permitted to hide from Plaintiffs or this Court, and use the "right to free speech" as both a sword and a shield to stonewall Plaintiffs' efforts to hold Defendant accountable for his improper actions. Defendant's First Amendment concerns do not exist here and fail to establish any basis for reconsideration of the Order. Thus, the Motion for Reconsideration must be denied.

**E.**    **The Motion for Reconsideration Demonstrates That Defendant is Forum-Shopping and Seeking An Improper Appeal of the Order to This Court.**

The Motion for Reconsideration is also a clear attempt for Defendant to forum-shop and judge shop to appeal the Order to this Court. When deciding whether a right to remove a case to federal court has been waived, district courts must consider "whether the actions taken by the [defendant] in the state court were for the purpose of preserving the status quo, or did they manifest an intent to litigate on the merits in state court [and] *whether the removal can be characterized as an appeal from an adverse judgment of the state court." Fain v. Biltmore Secs., Inc.*, 166 F.R.D. 39, 40 (M.D. Ala. 1996) (emphasis added).

Here, Plaintiffs chose to file their action in State Court, where Defendants actively sought affirmative relief and served discovery without raising any objections to proceeding in that forum. *See Harris Corp v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1150 (M.D. Fla. 2000) (holding that a plaintiff's chosen forum is given great deference by the court and "federal courts have fashioned a presumption in favor of remand to state court"). After actively litigating this action in State Court, and after the Judge denied the Motion to Quash and entered the Order, Defendant engaged in "jurisdictional gamesmanship" (to borrow a phrase used by Defendant in his Opposition to Plaintiffs' Motion for Remand) by filing an untimely Notice of Removal for the purpose of seeking an appeal of the Order in this Court.[9] Given the Judge's well-reasoned ruling

---

9.    On July 26, 2011, Defendant filed a Notice of Removal in this Court in which he removed this case from the State Court to this court. [D.E. 1]. The Notice of Removal is

denying Defendant's Motion to Quash, and the lengths to which Defendant has demonstrated he will go to protect his identity (and avoid liability for his improper actions), Defendant is obviously forum and judge shopping to improperly appeal the Order here.

"A defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity." *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Vir. 1991); *see also In re Aero Plastics, Inc.*, 2007 WL 7143348 at *1 (Bank. N.D. Ga. September 6, 2007) ("[M]otions for reconsideration should not be used to relitigate issues already decided *or as a substitute for appeal*.") (emphasis added). Defendant's actions are the very definition of forum-shopping, and for this additional reason the Motion for Reconsideration must be denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order denying the Motion for Reconsideration, and entering such other and further relief as this Court deems just and proper.

---

improper and legally insufficient for a myriad of reasons, and this case must therefore be remanded to state court. Accordingly, on July 27, 2011 Plaintiffs filed a Motion to Remand and Incorporated Memorandum of Law. [D.E. 10]. Plaintiffs' Motion to Remand is pending.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

Respectfully submitted,

By: s/Alan J. Kluger
    Alan J. Kluger
    Fla. Bar. No. 200379
    akluger@klugerkaplan.com
    Todd A. Levine, Esq.
    Fla. Bar No. 899119
    tlevine@klugerkaplan.com
    Lindsay B. Haber, Esq.
    Fla. Bar No. 85026
    lhaber@klugerkaplan.com
    KLUGER, KAPLAN, SILVERMAN,
    KATZEN & LEVINE, P.L.
    Miami Center, Seventeenth Floor
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 379-9000
    Facsimile: (305) 379-3428
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on September 1, 2011, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF System. **I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 1st day of September, 2011 to: **Robert C. Kain, Jr.,** Kain & Associates, Attorneys at Law, P.A., 900 Southeast Third Avenue, Suite 205, Ft. Lauderdale, Florida 33316.

                    By:    s/Alan J. Kluger
                            Alan J. Kluger

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 11-CV-22657-MGC

R.K./FL MANAGEMENT, INC., et al,

     Plaintiffs,

v.

JOHN DOE, an anonymous person,

     Defendant.

_____/

### DECLARATION OF TODD A. LEVINE

I, Todd A. Levine, Esq., hereby make this Declaration in opposition to Defendant's Motion for Reconsideration of Order Denying Motion to Quash and for Protective Order.

1. The law firm of Kluger, Kaplan, Silverman, Katzen & Levine, P.L. ("KKSKL") represents the Plaintiffs in the above-captioned litigation (the "Defamation Case"). I am a Member of KKSKL and I have worked on the Defamation Case since its inception, both in the 11th Judicial Circuit in and for Miami-Dade County, Florida in Case No. 11-17842-CA-32 (the "State Court"), and in this federal case following Defendant's removal of the Defamation Case.

2. I have practiced law in South Florida for over 20 years, both in state and federal court.

3. I have read the Declaration of Robert C. Kain, Jr., Esq. (the "Kain Declaration"), counsel for *anonymous* Defendant, John Doe ("Defendant"), and Defendant's Motion for Reconsideration of Order Denying Motion to Quash and for Protective Order ("Defendant's Motion for Reconsideration"), to which the Kain Declaration is attached.

