UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:11-cv-22657-MGC

R.K./Fl MANAGEMENT, INC., et. al
    Plaintiffs,
vs.
JOHN DOE,
    Defendant.

_____/

### DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO QUASH AND FOR PROTECTIVE ORDER

Defendant, JOHN DOE, (hereinafter "DOE") hereby files this Reply in support of its motion for reconsideration (D.E. 10) of the Florida State Court order denying his motion to quash and for a protective order, pursuant to Fed. R.Civ.P. 60(b) and Local Rule 7.1(f).

The State Court Judge made a clear error of law, failed to consider binding case law, and the Plaintiffs (RKA) did not bring such case law to the state court's attention.  These are the primary bases for a motion for reconsideration. Plaintiffs,' R.K./Fl MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ, (collectively "RKA") brief (D.E. 13) fails to provide a counter argument to DOE's position.  First Amendment principles, (i.e., free speech, fair comment, anonymous speech) are in play in this case, therefore this Court should not allow these errors and omissions to remain undisturbed.

RKA would have this Court believe that the State Court Judge considered all relevant case law. In other words, RKA asks this Court to believe that RKA presented binding case law,

1

which was contrary to their position. Although this was their duty under Fla. Rules Prof. Cond. 4-3.3(3), there is no indication that RKA's counsel discharged this duty. In fact, had RKA counsel done so, it is unlikely the State Court would have denied DOE's motion.

Prior to filing the instant motion, Counsel for DOE engaged in a pre-motion conference as required by Local Rule 7.1. RKA's counsel provided neither counter facts nor arguments to DOE. See Kain's Supplemental Declaration, attached hereto, Exhibit 1 (herein "Kain Supp. Decl."). Although DOE appreciates RKA counsel's recollection of events that occurred at the hearing, counsel for DOE did inquire about a hearing transcript and the length of the hearing and case law presented at the hearing. DOE's counsel Kain did conduct a reasonable investigation. See Exh. 1, Kain Supp. Decl. ¶ 2 - 7.

Despite RKA's attempts to argue other issues, such as waiver of service of process and remand, this motion is **only** about reconsideration of the motion to quash and DOE's protective order. All of the other arguments are red herrings and are irrelevant.

A: RKA's Position Continues to Lack Legal Support and Proof

RKA's opposition fails to indicate that the State Court ever considered Florida Supreme Court precedent on defamation. See, e.g., Internet Solutions Corp. v. Marshall, 39 So. 3d 1201 (Fla. 2010). Similarly, there is no indication that the State Court considered U.S. Supreme Court precedent on anonymous speech. See, e.g., McIntyre v. Ohio Elections Commission, 514 U.S. 334 (1995). Nor is there any indication that the State Court considered the standard for removing anonymity when defamation is alleged. See Dendrite Int'l v. Doe No. 3, 342 N.J. Super. 134, 775 A.2d 756, 761 (N.J. App. 2001), Mobilisa, Inc. v. Doe 1, 170 P.3d 712 (Ariz. Ct.

App. 2007), Krinksy v. Doe, 159 Cal. App. 4th 1154 (2008). This confirms that the State Court committed a clear error of law.

Plaintiffs' counsel's declaration fails to identify what case law was provided to the State Court Judge. There is no evidence that the State Court reviewed binding cases, or any other cases cited by DOE or RKA in this Federal Court. Hence, clear error has occurred. RKA's conclusory statement that the State Court reviewed "Defendants First Amendment Concerns" is simply not enough. RKA fails to identify a single case that was handed up at the hearing in RKA's efforts to unmask the identity of DOE. RKA failed to carry its burden at the State Court hearing and has failed to carry its burden in this reconsideration.

Courts no longer struggle with the issue of unmasking anonymous speakers online. When they are presented with the facts and the law, courts uniformly impose a heightened standard and additional requirements imposed on a court before deciding to allow the issuance of a subpoena to strip away a citizen's right to pseudonymously or anonymously comment on matters of public concern.

> Before authorizing subpoenas seeking to strip speakers of their First Amendment right to anonymity, courts require plaintiffs to make a preliminary showing that their complaint has merit. Dendrite v. Doe, 342 N.J. Super. 134, 775 A.2d 756 (N.J. Super Ct App. Div. 2001); Doe v. Cahill, 884 A.2d 451, 461 (Del. 2005). A growing number of courts have recognized that civil subpoenas seeking information regarding anonymous speakers raise First Amendment concerns. "If Internet users could be stripped of [their] anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic First Amendment rights." Accordingly, courts have "outlined strict rules for allowing a subpoena that has the effect of unmasking the identity of anonymous online speakers." Such rules serve the important purpose of "assess[ing] the viability of [a plaintiff's] claims before casting aside [the speaker's] anonymity, which once lost cannot be recovered." Although courts have adopted slightly different versions of the test, "[t]he case law . . . has begun to coalesce around the basic framework of the test articulated in Dendrite." The Dendrite court held that "[i]n addition to establishing that its action can withstand a motion to dismiss ..., the plaintiff must produce

> sufficient evidence supporting each element of its cause of action, on a prima facie basis, prior to a court ordering the disclosure of the identity of the unnamed defendant."

