**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  11-22657-Civ-COOKE/TURNOFF**

R.K./FL MANAGEMENT, INC., *et al.*,

      Plaintiffs,

v.

JOHN DOE,

      Defendant.

_____/

**PLAINTIFFS' REPLY TO DEFENDANT'S**
**OPPOSITION TO PLAINTIFFS' REQUEST FOR ATTORNEYS FEES**

      Plaintiffs, R.K./FL MANAGEMENT, R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ (collectively, the "Plaintiffs"), through their undersigned counsel, submit this Reply to Defendant's Opposition to Plaintiffs' Request for Attorneys Fees (the "Opposition") against *anonymous* Defendant, JOHN DOE ("Defendant" and "he" for purposes of reference), and state as follows:

**I.      INTRODUCTION**

      Plaintiffs' Request for Attorneys' Fees and Costs in Connection with Motion to Remand and Incorporated Memorandum of Law Pursuant to 28 U.S.C. § 1447(c) (the "Request") [D.E. 30]  was a request to the Court which Plaintiffs filed in the nature of a supplement to their Motion to Remand.  [D.E. 10].  The Request was merely intended to notify Defendant and the Court that in the event the Court grants Plaintiffs' Motion to Remand, that Plaintiffs would seek to recover their attorneys' fees and costs.  The Request is not a "motion," and Defendant's Opposition is therefore improper.  Defendant has clearly misused the Opposition in another

attempt to attack the merits of Plaintiffs' Motion to Remand.  Accordingly, Plaintiffs have no choice but to reply to the positions Defendant has raised in the Opposition.

## II.   ARGUMENT

### A.   Plaintiffs Properly Filed their Requests for Oral Argument and the Request.

Defendant argues that Plaintiffs failed to comply with the local rules regarding pre-filing conferences for not only the Request, but also for their Request for Oral Argument on Defendant's Motion to Dismiss [D.E. 27] and their Request for Oral Argument on Plaintiff's Motion to Remand [D.E. 29] (collectively, the "Requests for Oral Argument").  This is incorrect. Plaintiffs filed the Requests for Oral Argument pursuant to Local Rule 7.1(b)(1), and they are not subject to the provisions of Local Rule 7.1(a)(3).  Moreover, the Request is merely a supplement to Plaintiffs' Motion to Remand.  Accordingly, Plaintiffs' Requests for Oral Arguments and the Request are proper, and this Court should reject Defendant's argument to the contrary.

### B.   The Request is Appropriate to Avoid a Waiver.

Defendant argues that Plaintiffs failed to comply with Local Rule 7.3 because motions for attorneys fees should not be filed until after an order "giving rise to the claim" and after a "good faith conference between the parties."  Opposition, at 2.  Defendant clearly ignores that the Request is not a motion at all, and Defendant's argument is therefore flawed.

Defendant argues that a motion for attorneys' fees should not be filed until after an order is entered "giving rise to the claim."  Local Rule 7.1(a)(1).[1]  This is not at issue.  As discussed above, Plaintiffs merely filed the Request as a supplement to Plaintiffs' Motion to Remand to ensure that Defendant would not argue Plaintiffs waived their right to seek an award of

---

[1]    In Defendant's Opposition, Defendant incorrectly cites to Local Rule 7.3(a)(3) for the following quote:  "giving rise to the claim."  Local Rule 7.3(a)(3) reads "state the amount sought," whereas Local Rule 7.3(a)(1) includes "giving rise to the claim."  Therefore, Plaintiffs reply addresses Local Rule 7.3(a)(1).

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

attorneys' fees and costs if this Court grants Plaintiffs' Motion to Remand.  Thus, Local Rule 7.1(a)(1) does not apply.

Moreover, Defendant improperly argues that Plaintiffs failed to follow Local Rule 7.3(b)'s good faith conference requirement.  Local Rule 7.3(b) applies to motions for attorneys' fees, not requests that are filed as a supplement to a motion which has been filed after a party's good faith effort to resolve the issues by agreement.[2]  Accordingly, Plaintiffs' Request is proper.

