UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-CIV-22657-COOKE/TURNOFF

R.K./FL MANAGEMENT, INC., *et al*,

    Plaintiffs,
v.

JOHN DOE,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTER-COMPLAINT**

Plaintiffs, R.K./FL MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ and DANIEL KATZ (collectively, the "Plaintiffs"), hereby file this Motion to Dismiss the Counter-Complaint filed by Defendant, JOHN DOE ("Defendant," "John Doe" or "he" for convenience purposes), and state as follows:

    I.    **INTRODUCTION**

On May 3, 2011, John Doe began anonymously publishing false and defamatory blog entries about Plaintiffs on the internet at **www.rkassociatesusa.blogspot.com** and **www.blog.co.uk/user/alwaystrue** (collectively, the "Blogs").  In an effort to prevent the ongoing injury caused by John Doe's continuous barrage of defamatory statements, on June 9, 2011 Plaintiffs filed a Complaint in state court alleging claims for defamation *per se* (Count I), libel (Count II) and false advertising (Count III).

Plaintiffs first suspected that John Doe was a competitor, and therefore included a claim for false advertising in their Complaint.  However, thirty (30) days after John Doe first appeared *pro se* and actively litigated in the Eleventh Circuit in and for Miami-Dade County, Florida

("State Court"), John Doe's counsel represented to Plaintiffs' counsel that John Doe is not a competitor. As a result of counsel's representation, given the additional blogs John Doe had published since the Complaint's filing, and because the crux of Plaintiffs' grievances are for defamation *per se* and libel, instead of exposing themselves to paying attorneys' fees if John Doe was not a competitor, on July 27, 2011 Plaintiffs voluntarily dismissed Count III.

However, on July 26, 2011 (and unbeknownst to Plaintiffs at that time) John Doe filed a "Counter-Complaint" against Plaintiffs, purporting to seek a declaratory judgment based on Count III of the Complaint. Plaintiffs and their counsel were not aware of the Counter-Complaint until they received it from Defendant's counsel on July 29, 2011 – two days after Plaintiffs had already voluntarily dismissed Count III with prejudice. Moreover, although captioned "Counter-Complaint" (conveying Defendant's clear understanding that the Counter-Complaint arose out of the same facts and occurrences as Plaintiffs' claims against him), John Doe filed the Counter-Complaint as an independent and separate lawsuit. Defendant then filed two Motions to Consolidate Actions, seeking to consolidate his Counter-Complaint with this case, again clearly acknowledging that the Counter-Complaint was filed in response to Plaintiffs' Complaint.

As discussed below, Defendant cannot anonymously maintain his Counter-Complaint under the fictitious name "John Doe," and his Counter-Complaint fails to state a claim upon which relief may be granted. Moreover, John Doe's Counter-Complaint is clearly a disingenuous attempt to forum-shop and judge shop. Further, Defendant's Counter-Complaint is nothing more than a denial of the voluntarily-dismissed Count III of Plaintiffs' Complaint. Count III was properly dismissed by Plaintiffs, rendering the Counter-Complaint moot;

Defendant therefore seeks an improper advisory opinion from this Court through his disingenuous Counter-Complaint.

"John Doe" cannot be permitted to use anonymity as a sword and shield, forum shop, and judge shop. His use of the Counter-Complaint in an effort to create federal question jurisdiction is also improper. Finally, Defendant's Counter-Complaint fails to state a cause of action. Accordingly, the Counter-Complaint should be dismissed.

## II.     ARGUMENT

### A.     The Standard on a Motion to Dismiss.

A motion to dismiss "tests the legal sufficiency of the factual allegations in the complaint" and does not determine any factual issues. *Bonita Villas Condominium Assoc'n v. Empire Indemnity Ins. Co.*, No. 09-21887-CIV, 2010 WL 2541763, at *2 (S.D. Fla. June 23, 2010). The court is confined to the well-pled facts alleged in the four corners of the complaint. *Meeks v. Murphy Auto Group, Inc.*, No. 8:09-cv-1050-T-TBM, 2009 WL 3669638, at *2 (M.D. Fla. October 30, 2009). The court must therefore take every allegation of the complaint as true and all reasonable inferences drawn therefrom must be construed in favor of the non-moving party. *See Bonita Villas*, 2010 WL 2541763, at *2 ("the court accepts all well-pleaded allegations as true and views the pleadings in the light most favorable to the [non-moving party]").

