UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:11-cv-22657-MGC

R.K./Fl MANAGEMENT, INC., et. al
Plaintiffs,
vs.
JOHN DOE,
Defendant.
_______________________________________/

**DEFENDANT/COUNTER-CLAIMANT'S MOTION TO REMAIN ANONYMOUS**

Defendant/Counter-Claimant, JOHN DOE, (hereinafter "DOE") hereby files this motion to appear and remain anonymous, using the pseudonym JOHN DOE regarding the issues in this case and in its defense of Plaintiffs, R.K./Fl MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ, (collectively "RKA") claims (DE 1-3). As a counter-claimant, DOE seeks a declaratory judgment under §43(a) of the Lanham Act (no monetary relief or injunctive relief is sought).

**Background**

This case originated at the state court level, wherein RKA filed a three count complaint alleging defamation and false advertising under §43(a) of the Lanham Act, 15 U.S.C. §1125, on June 9, 2011. On July 26, DOE filed a Notice of Removal to this Court. (DE 1). Also on July 26, DOE filed a related federal count complaint (now consolidated into this action, see Order DE 19) wherein DOE seeks a limited declaratory judgment ruling that DOE did not engage in false advertising or trademark infringement as specifically alleged in RKA's pending Complaint. (See

1:11-cv-22672-MGC, DE 1). The next day, RKA voluntarily dismissed its §43(a) False Advertising count with prejudice and without explanation. (DE 6). This Court consolidated the proceedings making this a singular case. (DE 19). DOE continues to fear RKA's Lanham Act claims since (1) RKA's Lanham Act facts remain in its Complaint, and (2) Lanham Act violations are continuing torts. More recently, RKA has filed a Motion to Dismiss DOE’s Counter-complaint. (DE 40). Among its arguments for dismissal, RKA alleges that DOE cannot maintain the suit as an anonymous party. (DE 40, p. 3-5). Although DOE’s arguments herein are similar to its Opposition to the Motion to Dismiss, the instant motion is necessary to obtain the requested relief to remain anonymous.

It is fundamentally important to note that DOE is a Defendant in this case, and the filing of DOE’s Declaratory Judgment claim was a counter-claim. DOE did not originate this battle with Plaintiffs RKA. The original reason for the separation of the two cases was a procedural mechanism beyond DOE’s control, in that the parent case was based on removal under 28. U.S.C. §1446-47. Thus, DOE brought the Counter-complaint under separate filing and immediately sought consolidation. This is important because it is RKA who brought on this dispute. DOE is not seeking any monetary damages nor injunctive relief against RKA.

**Legal Standard**:

Recently, the Eleventh Circuit addressed the review standard and mechanisms for Court’s to permit parties to proceed anonymously. Generally, “Federal Rule of Civil Procedure 10(a) requires that ‘every pleading’ in federal court ‘must name all the parties.’ Fed. R. Civ. P. 10(a) (2010). ‘This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.’” Plaintiff B

v. Francis, 631 F.3d 1310, 1315 (11th Cir. Fla. 2011)(citations omitted). However, the court in Plaintiff B made the following important distinction:

> Nonetheless, the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " In evaluating whether a plaintiff has shown that he has such a right, the court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."

Id. at 1315-1316(citations omitted)

The court in Plaintiff B went further to note the extensions and lengths with which a Court may and should go to determine the application of a parties motion to remain anonymous.

> After the *Stegall* court clarified that the three-part *SMU* test was only the first step for evaluating whether to let a plaintiff proceed to trial anonymously, **courts have considered other contexts in analyzing all the circumstances of a given case**. Courts have looked at factors such as whether the plaintiffs were minors, whether they were **threatened with violence or physical harm** by proceeding in their own names, and **whether their anonymity posed a unique threat of fundamental unfairness to the defendant**.

Id at 1316 (11th Cir. 2011)(emphasis added)(citing Doe v. Stegall, 653 F.2d 180, 183 (5th Cir. Unit A Aug. 1981)).

