UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-22657-Civ-COOKE/TURNOFF

R.K./FL MANAGEMENT, INC. a Florida
corporation, *et al*.,

    Plaintiffs/Counter-Defendants,

v.

JOHN DOE, an anonymous person,

    Defendant/Counter-Claimant.
_____/

**PLAINTIFFS' REPLY TO DEFENDANT/COUNTER-CLAIMANT'S
OPPOSITION TO MOTION TO DISMISS DEFENDANT'S COUNTER-COMPLAINT**

Plaintiffs/Counter-Defendants, R.K./FL MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ and DANIEL KATZ (collectively, "Plaintiffs"), through their undersigned counsel, file this Reply to Defendant/Counter-Claimant's Opposition to Motion to Dismiss Defendant's Counter-Complaint (the "Opposition") filed by *anonymous* Defendant, JOHN DOE ("Counter-Claimant"):

### I.    INTRODUCTION

The Opposition ignores the factual circumstances which clearly show Counter-Claimant cannot maintain the Counter-Complaint and prosecute the case anonymously. Moreover, this Court lacks subject matter jurisdiction despite the machinations Counter-Claimant engineered in filing the "Counter-Complaint" as a separate and distinct action, when it is truly nothing more than a denial or defense to the moot claim Plaintiffs' voluntarily dismissed with prejudice. In addition, there is no "ongoing injury" based upon any federal law, and Counter-Claimant has raised this argument in a transparent attempt to create a jurisdictional basis. Finally, the

Counter-Complaint fails to state a cause of action upon which relief may be granted.  For all of these reasons, the Counter-Complaint must be dismissed.

## II.   ARGUMENT

### A.   Counter-Claimant Cannot Maintain the Anonymous Counter-Complaint.

As Counter-Claimant concedes in the Opposition, "Federal Rule of Civil Procedure 10(a) requires that 'every pleading' in federal court 'must name all the parties.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011), quoting Fed. R. Civ. P. 10(a) (2010).

> "This rule serves more than administrative convenience.  It protects the public's legitimate interest in knowing all the facts involved, including the identities of the parties."  This creates a strong presumption in favor of parties' proceeding in their own names.  Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not.

*Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)) (citations omitted).  It is especially important for Counter-Claimant to reveal his identity to prevent "'anonymity [from] provid[ing] a shield behind which defamatory charges may be launched without shame or liability.'"  *Id*. (quoting *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)).

The rule is not absolute and there are certain limited circumstances under which a party may be permitted to proceed anonymously.  Specifically, a party may proceed anonymously in federal court by showing that he '"has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id*. quoting *Frank*, 951 F.2d at 323.  As Counter-Claimant acknowledges in the Opposition, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323.

There are various factors courts may consider in evaluating whether to permit a party to proceed anonymously. These factors include whether the matters are of a highly sensitive and personal nature, whether the plaintiff was threatened with violence or physical harm by proceeding in its own name, and whether anonymity posed a unique threat of fundamental unfairness to the other party. *Id.* at 1316; *see* Opposition at 9-10; Motion to Dismiss at 4-5.

According to *Doe v. Heil*, No. 08-cv-02342-WYD-CBS, 2008 WL 4889550 (D. Colo. Nov. 13, 2008), cited on p. 10 of the Opposition,

> [w]hile case law recognizes that [Fed. R. Civ. P. 10(a)] cannot be applied inflexibly, identifying a plaintiff by a pseudonym is an 'unusual practice.' *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). ***The court has an independent duty to determine whether exceptional circumstances warrant a departure from the normal method of proceedings in federal courts.*** (emphasis added).

Counter-Claimant has failed to show any exceptional circumstances to warrant departure from the requirement of Fed. R. Civ. P. 10(a) that every pleading in federal court must name all the parties. To the contrary, and as discussed below, the circumstances of this case mandate that Counter-Claimant's identity be revealed. Because Counter-Claimant refuses to disclose his identity, the Counter-Complaint must be dismissed.

Counter-Claimant argues his identity should not be disclosed because he purportedly fears retaliation if his identity is revealed, his identity has not yet been revealed, and he is supposedly a "citizen journalist" whom the Court should protect. Counter-Claimant's arguments for remaining anonymous are not only disingenuous, they clearly ignore the factual circumstances surrounding this matter which preclude Counter-Claimant from filing or maintaining the Counter-Complaint anonymously.

The cases Counter-Claimant relies upon are unavailing to his position. For example, in *Doe v. Stegall*, 653 F.2d 180, 182 (5th Cir. 1981), the anonymous plaintiffs ***agreed*** to disclose

their identities to the defendant and to the Court. The anonymous parties were not seeking to hide their identity from the opposing party, but were merely seeking to prevent disclosure of their identities to the general public. *Id.* Counter-Claimant also improperly cites *Stegall* for considering whether a party was threatened with violence or physical harm by proceeding under their own name. *Id.* at 185-187. *Stegall*, however, concerned threats of physical harm **by the general public**, not the opposing party, and stated "the threat of hostile public reaction to a lawsuit, standing alone, will only with **great rarity** warrant public anonymity." *Id.* at 186.