4.      Unlike Mr. Kain, I have personal knowledge of the facts that underlie the filing of this case in the State Court and the proceedings that occurred in that forum prior to the removal of the Defamation Case to this Court, as I participated in each aspect of the State Court proceedings.

5.      The majority of the Kain Declaration and Defendant's Motion for Reconsideration contain numerous falsehoods about the procedural history of this case (as well as the law--which is addressed in the various memoranda Plaintiffs have filed in this Court since removal, including but not limited to Plaintiffs' Motion to Remand, Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss, Plaintiffs' Reply in Further Support of its Motion to Remand and Plaintiff's Response in Opposition to the Motion for Reconsideration).

6.      As the Kain Declaration acknowledges, Plaintiff filed the Defamation Case in the State Court on June 9, 2011. As the Kain Declaration also acknowledges, Defendant appeared *pro se* in the Defamation Case in the State Court on June 22, 2011.

7.      As of June 22, 2011, Defendant began actively litigating in the State Court and did not object to the case being in that forum. On June 22, 2011 Defendant filed and served on the undersigned: (a) a Motion to Quash a subpoena Plaintiffs had served on Google (the "Motion to Quash"); (b) a Request for Production of Documents; (c) a Request for Admissions; and (d) a Notice of Unavailability.   Defendant actually signed each of these filings as "John Doe" and refused to include any of his contact information, as is required by state law.

8.      Plaintiffs noticed a hearing on Defendant's Motion to Quash (the "Notice of Hearing") for July 12, 2011 (twenty (20) days after Defendant filed it), before the State Court judge, The Honorable Valerie Manno-Schurr.

9.      It became apparent to Plaintiffs that Defendant was obtaining notice of the Court filings in the case by monitoring the State Court's online docket. Indeed, Defendant made

2

reference to the online docket entries in his blog post of June 18, 2011. Plaintiffs had no way to notify Defendant in a private manner, because Defendant refused to provide his name, address, or telephone number and chose not to retain an attorney to accept documents for him. Plaintiffs could not post notices on Defendant's defamatory blog, for fear that the posts would increase traffic to the blog, causing it to become more visible through search engines such as Google and Yahoo, thereby increasing the publication of the defamation. In short, Plaintiffs were trying to mitigate, as opposed to exacerbate, their damages. Thus, at the end of the Notice of Hearing, the undersigned included the following language: "I HEREBY CERTIFY that the undersigned is unable to serve Defendant, because "John Doe" has refused to reveal any mailing address and the Motion that is the subject of this Notice of Hearing is in violation of the Florida Rules of Civil Procedure. It is expected that Defendant will obtain notice of this hearing from the court's online docket."

10.     Consistent with Plaintiffs' belief that Defendant was obtaining notice from the Court's online docket, Defendant appeared again in the State Court on July 7, 2011 by filing a "Motion to Vacate Hearing," asking the Judge to cancel the July 12, 2011 hearing on Defendant's own Motion to Quash. Again, Defendant signed his Motion as "John Doe," and refused to comply with the Rule that required him to sign his true name and provide his address and telephone number.

11.     Contrary to paragraphs 9 and 10 of the Kain Declaration (which do not accurately recite the following facts), on July 12, 2011, Judge Manno-Schurr conducted a well reasoned hearing on the Motion to Quash which took at least fifteen (15) to twenty (20) minutes, and she also considered Defendant's Motion to Vacate Hearing during that hearing. Despite having knowledge of this hearing, Defendant was not present and he did not retain counsel to represent him at the hearing.

12.     During the hearing, Judge Manno-Schurr carefully considered, *inter alia*: (a) Defendant's Motion to Vacate Hearing;  (b) Defendant's Motion to Quash; (c) the arguments and case Defendant cited in his Motion to Quash; (d) the actual blog entries Defendant posted on the blog that are the subject of this case; (e) Defendant's Request for Production of Documents and Request for Admissions; and (f) Fla. R. Jud. Adm. 2.515(b) and case law construing the rule.

13.     Defendant's blog entries include, but are not limited to, articles entitled "R.K. Associates' Attempts to Rip-Off Florida Doctor Failed," "Why Raanan Katz Can Get Away with Breaking the Law," and "How RK Associates Ripped Off the Single Mother of Special Needs Child." These titles in and of themselves demonstrate that Defendant has published defamatory *per se* statements attacking Plaintiffs in their business or profession, and depict Plaintiffs as criminals.

14.     The following defamatory statements also appear in Defendant's blog (although since the filing of this case Defendant has altered the blog to hide his defamatory conduct):  (a) "Bottom line, when you sign a lease with RK Associates, *Raanan Katz goes after YOUR money no matter what*"; (b) "If you do not want to lose your business, your investment, your ideas think twice, talk to their tenants, and do your research to *learn what can happen to you after signing the lease with the landlord like RK Associates*"; and (c) "Raanan Katz called himself a dedicated jew. *Raanan Katz and Daniel Katz are the most immoral human-being[s] in the world.  They are dare enough [sic] to take bread from little Jewish special needs child to support their luxury lifestyle*." [D.E. 16-1].