Koch Indus., Inc. v. Doe, 2011 U.S. Dist. LEXIS 49529, 26-27 (D. Utah May 9, 2011)(some citations omitted); see also Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128, 133 (D.D.C. 2009).

> In order to protect anonymous speech, efforts to use the power of the courts to discover the identities of anonymous speakers are subject to a qualified privilege. This privilege recognizes the Constitutional protection afforded pseudonymous speech over the internet, and the chilling effect that subpoenas would have on lawful commentary and protest. The application of procedures and standards for compelling the identification of anonymous online speakers "must be undertaken and analyzed on a case-by-case basis. The guiding principle is a result based on a meaningful analysis and a proper balancing of the equities and rights at issue."

USA Techs., Inc. v. Doe, 713 F. Supp. 2d 901, 906-907 (N.D. Cal. 2010)(granting motion to quash)(quoting Dendrite Int'l v. Doe No. 3, 342 N.J. Super. 134, 775 A.2d 756, 761 (N.J. App. 2001) (adopting a four-part test))(citations omitted).

Other courts have required a heightened pleading standard, wherein the plaintiff must submit evidence sufficient to defeat summary judgment. See Doe v. Cahill, 884 A.2d 451, 461 (Del. 2005); Best W. Int'l, Inc. v. Doe, No. 2006 U.S. Dist. LEXIS 56014, (D. Ariz. 2006). RKA's complaint fails to do this, continues to fail to meet this threshold, and given the facts of the case, RKA could never meet this standard. The fact is that there are legions of cases dealing with this exact topic (unmasking of an anonymous speaker), and the overwhelming tide demand that a plaintiff meet a high standard that RKA could never meet. Given this overwhelming wealth of authority, this Court must be as puzzled as DOE when considering the question: What case law could RKA have presented to the State Court in support of its position? More importantly: What case law must RKA have been aware of – yet it consciously chose to keep from the State Court? The continued silence as to what cases RKA presented in the State Court

proceeding leads to an inescapable conclusion that no cases were presented, and more likely controlling cases were not considered.

By way of example of what should have been reviewed by the State Court, RKA claims that the State Court reviewed all of the blog entries, copies of which were not attached to any pleading in this case.[1] RKA's brief fails to identify which blogs were presented to the Court. Instead, RKA states that "the blog entries that are the subject of this case" were provided. Levine Declaration ¶ 12, D.E. 32, pg. 23.  This is a cryptic and incomplete statement and highlights the failures of RKA to provide the State Court with any proof, let alone the heightened proof necessary.  It is clear that there was never an adequate presentation of reliable information.

To prevail in a defamation case, a **public figure** must show that the defendant published false information, and that the false information was published with **actual malice** - knowledge that the statement was false - or a reckless disregard for the truth. N.Y. Times Co. v. Sullivan, 376 U.S. 254 (1964).  With RKA as a public figure, it has a much higher burden to meet before it may unmask DOE's identity.  Since the complaint failed to meet this higher burden, then certainly it would have been required for RKA to make actual arguments proving up this higher burden at the hearing on the motion to quash.  The Order by the State Court is silent on this issue.  RKA's brief is silent on this issue.  RKA's attached affidavit is silent on this issue.  The silence is deafening, and it clearly shows what happened at the State Court level – a clear error of fact and law, assisted by the Plaintiff and contrary to Fla. Rule Prof. Cond. 4-3.3(3).  RKA fails

---

[1] Disturbingly, RKA's sworn affidavit contains clear factual errors.  The affidavit makes claims about blog entries titled "How RK Associates Ripped Off the Single Mother of Special Needs Child" as a basis for entries which were reviewed by the State Court. (See DE 32, p.23 ¶13). However, this entry was not published until after the hearing on the motion to quash. These statements cause serious pause and concern for DOE, and make RKA's recollection of events questionable at best, and should be cause for further inquiry by this Court into the ethics of counsel in this case.

to properly plead, let alone support, the actual malice standard required for public figures, and thus any grant of a right to issue the subpoena was improper.