### C.   Defendant's Removal was Untimely.

Defendant's Opposition improperly addresses the merits of Plaintiffs' Motion to Remand [D.E. 10] and Plaintiffs' Reply to Defendant's Opposition to Motion to Remand [D.E. 23].  Defendant argues that the "thirty day clock for removal only begins after service of the complaint."  Opposition, at 3.  Defendant's argument is wrong.

Defendant cites *Clena Investments, Inc. v. XL Speciality Ins. Co.*, No. 10-62028-Civ, 2011 WL 1467216, at *2 (S.D. Fla. Apr. 18, 2011) and argues that it "debunk[s]" Plaintiffs' position that Defendant's waiver of service of process began the thirty (30) day clock for removal.  *Clena*, however, does not address waiver of service of process.  Defendant has failed to cite a single case in which service of process was waived prior to removal.  In *Fifth Third Bank*

---

2       Plaintiffs filed their Motion to Remand this case on July 27, 2011.  [D.E. 10].  Plaintiffs' Motion to Remand was essentially a response to Defendant's Notice of Removal.  [D.E. 1].  Defendant's counsel, Robert Kain ("Mr. Kain"), personally hand-delivered the Notice of Removal to the undersigned, who advised Mr. Kain at that time that Plaintiffs would be seeking remand to state court.  Mr. Kain did not agree to the remand, as further evidenced by Defendant's Opposition to Motion to Remand.  [D.E. 13].  Undersigned counsel inadvertently did not include a certification of good faith compliance with Local Rule 7.1(a)(3) in the Motion to Remand because the motion was in essence a response to the Notice of Removal and because it was obvious that Defendant opposed the remand.  Even so, on September 6, 2011, Plaintiffs filed a Notice of Compliance with Local Rule 7.1 to inform the Court of Plaintiffs' good faith effort prior to filing their Motion to Remand.  [D.E. 33].

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

*v. U.S. Golf & Sport Centers, Inc.*, No. 3:10 CV 2451, 2011 WL 3288420, at *3 (N.D. Ohio Aug. 1, 2011), the court stated:

> Although the Supreme Court emphasized in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) that the 30 day time period to file a notice of removal does not begin to run until a defendant has been properly served, **the Court finds that the Bells waived their right to raise this issue** by voluntarily entering into settlement agreements overseen by the state court, and by **filing several motions in state court prior to raising the defense of insufficient service of process.**

Similarly, in *McZeal v. EMC Mortgage Corp.*, No. H-09-1490, 2009 WL 1684639, at *2 (S.D. Tex. June 16, 2009), the Southern District Court of Texas determined that the thirty (30) day removal deadline began to run on the date the defendant waived service of process by voluntarily answering the complaint.

Moreover, Defendant actually cited to case law that supports Plaintiffs' position in Defendant's Opposition to Motion to Remand.  [D.E. 13]  In *Cruz v. Lowe's Home Centers, Inc.*, No. 8:09-cv-1030-T-30MAP, 2009 WL 2180849, at * 3 (M.D. Fla. July 21, 2009), the court stated that "[i]n order to waive the right of removal, a defendant must proceed in state court despite having notice of its rights to remove the case."  Here, Defendant actively litigated in the state court despite having notice of his right to remove this case pursuant to the federal question jurisdiction then existing under Count III (which has since been rendered moot as a result of the dismissal of Count III).  Therefore, Defendant triggered the thirty (30) day window for removal under § 1446(b) by waiving service and actively litigating, and Defendant did not file the Notice of Removal until thirty-four (34) days had elapsed.  Defendant therefore waived any right to removal, and this case must be remanded.

### D.     Defendant is Clearly Engaging in Improper Forum-Shopping.

Defendant has the audacity to accuse Plaintiffs of forum-shopping when it is obvious that it is Defendant who is engaging in "a transparent attempt at jurisdictional gamesmanship." [D.E. 13, at 2].  A plaintiff clearly has the right to choose its own forum.  *Harris Corp v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1150 (M.D. Fla. 2000).  A plaintiff's choice of forum is given great deference by the court and "federal courts have fashioned a presumption in favor of remand to state court." *Id.* at 1151; *see also Kinney System, Inc. v. Continental Ins. Co.*, 674 So. 2d 86, 89, 91 (Fla. 1996) ("a strong presumption favors the plaintiff's choice of forum").