### B.     "John Doe" Cannot Maintain a Counter-Complaint under a Fictitious Name.

"John Doe" cannot maintain the Counter-Complaint under a fictitious name and attempt to prosecute the case anonymously. For this reason alone, the Counter-Complaint should be dismissed.

"The title of a complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). This is because "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Thus, absent exceptional circumstances (which do not exist here), "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992) (affirming denial of the plaintiff's motion to remain anonymous) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir.1979)).

In *Doe v. Frank*, an anonymous plaintiff filed an action against the Postal Service for removal from employment in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791-794. *Frank*, 951 F.2d at 322. The Postal Service filed a motion to dismiss based on the plaintiff's violation of Fed. R. Civ. P. 10(a), which requires a plaintiff to include the names of all parties in the complaint. *Id.* The plaintiff filed a motion to proceed under a fictitious name, which the court denied and "expressed its intention to grant the Postal Service's motion to dismiss if [the plaintiff] did not file an amended complaint within twenty days of the order substituting his full legal name." *Id.*

The *Frank* court then set forth the test for permitting a plaintiff to proceed anonymously. *Id.* at 323. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981). *Stegall*, cited in *Frank*, catalogued circumstances which may allow a party to remain anonymous. *Stegall*, 653 F.2d at 186. Those circumstances include:

   (1) plaintiffs challenging governmental activity;
   (2) plaintiffs required to disclose information of the utmost intimacy; and
   (3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

*Stegall*, 653 F.2d at 185.  Moreover, "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."  *Frank*, 951 F.2d at 324.

The "John Doe" in the case *sub judice* does not meet the test for permitting a plaintiff to proceed anonymously.  John Doe has merely brought a claim for declaratory relief that he is not liable for his defamatory statements under the Lanham Act.  In addition to being a moot point as Count III was dismissed, John Doe is not challenging governmental activity, is not required to disclose information of the utmost intimacy, and is not risking criminal prosecution by including his name on the Counter-Complaint.  In fact, this case is highly sensitive and of a personal nature to Raanan Katz, Daniel Katz, and their corporations--*not to John Doe*.  John Doe should not be entitled to prosecute this case under a fictitious name, thereby using anonymity as both a sword and a shield.  Consequently, this Court should dismiss the Counter-Complaint.

      **C.**    **The Counter-Complaint Fails to State a Claim Upon Which Relief May be Granted.**

Counts I and II of the Counter-Complaint are duplicative counts for Declaratory Judgment that John Doe did not violate 15 U.S.C. § 1125(c).  Both Counts fail to state a claim upon which relief may be granted.

To assert a claim for Declaratory Judgment in federal court, Defendant must state a claim for relief pursuant to 28 U.S.C. § 2201.  *Advanced Fluids Solutions, LLC v. Nat'l Assoc. for Stock Car Auto Racing, Inc. (NASCAR)*, No. 6:11-cv-16-Orl-22KRS, 2011 WL 3627413, at *4 (M.D. Fla. July 26, 2011).  "As a practical matter, however, the elements required under the

5

federal or [Florida] state declaratory judgment acts are not materially different." *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008).

The Eleventh Circuit has held that a party seeking a declaratory judgment must have "standing" to invoke the federal court power. *Malowney v. Fed. Collection Deposition Group*, 193 F.3d 1342, 1346 (11th Cir. 1999). To have standing, a party "must allege facts from which it appears there is a substantial likelihood that he will **suffer injury in the future**." *Id.* (emphasis added). Moreover, the Florida Supreme Court delineated the elements of a claim for declaratory relief:

> [I]t should be clearly made to appear that there is **a bona fide, actual, present practical need for the declaration**; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court . . . and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

*May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952) (emphasis added).

Defendant fails to allege in the Counter-Complaint that he has a "bona fide, actual, present practical need for the declaration" or that "he will suffer injury in the future." *May*, 59 So. 2d at 639; *Malowney*, 193 F.3d at 1346. In fact, he cannot even make these allegations in good faith, as the basis for the Counter-Complaint (the former Count III of Plaintiffs' Complaint) was previously dismissed with prejudice. Because he has not properly alleged, and cannot properly allege, a claim for Declaratory Judgment, Defendant lacks standing to obtain declaratory relief concerning 15 U.S.C. § 1125(c), and this Court should dismiss the Counter-Complaint for failure to state a claim upon which relief may be granted.