The Eleventh Circuit also previously explained:

> However, courts have carved out a limited number of exceptions to the general requirement of disclosure, which permit plaintiffs to proceed anonymously."The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."

Roe v. Aware Woman Ctr. for Choice, 253 F.3d 678, 684-685 (11th Cir. 2001)(citations omitted).

Other courts across the country have also addressed the ability to permit a party to proceed anonymously, and the Second Circuit Court of Appeals, compiled a detailed and non-exhaustive list of those considerations.

> We note with approval the following factors, with the caution that **this list is non-exhaustive and district courts should take into account other factors relevant**

> **to the particular case under consideration**: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) **"whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,"** (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,"(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age,(5) whether the suit is challenging the actions of the government or that of private parties,**(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court**; **(7) whether the plaintiff's identity has thus far been kept confidential (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,";** and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189-190 (2d Cir. 2008)(citations omitted)(emphasis added); see also Doe v. Heil, 2008 U.S. Dist. LEXIS 94551 (D. Colo. Nov. 13, 2008)

**Analysis**

A review of relevant factors for determination of maintaining and proceeding under a pseudonym is necessary.

(a) Whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties.

DOE has a legitimate fear of both physical and mental harm, including those harms being extended to DOE's family. A more full explanation of those fears and harms is provided in the detailed declaration provided herewith as Exhibit 1. DOE has a justifiable and supportable fear of retaliation, intimidation and possibly physical harm from Defendants or the agents/employees.

Mr. Katz has demonstrated and DOE has documented many instances of aggressive, abusive behavior and would be unconscionable to expose DOE and his family to the abuse and potential violence that Mr. Katz has shown himself to be capable of. This risk factor favors DOE and thus anonymity should be maintained.

(b) Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the Doe's identity.

It has become clear, that RKA's main motive in this case is to find out the identity of DOE. RKA's litigation tactics and actions speak for themselves. RKA has never properly sought a TRO or preliminary injunction to takedown the alleged defamatory material. Instead RKA has devoted much time and effort in this Court and in the State Court proceedings arguing over the revelation of DOE's identity. This true intent must not be overlooked. Since RKA has alleged defamation but has not complied with Florida Statutes 770.01 (requiring notice), then DOE's First Amendment protected right to speak anonymously would be stripped, without due process, and harm incurred as a result of the disclosure. Therefore, the exact thing that DOE seeks to protect, would be lost. The exact thing that RKA wants (and the only real goal he seems to have in this litigation) would be granted. This harm would be irreversible, and would be premised on a procedural limitation imposed on DOE, and outside of DOE's control.

The likely severity of harm favors DOE's anonymity.

(c) Whether the defendant [RKA] is prejudiced by allowing the plaintiff [DOE] to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court.

RKA's motion to dismiss DOE's counterclaim raises the issue of DOE proceeding anonymously, yet fails to indicate how RKA will be harmed by the continuation of the anonymity of DOE. At this stage of the proceedings, and at least until some decisions are rendered regarding the other pending motions to dismiss, for reconsideration, and for remand, DOE's anonymity should be maintained. In the event that this Court needs to confirm the identity of DOE, undersigned counsel would be willing to file under seal a signed declaration, similar to Exh. 1, which reveals to the Court the identity of DOE. DOE's counterclaim is not seeking any damages under the Lanham Act and RKA is not prejudiced by DOE's counter-complaint.

DOE is seeking a declaration of rights under the Lanham Act, since there remains continuing allegations in RKA's Complaint (DE 1-3) and DOE is subject to these allegations of an ongoing tort by RKA. RKA's dismissal with prejudice does not alleviate DOE's exposure. The universe of facts is limited to those presented in the subject blog and those stated in RKA's Complaint. Therefore, discovery, if any would be very limited. DOE's identity is not necessary for the progression of this case. Furthermore, the result of the pending motions before this Court may dispose this case in its entirety. Thus the revelation of DOE's identity at this stage would be drastic and unnecessary.