Counter-Claimant also improperly relies upon *Roe v. Aware Woman Center For Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001), for the principle that a substantial privacy right may outweigh the openness of a judicial proceeding. The *Roe* case, however, dealt with the issue of abortion, and the court found "***abortion as the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity***." *Id.* at 685 (emphasis added). In contrast, this case does not involve (at least to Counter-Claimant) highly sensitive and personal matters, and certainly none that are akin to abortion.

Counter-Claimant argues his "substantial privacy right" is based on his conclusory statement that he "fears retaliation," which standing alone (and without any justifiable bases) is undoubtedly not enough to warrant anonymity. *Stegall*, 653 F.2d at 183. Presumably, any person who defames another would be concerned about "retaliation," but Counter-Claimant should not be permitted to hide behind the mask of the internet to anonymously commit his tortious acts. Additionally, while Counter-Claimant asserts he fears retaliation, ***Counter-Claimant never indicated any such fear in any of the prior motions, responses or replies that he filed throughout the three (3) months of litigating this matter***. Counter-Claimant obviously manufactured this excuse in an attempt to remain anonymous. Plaintiffs, however are respectable

businesses and business people and would not resort to physical affronts against Counter-Claimant. Plaintiffs will protect and pursue their rights and claims in a court of law.

Counter-Claimant also argues there is a strong public interest in maintaining his privacy as a supposed "citizen journalist." This is another of Counter-Claimant's creations, which he manufactured to take advantage of a statute that is only available to the media. As stated in Plaintiffs' prior filings in this case, Fla. Stat. § 770.01 does not apply, and Defendant is clearly not a "journalist." Nonetheless, because Counter-Claimant remains insistent that he is a journalist, Counter-Claimant must be compelled to disclose his identify so Plaintiffs and the Court can further assess his position. Counter-Claimant's refusal to disclose his identity in this context further mandates dismissal of the Counter-Complaint.

Moreover, the anonymous Counter-Complaint poses a unique threat of fundamental unfairness to Plaintiffs. Plaintiffs have sued Counter-Claimant for defamation *per se* and libel. Counter-Claimant has argued Plaintiffs must prove that the defamation was committed with actual malice. Although Plaintiffs believe Counter-Claimant's actions constitute defamation *per se,* in the event they are required to prove that Counter-Claimant acted with actual malice, they need to know Counter-Claimant's identity and take his deposition. It is also critical that Counter-Claimant's identity be disclosed to enable Plaintiffs to determine other forums wherein Counter-Claimant is publishing defamatory statements and to assess its motive and intent.

Counter-Claimant wrongfully contends that Plaintiffs' "main motive in this case it to find out the identity of Doe" because Plaintiffs have "never properly sought a TRO or preliminary injunction to take down the alleged defamatory material." Opposition at 11. Counter-Claimant's counsel should be aware, however, that Plaintiffs are currently unable to seek a preliminary injunction against Counter-Claimant for his continuous defamatory statements on the Blog, as

5

injunctive relief is not available to enjoin defamation until there has been a finding or an admission that the statements are defamatory. *See, e.g., Renoir-Large v. Lane*, No. 2:11-CV-0023, 2011 WL 3667424 (S.D. Ohio July 20, 2011); *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1071 (C.D. Cali. 2003).

When evaluating whether to let a party proceed anonymously, a court must "balance plaintiff's interest in proceeding anonymously against the interests of defendants and the public." *Sealed Plaintiff v. Sealed Defendant*, 573 F.3d 185, 191 (2d Cir. 2008). This matter is not of a highly sensitive or personal nature to Counter-Claimant. Instead, **because Counter-Claimant continues to post defamatory statements about Plaintiffs on a daily basis, Plaintiffs are posed with the unique threat of fundamental unfairness**. *See Plaintiff B*, 631 F.3d at 1316. There is also no public interest in protecting Counter-Claimant's anonymity while he is engaged in defamatory conduct. In fact, the public interest requires that Counter-Claimant's identity be known to enable Plaintiff to respond to (a) Counter-Claimant's argument that he is a "media Counter-Claimant," (b) Counter-Claimant's purported fear of Lanham act claims by Plaintiff because Counter-Claimant is a "competitor," (c) Counter-Claimant's argument that Plaintiffs must prove that Counter-Claimant acted with actual malice, and (d) to examine Counter-Claimant's other contrived arguments regarding "false association, affiliation, origin and sponsorship." *See* Opposition at 8.