15.     Defendant concludes his blog entries with the pseudonym "Always True," and stated on the blog (in an entry that Defendant removed since this case was commenced, without revealing this to the Court) that the blog contains "the most accurate information" about Plaintiffs.

4

16.     After reading the allegations of the Complaint, analyzing Defendant's legal position and the cases it relied upon, and after reading the blogs, the Judge denied the Motion to Quash, finding that the Motion to Quash was without merit. The Judge "further denied" the Motion to Quash because it failed to comply with Fla. R. Jud. Adm. 2.515(b). The Judge also entered an Order striking the Motion to Vacate Hearing for failure to comply with Rule 2.515(b).

17.     I personally attended the July 12, 2011 hearing and observed all of the foregoing in person. Neither Defendant nor Mr. Kain, nor anybody else representing them, attended the July 12, 2011 hearing, nor have they ever inquired of the Plaintiffs, the undersigned, or anyone else representing the Plaintiffs as to what occurred at the hearing as is accurately described above.  Nor was there a court reporter at the hearing.  It is therefore perplexing how Mr. Kain can state in the Kain Declaration that it was made "of [his] own knowledge" or "upon information and belief and are believed to be true."  In fact, all of Mr. Kain's statements that contradict the foregoing are completely false.

18.     Defendant made an appearance in the Defamation Case and actively sought affirmative relief from the Court thereby waiving the requirement of service of process, yet Defendant did not file an Answer or a Motion to Dismiss the Complaint.  As a result, Plaintiffs filed a Motion for Default against Defendant on July 13, 2011.  The hearing on the Motion for Default was scheduled for July 26, 2011.  Again, it was apparent that Defendant obtained notice of the hearing on the Motion for Default from the Court's online docket.

19.     In stark contrast to (and directly the opposite of) the contentions made in paragraph 16 of the Kain Declaration: (a) Fla. Stat. § 770.01 does not apply to this case as discussed at length in Plaintiffs' Opposition to the Motion to Dismiss, and in any event Plaintiffs pled in the Complaint that all conditions precedent to Defamation Case have occurred; (b) the undersigned personally provided Judge Manno-Schurr with a printout of Defendant's blog and

she actually read the Defendant's blog entries; (c) Judge Manno-Schurr considered the relevant case law, including the case cited by Defendant in his Motion to Quash (which supported Plaintiffs' position); (d) Defendant did not have any "constitutional predicament" as he obviously could have, and indeed ultimately did, retain counsel to represent him (albeit after the Judge denied Defendant's Motion to Quash; (e) more than twenty (20) days elapsed after Defendant became aware of the Defamation Case, appeared in the case and sought affirmative relief, and filed his Motion to Quash seeking the involvement of and ruling from the court before the Judge denied the Defendant's Motion to Quash; and (f) Judge Manno-Schurr spent a considerable amount of time during the hearing reviewing the Complaint, analyzing the Motion to Quash and the Defendant's position and case stated therein, the blogs and the law before making her ruling.

20.    The undersigned does not believe Plaintiffs are public figures for the reasons discussed in Plaintiffs' Opposition to the Motion to Dismiss. Even so, the Complaint contains allegations that Defendant's publications are defamatory *per se*, and the Complaint even alleges actual malice.

21.    Of course, the determination of whether Defendant truly published its false statements with actual malice requires the Defendant to testify and to make his state of mind known on the record. Besides being beyond the scope of a Motion to Dismiss or a Motion to Quash, Defendant continues to hide from this Court and Plaintiffs, and is using his anonymity as both a sword and shield.

22.    On July 22, 2011—thirty (30) days after Defendant first appeared *pro se* and actively litigated in State Court—Defendant's counsel represented to Plaintiffs' counsel that the anonymous Defendant is not Plaintiffs' competitor.

23.     On July 26, 2011—thirty-four (34) days after Defendant waived service of process by actively litigating and seeking affirmative relief in the State Court, fourteen (14) days after the State Court denied Defendant's Motion to Quash, and on the day a hearing was scheduled on Plaintiffs' Motion for Default (due to Defendant's failure to file an Answer or Motion responding to the Complaint)—Defendant filed his Notice of Removal.    Accordingly, the hearing on the Motion for Default did not take place.

24.     Faced with representations that Defendant was not Plaintiffs' competitor, given the additional blogs that Defendant published since the Complaint had been filed, and because Plaintiffs preferred to pursue their claims for defamation *per se* and libel, instead of exposing themselves to paying attorneys' fees if Defendant was not a competitor, Plaintiffs dismissed Count III less than a week after first being contacted by Defendant's counsel, and one day after the Motion for Default became moot.

I hereby declare that all statements made herein are of my own knowledge and are true and correct and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001.

**Dated**:  September 1, 2011.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN
KATZEN & LEVINE, P.L.**

By:_____
        Todd A. Levine
        Florida Bar No. 899119
        tlevine@klugerkaplan.com