Plaintiffs' Complaint is merely a recitation of the elements of defamation and not of any facts.  As a result, the State Court was required to make findings that RKA made a prima facie case of defamation with a heightened standard and/or the additional burdens in place when dealing with a public figure. There is no indication in the record that such evidence or arguments were ever presented to the State Court. Despite having ample opportunity to rebut these failures in its opposition brief, RKA has failed again.

B: The State Court Never Considered 770.01

RKA's brief fails to identify that the State Court considered 770.01 in any manner. Instead, RKA simply states that 770.01 does not apply. For the purposes of this motion for reconsideration, the failure of the State Court to consider 770.01 is also plain legal error. It is clear that 770.01 does apply as explained in multiple filings with this Court. With that understanding, RKA's brief fails to provide this Court with a single case citation it presented to the State Court during the hearing. Instead, RKA states in its opposition only, but not in Levine's Declaration, that the Court considered "additional authority." This conspicuous omission of specific facts in Levine's affidavit further confirms the absence of a meaningful review of the law by the State Court. This unidentified "authority" remains ambiguous in all RKA's pleadings, in both the State Court and this Court.

Additionally, RKA's brief and affidavit conspicuously fails to identify or attach any proof that it informed the court of its "conditions precedent" which it feverishly claims to have

complied with regarding 770.01. These failures are concrete proof that the State Court <u>did not</u> review established case law and procedural requirements. This is clear legal error. RKA failed to respond to this topic in any manner in its brief because no counter argument is available. RKA never complied with 770.01 and never informed the State Court of this obligation. Instead, RKA now hangs its hat on its theory that "770.01 does not apply." This does not correct the legal error of the State Court, nor does it wash away RKA's burden prior to a court-sanctioned endorsement of its desire to strip a citizen of his constitutionally-protected rights.

RKA attempts to refute the public figure status of RKA. This remains a source of continued misunderstanding of defamation law by RKA. However, in an effort to put this issue to bed once and for all, DOE would point this Court to Exhibit 2, attached. In a blog **owned, operated and fully controlled <u>by RKA</u>**, their own words prove up the public figure status. The sixth paragraph down in a post on June 2, 2011 specifically notes:

> Katz is the stuff of legend ... [and] there is hardly a business in sight that doesn't rest under his company's logo.

See Exh. 2.

RKA's own words, <u>written prior to the filing of the lawsuit</u>, prove up the public figure status of RKA. This blog is linked to all of the RKA websites and social media pages. The content and publication thereof was sanctioned and approved by RKA. Therefore, all counter-arguments by RKA regarding its public figure status should fall on deaf ears from this point forward. Naturally, this is the clearest example of RKA's disingenuous efforts to deny its public figure status, which status is so widely publicized and embraced by RKA.

Understanding the clear public figure status of RKA, it is axiomatic that a heightened pleading standard was required in order to obtain a subpoena and unmask the identity of DOE.

Nothing in RKA's brief hints at the concept that the State Court ever reviewed this heightened pleading standard. Nothing in any of the pleadings filed by RKA met this heightened pleading standard. Therefore, the State Court erred as a matter of law, and should not have permitted the issuance of a subpoena.

RKA so vehemently asserts that DOE, a blogger who owns and completely controls all the content on the blog located at www.rkassociatesusa.blogspot.com, is not a media defendant that RKA has given DOE and Attorney Kain a Rule 11 notice. See Kain Supp. Decl. ¶ 10, 11. In its motion to dismiss (D.E. 11), DOE cites Comis v. Van Voorhis, 2009 CA 15047-0 (Orange County, Fla. Jun . 28, 2011), wherein the State Court Judge found that a blogger was entitled to the 770 Notice prior to suit. Judge Leonard, in the Southern District of Florida, found that the Internet, and postings on the Internet, were subject to the 770 Notice. See Alvi Armani Med., Inc. v. Hennessey, 629 F. Supp. 2d 1302, 1307 (S.D. Fla. 2008). Judge Leonard stated:

> Defendants cite two Florida lower court cases which touch upon this issue, and which this Court finds to be persuasive. In Canonico v. Calloway, 35 Med. L. Rptr. 1549 (Fla. Cir. Ct. Feb. 22, 2007), the plaintiffs claimed that they were defamed by statements made "on television and/or the internet," which included a story that was posted on the defendants' internet website. Id. at 1550; see also id. at 1551. The court applied Section 770.01 and found that the plaintiffs did not comply with the five-day notice period therein; thus, the court concluded that it lacked subject matter jurisdiction on the plaintiffs' defamation claim. See id. at 1550-51. Further, in Holt v. Tampa Bay Television, Inc., 34 Med. L. Rptr. 1540, 1542 (Fla. Cir. Ct. Mar. 17, 2005), aff'd by 976 So. 2d 1106 (Fla. 2d. Dist. Ct. App. 2007), another defamation case, the plaintiff asserted that Section 770.01 did not apply to stories published on the internet, and therefore, no notice of the alleged defamatory statements was required. The court, however, held that the phrase "other medium" in Section 770.01 includes the internet. Id. In reaching this conclusion, the court reasoned that it could find no legitimate justification for interpreting the broad term "other medium" to exclude the internet, which, as the court found, "has become a recognized medium for communication to the masses." Id.