Plaintiffs chose to file their action in state court, where Defendant also actively sought affirmative relief.  Defendant then engaged in "jurisdictional gamesmanship" by waiting until after the time to remove had expired to seek to appeal the state court's rulings to this Federal Court, and by inventing a meritless "Counter-Complaint"—which Defendant filed as an independent action—in an obvious attempt to manufacture a basis for jurisdiction, knowing full well that he had no right to removal.   "A defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity." *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Vir. 1991); *see also Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F. Supp. 1476, 1479-80 (C.D. Ill. 1984).[3]

---

3     Moreover, unlike *Lietaert v. American Red Cross*, No. 10-81282-CIV, 2011 WL 94192 (S.D. Fla. Jan. 11, 2011), a case relied upon by Defendant, where a plaintiff attempted to drop a party to remand the action back to state court and the court denied remand, Plaintiffs have not dropped a party from this action.  Plaintiffs, instead, have only dismissed a single claim.  Upon remand to the state court, Defendant will have every opportunity to defend and pursue claims (if any truly exist).  Thus, Defendant's argument in his Opposition to Motion to Remand that a

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

Defendant has revealed that he actually seeks to appeal the state court's denial of Defendant's Motion to Quash.  This is clear from Defendant's Motion for Reconsideration, which he filed with this Court after he improperly removed the case.  [D.E. 15].  Defendant is obviously forum-shopping to improperly appeal the state court's Order denying Defendant's Motion to Quash.  Defendant's actions are improper, he has unequivocally waived his right to remove this action, and the case should be remanded to the state court.

### III.   **CONCLUSION**

Plaintiffs filed their Request for Attorneys Fees as a supplement to Plaintiffs' Motion to Remand to avoid waiving a right to attorneys' fees if they prevail on their Motion to Remand, and not as a "motion" seeking the immediate award of attorneys' fees.  As such, Local Rule 7.1, which applies to motions filed with this Court, does not apply.  Defendant improperly filed the Opposition in an effort to attack the merits of Plaintiffs' Motion to Remand.  This Court should disregard Defendant's Opposition and the arguments raised therein, should remand this case to state court, and upon motion from the Plaintiffs, should award Plaintiffs their attorneys' fees and costs.

---

remand would deny him "his opportunity at defending and pursuing claims" is specious.  [D.E. 13, at 6].

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131  305.379.9000

Respectfully submitted,

By: s/Alan J. Kluger
    Alan J. Kluger
    Fla. Bar No. 200379
    akluger@klugerkaplan.com
    Todd A. Levine, Esq.
    Fla. Bar No. 899119
    tlevine@klugerkaplan.com
    Lindsay B. Haber, Esq.
    Fla. Bar No. 85026
    lhaber@klugerkaplan.com
    KLUGER, KAPLAN, SILVERMAN,
    KATZEN & LEVINE, P.L.
    Miami Center, Seventeenth Floor
    201 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: (305) 379-9000
    Facsimile: (305) 379-3428
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 12, 2011, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF System. **I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 12th day of September, 2011 to: **Robert C. Kain, Jr.**, Kain & Associates, Attorneys at Law, P.A., 900 Southeast Third Avenue, Suite 205, Ft. Lauderdale, Florida 33316.

By:      s/Alan J. Kluger
           Alan J. Kluger

## SERVICE LIST

Alan J. Kluger
Fla. Bar No. 200379
akluger@klugerkaplan.com
Todd A. Levine
Fla. Bar No. 599119
tlevine@klugerkaplan.com
Lindsay B. Haber
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
2001 South Biscayne Blvd.
Miami, Florida 33131
Telephone:     (305) 379-9000
Facsimile:     (305) 379-3428
*Attorneys for Plaintiffs*

Robert C. Kain, Jr.
Fla. Bar No. 266760
rkain@complexip.com
Darren Spielman
Fla. Bar No. 010868
dspielman@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southwest Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone:  (954) 768-9005
Facsimile:     (954) 768-0158
*Attorneys for Defendant*

Marc J. Randazza
Cali. Bar No. 625566
mjr@randazza.com
Randazza Legal Group
10620 Southern Highlands Pkwy. #110-454
Las Vegas, Nevada 89141
Phone:  (888) 667-1113
Facsimile:   (305) 437-7662
*Attorneys for Defendant*

8