### D.    Defendant is Clearly Forum Shopping and Judge Shopping.

Defendant's filing of the Counter-Complaint is also clearly an improper attempt to forum-shop and judge shop this case. Contrary to Defendant's machinations, a plaintiff clearly has the right to choose its own forum. *Harris Corp v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1150 (M.D. Fla. 2000). A plaintiff's choice of forum is given great deference by the court and "federal courts have fashioned a presumption in favor of remand to state court."[1] *Id.* at 1151; *see also Kinney System, Inc. v. Continental Ins. Co.*, 674 So. 2d 86, 89, 91 (Fla. 1996) ("a strong presumption favors the plaintiff's choice of forum").

Plaintiffs chose to file their action in State Court, where Defendant also sought affirmative relief by filing various Motions and pursuing discovery. Defendant then engaged in "jurisdictional gamesmanship" by waiting until after the time to remove had expired to seek to appeal the State Court's rulings to this Federal Court, and by inventing a meritless "Counter-Complaint"—which he filed as an independent action—in an obvious attempt to manufacture a basis for jurisdiction, knowing full well that he had no right to removal.

Moreover, Defendant has revealed that he actually seeks to appeal the State Court's denial of Defendant's Motion to Quash in this Federal Court. This is clear from Defendant's Motion for Reconsideration, which he filed with this Court after he improperly removed the case. [D.E. 15]. Defendant is obviously forum-shopping to improperly appeal the State Court's Order denying Defendant's Motion to Quash. "A defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity." *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Vir. 1991);

---

[1] Plaintiffs' Motion for Remand has been fully briefed and is pending in this Court. [D.E. 10].

*see also Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F. Supp. 1476, 1479-80 (C.D. Ill. 1984).

### E. Defendant's Counter-Complaint is Merely a Denial of Count III.

It is also axiomatic that a defendant may not create a federal question through its defense. *See, e.g., Air Express Int'l, Inc. v. Aerovias de Mexico S.A. DE C.V.*, 977 F. Supp. 1191, 1193 (S.D. 1997) ("A defense that raises a federal question is inadequate to invoke federal question jurisdiction."). With this backdrop, and with Defendant's knowledge that there is no basis for removal, Defendant filed a spurious "Counter-Complaint" with this Court on July 26, 2011, hoping to create a federal question. In reality, however, the "Counter-Complaint" is nothing more than a denial or defense of the dismissed Count III, as it merely seeks a declaratory judgment that Defendant is not liable to Plaintiffs under Count III. Of course, however, denial or defense of the dismissed Count III is moot as Plaintiffs have dismissed it with prejudice and have demonstrated that they are not pursuing claims against John Doe under the Lanham Act. *See, e.g.*, *Blair v. Martin County Sheriff's Dept.*, No. 92-14107-CIV-KEHOE, 1993 WL 757478, at *3 (S.D. Fla. Mar. 1, 1993) (a plaintiff's voluntary dismissal of a count moots any pending motions based on the dismissed count). In addition to being moot, the "Counter-Complaint" seeks an impermissible advisory opinion from this Court. *See, e.g., Fla. Assoc. of Rehabilitation Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Servs.*, 225 F.3d 1208, 1218 (11th Cir. 2000) ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion."). Thus, for these additional reasons, the Counter-Complaint should be dismissed with prejudice.

**WHEREFORE**, Plaintiffs, R.K./FL MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ and DANIEL KATZ, respectfully request that this Court enter an Order dismissing Defendant's Counter-Complaint with prejudice, and awarding Plaintiffs their attorneys fees, costs, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: s/Alan J. Kluger
Alan J. Kluger
Fla. Bar. No. 200379
akluger@klugerkaplan.com
Todd A. Levine, Esq.
Fla. Bar No. 899119
tlevine@klugerkaplan.com
Lindsay B. Haber, Esq.
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 21, 2011, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF System. **I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 21st day of September, 2011 to: **Robert C. Kain, Jr.**, Kain & Associates, Attorneys at Law, P.A., 900 Southeast Third Avenue, Suite 205, Ft. Lauderdale, Florida 33316.

By:   s/Alan J. Kluger
Alan J. Kluger

**SERVICE LIST**

Alan J. Kluger
Fla. Bar No. 200379
akluger@klugerkaplan.com
Todd A. Levine
Fla. Bar No. 599119
tlevine@klugerkaplan.com
Lindsay B. Haber
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
2001 South Biscayne Blvd.
Miami, Florida 33131
Telephone:   (305) 379-9000
Facsimile:   (305) 379-3428
*Attorneys for Plaintiffs*

Robert C. Kain, Jr.
Fla. Bar No. 266760
rkain@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone:   (954) 768-9002
Facsimile:   (954) 768-0158
*Attorneys for Defendant*