The lack of prejudice to RKA favors DOE's anonymity.

(d) Whether the DOE's identity has thus far been kept confidential.

In this case, the identity of DOE remains anonymous, and has never been disclosed to anyone in the case, with the exception of DOE's undersigned attorneys.[1] Thus there is no argument to be made that disclosure now would not be significant. As one court explained, "The relationship of any prior confidentiality breach to the particular privacy interest asserted may

also matter. For instance, if a plaintiff specifically fears retaliation by defendants or their associates, prior disclosure to the defendants of the plaintiff's identity might moot any request for anonymity." Doe v. Del Rio, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). No such breach of DOE's anonymity has occurred. This factor weighs in favor of DOE remaining anonymous.

(e) Whether the public's interest in the litigation is furthered by requiring DOE to disclose his identity.

There is a strong public interest in maintaining DOE's anonymity. If citizen journalists believe that their exposure of matters of public concern can result in frivolous legal or extra-judicial violent retaliation, then citizen journalists will cease to exist. The Federalist Papers were written anonymously, with the ideas in them more important than the identity of their authors; citizen journalists have inherited that liberty. If citizen journalists must fear baseless lawsuits seeking to merely unmask the anonymous reporter, so that more baseless legal process and violence can be aimed at them, the citizen journalist will be no more. In the absence of such citizen journalists, the public will lose a valuable source of information about matters of public concern. The public's right to know about matters of public concern will suffer immeasurably. The public must know that it can produce and protect citizen journalists, who if they speak truth to power, will not be sacrificed immediately and expediently without courts taking steps to ensure that this exposure is for a proper legal purpose. This Court must take that responsibility seriously, and understand that any failure by this Court will not only create dire conditions for DOE, but the collateral damage will be the First Amendment itself.

As shown in the attached declaration by DOE, RKA is not shy about being involved in litigation – in fact, RKA treats the courts as their own personal playground. The RKA Plaintiffs

[1] Not even the entire legal team knows DOE's identity.

clearly have substantial funds to outspend an opponent into litigation bankruptcy. RKA's community influence is insurmountable and overwhelming. There is nothing to be gained for the public to know who is providing the public with the investigative reporting and commentary. The public is able to make up its own mind about the facts and opinions presented in the blog. The identity of DOE does not change that standard.

The public interest favors DOE's anonymity.

(f) Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.

Since this is a counterclaim, and RKA was the initiator of this dispute, there is a very weak public interest in knowing the identity. The result of this review by this Court is purely legal and procedural based on the previously identified unique procedural time-line presented in this case.

**Conclusion**

In light of the listed reasons herein, DOE requests that this Court permit DOE to remain anonymous and continue this case using the adopted pseudonym of JOHN DOE.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that the undersigned counsel has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and opposing counsel opposes this request.

__s/RobertKain_______

Dated: October 11, 2011 Respectfully submitted,

By: s/Robert Kain

Robert C. Kain, Jr. (266760)
rkain@complexip.com
Darren Spielman (010868)
Dspielman@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone: (954) 768-9002
Facsimile: (954) 768-0158
Attorneys for Defendant, John Doe

Marc J. Randazza (625566)
Randazza Legal Group
6525 West Warm Springs Rd. Ste. 100
Las Vegas, Nevada 89118
Phone: (888) 667-1113
Fax: (305) 437-7662
mjr@randazza.com
Attorneys for Defendant Doe

**CERTIFICATE OF SERVICE**

I hereby certify that on ____October 11, 2011_________, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700

Miami, FL 33131
305-379-9000
fax 305-379-3428

s/Robert Kain

Robert C. Kain, Jr.
Florida Bar No. 266760

G:\RCK\CLIENTS\RK-v-John-Doe\plead-mot-appear-anonymous-v4.wpd