Counter-Claimant should not be permitted to continue to use his anonymity as both a sword and a shield as he is clearly doing in this case. Counter-Claimant has failed to demonstrate any exceptional circumstances to entitle him to file an anonymous pleading in violation of Fed. R. Civ. P. 10(a). Thus, this Court should dismiss the Counter-Complaint.

### B.     This Court Lacks Subject Matter Jurisdiction.

Counter-Claimant argues that his Counter-Complaint is intended to be a counterclaim to Plaintiffs' lawsuit.  It is thus revealing that instead of actually filing the Counter-Complaint as a counterclaim to Plaintiff's Complaint, Counter-Claimant instead *instituted a separate and independent action*, with its initial pleading entitled "Counter-Complaint."  The reason is transparent:  Counter-Claimant forum-shopped this matter to this court.  *See* Motion to Dismiss Counter-Complaint at 7-8.  Indeed, as set forth in Plaintiffs' Motion to Remand and Plaintiffs' Reply in support thereof, Counter-Claimant failed to timely remove this case to this Court, and there is no independent basis for federal jurisdiction.  Accordingly, rather than respond to Plaintiffs' Complaint with a Counterclaim, Counter-Claimant initiated a separate action--entitled Counter-Complaint--and then moved to consolidate the Counter-Complaint into this action.

Moreover, the cases Counter-Claimant cites in support of his subject matter jurisdiction argument are inapposite.  Plaintiffs' Complaint does not seek a remedy afforded by 28 U.S.C. § 1338(a).  Plaintiffs dismissed Count III of its Complaint, *with prejudice*, months ago, and clearly advised Counter-Claimant and this Court that they are not pursuing false advertising or trademark infringement claims.  In fact, if Counter-Claimant's arguments regarding his identity are true (which neither Plaintiffs nor this Court can confirm without knowing his actual identity), then Plaintiffs do not have a False Advertising claim against Counter-Claimant.

The primary case upon which Counter-Claimant relies is *Geltech Solutions, Inc. v. Marteal, Ltd.*, 2010 U.S. Dist. LEXIS 44118, 6-8 (S.D. Fla. 2010).  Even the lengthy quote Counter-Claimant extracted from *Geltech* reveals the fallacies of his arguments.  Unlike *Geltech*, there is no "threat" of suit for Lanham Act violations here as *Count III has been dismissed with prejudice*.  Likewise, in contrast to the cases cited within *Geltech*, Plaintiffs are not merely

"forbearing" from suing Counter-Claimant for Lanham Act violations, nor are Plaintiffs showing "a preparedness and willingness" to enforce their rights under the Lanham Act, Again, *Plaintiffs dismissed Count III with prejudice*. To quote the same portion of *Geltech*, "***a complaint must allege an objectively reasonable basis for believing a current dispute exists in order to bring suit.***" *Id*. (emphasis added). The Counter-Complaint, however, fails to allege an objectively reasonable basis for believing a current dispute exists.

As stated in Plaintiffs' Motion to Dismiss, there is no case or controversy presented by the Counter-Complaint and Counter-Claimant is at best seeking an improper advisory opinion based upon a moot issue. In fact, the Counter-Complaint is actually nothing more than a denial or defense of a claim that has been dismissed with prejudice. Counter-Claimant is not really seeking declaratory relief; Counter-Claimant is improperly seeking to invoke the jurisdiction of this Court.[1] *See, e.g., Fla. Assoc. of Rehabilitation Facilities, Inc. v. State of Florida Dept. of Health and Rehabilitative Servs.*, 225 F.3d 1208, 1218 (11th Cir. 2000) ("Any decision on the merits of a moot case or issue would be an impressible advisory opinion."). This Court lacks subject matter jurisdiction, and the Counter-Complaint should be dismissed.

### C. There is No "Ongoing Injury" Based Upon the Lanham Act.

Counter-Claimant struggles to argue that the Counter-Complaint should not be dismissed because there are "ongoing Lanham Act torts." Counter-Claimant's argument is not only meritless, but tries to put a new spin on the meaning of an "ongoing injury."

It is clear that Plaintiffs are not suing Counter-Claimant for any violation of the Lanham Act, and no "fresh" cause of action under the Lanham Act exists. The allegations Counter-

---

[1] Counter-Claimant has not cited a single case where a court found a case or controversy existed after the claim upon which the declaratory relief was sought was dismissed with prejudice.

Claimant argues evidence that "ongoing Lanham Act torts" exist simply support Plaintiffs' claims for defamation *per se* and libel.  At worst, Counter-Claimant's allegations are superfluous as there is no claim for any remedy under the Lanham Act or any other federal law.  It is obvious that Counter-Claimant is spinning his frivolous argument in another transparent attempt to create a jurisdictional basis where none exists—why else would Counter-Claimant argue, "I'm engaged in continuing federal torts" when the Plaintiffs are clearly not pursuing any such claims?