Alvi Armani Med., Inc. v. Hennessey, 629 F. Supp. 2d 1302, 1307-1308 (S.D. Fla. 2008)

8

Not only is RKA wrong in asserting Rule 11 against Defendant and his counsel but RKA is wrong in its assertion that DOE, who owns the domain www.rkassociatesusa.blogspot.com and controls all content on that Internet domain, is not a media defendant.

C:  RKA's Complaints About Attorney Kain

RKA spends significant time attacking DOE's attorneys regarding the basis of the motion and the declaration of Robert Kain. See Kain's Original Decl., D.E. 15-9.  The motion and declaration was based on reasonable information and investigation. On August 1, 2011, counsel for DOE sent RKA's counsel an email, to comply with this Court's pre-motion "meet and confer" requirement (L.R. 7.1), and laid out a summary of the grounds for DOE's motion for reconsideration.

> The primary grounds for the Recon Motion are: FRCP 60; mistake, inadvertence and excusable neglect; no copies of cases were presented to the State Court judge; the Judge held a 5 minute motion calendar hearing; Doe did not attend in order to protect his constitutional right to be anonymous; and Doe had not yet retained counsel to represent his position in the litigation.

See Robert Kain Supp. Decl., Exh. 1.

RKA never disputed any of these factual allegations and stood silent until after the motion for reconsideration was filed. DOE's attorney Kain relied upon RKA's silence and filed in this Court his original Declaration effectively repeating these alleged facts upon his information and belief.  Now there is record evidence presented through RKA's attorney, Todd Levine, in a declaration filed with RKA's Opposition brief. This evidence calls into question some of the factual inferences presented by DOE and Attorney Kain regarding the State Court hearing. DOE acknowledges that Attorney Levine was (a) at the hearing, (b) the hearing lasted

more than 5 minutes and (c) that some unidentified, unspecified case law was presented at the hearing. Otherwise, Levine's Declaration is flawed as discussed above. The record is devoid of evidence to establish that the State Court was presented with any relevant case law or statutes. The record is silent on any citation or discussion of the heighten pleading standard necessary to unmask an anonymous blogger journalist by using third party discovery tools.

**V. Conclusion**.

Plaintiffs have failed to adequately plead prima facie cases of defamation per se, libel, or false advertising as required by law. Plaintiffs failed to comply with Chapter 770 prior to filing their defamation lawsuit. As public figures, Plaintiffs' allegations are subject to higher standards than normal defamation actions, and a prima facie case has not been pled and cannot be found within their Complaint. Simply put, DOE's blog is not defamatory. Along the way, DOE was improperly denied due process based on procedural technical pleading failures, which were impossible to comply with, since DOE's identity was the precise issue in dispute.

For the reasons stated herein, DOE requests that this Court reconsider the State Court order and grant DOE's motion to quash.

Dated: Sept 12, 2011                           Respectfully submitted,

.                                              By: /RobertKain/_____
                                               Robert C. Kain, Jr. (266760)
                                               rkain@complexip.com
                                               Darren Spielman (010868)
                                               Dspielman@complexip.com
                                               Kain & Associates, Attorneys at Law, P.A.
                                               900 Southeast Third Avenue, Suite 205

Ft. Lauderdale, Florida 33316-1153
Telephone:    (954) 768-9002
Facsimile:     (954) 768-0158
Attorneys for Defendant, John Doe

Marc J. Randazza (625566)
Randazza Legal Group
6525 West Warm Springs Rd.  Ste. 100
Las Vegas, Nevada 89118
Phone: (888) 667-1113
Fax:    (305) 437-7662
mjr@randazza.com
Attorneys for Defendant Doe

## **CERTIFICATE OF SERVICE**

     I hereby certify that on ____Sept. 12, 2011_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428

                                                        /RobertKain/_____
                                                         Robert C. Kain, Jr.
                                                         Florida Bar No. 266760

plead-fed-mot-recon-reply-v4.doc