Finally, for a Lanham Act claim to exist, Counter-Claimant must be in competition with Plaintiffs.  *See, e.g., Furniture "R" Us, Inc. v. Leath Furniture, LLC*, No. 07-23321-CIV, 2008 WL 4444007 (S.D. Fla. Sept. 26, 2008).  Counter-Claimant argues he is not a competitor, which is one of the reasons Plaintiffs voluntarily dismissed Count III.  *See* Counter-Complaint.  If Counter-Claimant is not a competitor, then there can be no ongoing Lanham Act claim. Of course, Counter-Claimant's argument begs the question: what is Counter-Claimant not disclosing?  The answer is academic: his identity.  For Counter-Claimant to continue this charade, he must reveal his identity, yet he steadfastly refuses to do so.  As stated above, Counter-Claimant cannot use his anonymity as both a sword and a shield.

### D.    Counter-Claimant Fails to Properly Plead Claims for Declaratory Relief.

Finally, Counter-Claimant argues Plaintiffs have made a "disingenuous interpretation" of case law interpreting his claims for declaratory relief.  Counter-Claimant is wrong and the Counter-Complaint should be dismissed for failure to state a cause of action.

Plaintiffs' argument that Counter-Claimant fails to state a cause of action is based upon the 1999 Eleventh Circuit decision *Malowney v. Federal Collection Deposition Group*, 193 F.3d 1342 (11th Cir. 1999), which is both timely and binding upon this Court.  In *Malowney*, the Eleventh Circuit ruled "in order for this Court to have jurisdiction to issue a declaratory

judgment, which is the only redress sought . . ., ***they must assert a reasonable expectation that the injury they have suffered will continue or will be repeated in the future***." *Id.* at 1347.  The Eleventh Court noted, ***"[t]he remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgment,"*** **and the** **"perhaps" or "maybe" chance of injury is insufficient**. *Id.* at 1347 (emphasis added).

Counter-Claimant states in the Opposition that he "seeks a limited declaratory ruling that [he] **did not** violate the Lanham Act." Opposition at 1.  Therefore, Counter-Claimant admits he is not seeking declaratory relief on any injury that will continue or be repeated.  Without an allegation contending that an injury will continue or will be repeated, a court does not have jurisdiction to issue a declaratory judgment.  *Malowney*, 193 F.3d at 1346-47.  As stated above, Counter-Claimant cannot reasonably allege that an injury will continue or be repeated given the dismissal with prejudice of Count III.  It is axiomatic that "[w]hile the Declaratory Judgment Act confers upon a court the power to 'declare the rights and other legal remedies of any interested party seeking such declaration, whether or not further relief is or could be sought,' 22 U.S.C. § 2201, it does not authorize this Court to issue an advisory opinion regarding a defendant's alleged violation of a federal statute." *Glen v. Club Mediterranee S.A.*, 365 F. Supp. 2d 1263, 1272-73 (S.D. Fla. 2005).  The Counter-Complaint seeks an improper advisory opinion, and this Court should therefore dismiss the Counter-Complaint for failure to state a cause of action upon which relief may be granted.

**WHEREFORE,** Plaintiffs respectfully request that this Court dismiss Counter-Claimant's Counter-Complaint, award Plaintiffs' their attorneys fees and costs incurred in connection herewith, and to enter such other and further relief as this Court deems just and proper.

N

Respectfully submitted,

By: s/Alan J. Kluger
Alan J. Kluger
Fla. Bar. No. 200379
akluger@klugerkaplan.com
Todd A. Levine, Esq.
Fla. Bar No. 899119
tlevine@klugerkaplan.com
Lindsay B. Haber, Esq.
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October **21**, 2011, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF System. **I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 21st day of October, 2011 to: **Robert C. Kain, Jr.**, Kain & Associates, Attorneys at Law, P.A., 900 Southeast Third Avenue, Suite 205, Ft. Lauderdale, Florida 33316.

By: s/Alan J. Kluger
Alan J. Kluger

## SERVICE LIST

Alan J. Kluger
Fla. Bar No. 200379
akluger@klugerkaplan.com
Todd A. Levine
Fla. Bar No. 599119
tlevine@klugerkaplan.com
Lindsay B. Haber
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
2001 South Biscayne Blvd.
Miami, Florida 33131
Telephone:   (305) 379-9000
Facsimile:    (305) 379-3428
*Attorneys for Plaintiffs*

Robert C. Kain, Jr.
Fla. Bar No. 266760
rkain@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone:   (954) 768-9002
Facsimile:    (954) 768-0158
*Attorneys for Defendant/Counter-Claimant*