UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  1:11-cv-22657-MGC

R.K./Fl MANAGEMENT, INC., et. al
    Plaintiffs,
vs.
JOHN DOE,
    Defendant.

_____/

**DEFENDANT/COUNTER-CLAIMANT'S REPLY IN SUPPORT
OF ITS MOTION TO APPEAR ANONYMOUSLY**

Defendant/Counter-Claimant, JOHN DOE (hereinafter "DOE"), hereby files this Reply in support of the motion to appear and remain anonymous (D.E. 51), using the pseudonym JOHN DOE, regarding the issues in this case and in defense of Plaintiffs, R.K./Fl MANAGEMENT, INC., R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ (collectively "RKA"), claims (DE 1-3).

Despite RKA's rambling in the first 11 pages of its brief, discussing at least ten (10) non-binding district court cases, this motion presents a fact specific issue for this Court. It is not until page 12, where RKA actually cites the applicable law for this dispute, as established in Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. Fla. 2011). The Plaintiff B case held that the application of Rule 10(a) "is not absolute" and that the Court should "carefully review all the circumstances." Id. at 1315-1316.

First, a brief review of cited lower court cases will show that DOE's motion should be granted on the facts presented in DOE's Declaration, D.E. 51-1.  As noted below, each case is fact

1

specific and the result reflects the court's considered opinion of the underlying circumstances. For instance, in Doe v. Beaumont Independent School District, 172 F.R.D. 215, 215 (E.D. Tex. 1997) it was determined, inter alia, that past instances where other plaintiffs had suffered retaliation was not sufficient to maintain the anonnymity. However, in Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981), the court made a finding that actual threats of violence were sufficient for maintaining the anonymity. RKA cites to this case which supports DOE's position herein. DOE's Declaration D.E. 51-1 establishes such actual threats directed at DOE, and not others. Similarly, in Qualls v. Rumsfeld, 228 F.R.D. 8, 11-12 (D.D.C. 2005), the court held that there should be an actual fear risk of physical harm or other injury. The court in Qualls indicated that the declartions by the Doe plaintiffs in that case was faulty since it referred to the "potential" for retailiation. In this case, DOE's declaration explains the basis of the threats and the resulting fear associated therewith, not just a potential fear. Without providing the kind of detail that RKA so badly desires, DOE makes clear that these events have happened previously and will happen again. Interestingly, Qualls provides a a great insight in favor of anaonymity, summing up what other courts have found.

> The circuit courts that have addressed the legitimacy of pseudonymous litigation permit such litigation to proceed in district court when the district court reasonably determines that the "need for anonymity" outweighs "the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." The "rare dispensation" of allowing parties to proceed pseudonymously is only justified in the "critical" case, **or the "unusual case"**. Such critical or unusual cases may include those in which "identification creates **a risk of retaliatory physical or mental harm**, those in which "anonymity is necessary to preserve privacy in a matter of [a] sensitive and highly personal nature," and those in which the anonymous party would be compelled to admit criminal behavior or be subject to punishment by the state.Courts may be more inclined to permit pseudonymous suits by plaintiffs when the government is the defendant or when the plaintiff is a minor. A plaintiff's desire "merely to avoid the annoyance and criticism that may attend any litigation" is not sufficient to justify pseudonymous proceedings.

Qualls at 10-11 (D.D.C. 2005) (citations omitted)(emphasis added).

RKA also cites John Doe # 1 v. Von Eschenbach, 2007 U.S. Dist. LEXIS 46310 (D.D.C. June 27, 2007), which stated that the facts presented only a fear of retaliation and, as such, were too vague and unsubstantiated. No such defect is present in this case, and as noted herein, DOE is prepared to provide additional details in camera as needed for the Court. RKA also cites to Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 2008 WL 4755674 (D. Hawaii October 28, 2008), wherein it was determined that a party's subjective fear of retaliation was insufficient. Interstlingly, the 9th Circuit took that case up on appeal. Although, the appellate court affirmed the lower court's findings, the following quotation is instructive on the the standard to be used.

> To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest.

Doe v. Kamehameha Sch., 596 F.3d 1036, 1042 (9th Cir. 2010).

In the instant case, DOE's fears have been previously realized, and the continued bad acts by RKA are both reasonable and predictable, if not practically guaranteed. Oddly, RKA cites to EEOC v. ABM Indus., 249 F.R.D. 588, 594 (E.D. Cal. 2008), which supports the maintenance of anonymity of DOE. In ABM the plaintiff was able to proceed anonymously where there was evidence that the defendant was convicted of past crimes. RKA further cites Doe v. Kolko, 242 F.R.D. 193, 196-97 (E.D. N.Y. 2006), which found sufficient facts to maintain the anonymity of a sexual harassment victim because of a detailed factual review by the court.

There is a failure by RKA to establish how the public interest is outweighed or how RKA will actually be prejudiced. As noted in the concurrently filed motion for sanctions, RKA has circumvented this Court's Order staying all discovery in an attempt to unmask the identity of DOE. RKA believes that DOE has failed to identify a substantial privacy right. This limited and narrow focus of the case law is both improper and inapposite to the standards detailed and applied by the

Eleventh Circuit. As explained in DOE's initial motion, there are substantially more elements which the courts can and should review to uphold the cloak of anonymity. There is no clear cut model as to what must be proven or shown and each case has a fact specific resolution. RKA's brief fails to address the six (6) factors detailed in DOE's brief. Instead., RKA's focuses the Court's attention on unrelated cases and factual scenarios.  Essentially, RKA ignores DOE's facts.

The crux of RKA's arguments is that not enough detail was provided by DOE regarding the fear of retaliation by RKA upon disclosure of DOE's identity.  RKA wants it both ways, and places DOE in an impossible scenario. It would be foolish and imprudent to reveal the kind of detail sought by RKA in the pleadings. The who, what, where, why and corroborating witness detail demanded by RKA simply cannot be provided in this motion.  See RKA brief, D.E. 53, pg. 6.  DOE fears for his safety, and the safety of his family, both physically and emotionally, are based on prior events and publicly available information. However, the revelation of any additional information beyond that already provided in the Motion and in DOE's Affidavit (D.E. 51; 51-1) would necessarily reveal information that would provide RKA with the identity of DOE. For instance, the specific presentation of dates, locations, witnesses, and the re-telling of events wherein RKA physically and verbally assaulted DOE would clearly provide RKA with the identifying information subject to the protection sought herein.

If this Court believes that an additional factual inquiry is needed, DOE is willing to submit to an **<u>ex-parte in camera</u>** inquiry from the Court. DOE is fully prepared to submit testimony and additional details directly to the Court in an ex parte setting, which would provide the Court with ample reasons to protect the anonymity of the DOE.  The date and time and location of such ex parte in camera inquiry must be kept strictly confidential to all but DOE and DOE's counsel.

DOE has a legitimate fear of both physical and mental harm, including those harms being

extended to DOE's family. DOE has a justifiable and supportable fear of retaliation, intimidation and possibly physical harm from Defendants or the agents/employees. Co-Plaintiff Raanan Katz has demonstrated and DOE has documented many instances of aggressive, abusive behavior. It would be unconscionable to expose DOE and DOE's family to the abuse and potential violence that Katz has shown himself to be capable of. RKA would have this Court believe that since some of the events reported about in DOE's blog and attached as reasons in the motion are years old, it somehow diminishes their value. Interestingly, RKA does not dispute the validity of these facts. The age of Katz's criminal contempt conviction regarding abuse of court activities is always relevant to a person's character.

    RKA's opposition brief explains that it will be prejudiced as a unique threat of fundamental unfairness. However, RKA fails to submit any factual basis to support its claim of fundamental unfairness. For example, the content of the accused blog is fixed and evidence on RKA's public reputation establishes the legal standard to be applied against the blog to determine the presence or absence of defamation. DOE's intent is not an issue until a prima facia finding that the blog is defamatory is made by the Court, and not by RKA's aggressive statements in its filings. What remains clear in all these filings by RKA is that RKA's motive is solely to discover the identity of DOE, and not to seek retribution for defamation. RKA will extract his pound of flesh in the community at large and not in the courts.

    RKA's motive to uncover DOE's identity is apparent by the attached letter to counsel wherein RKA's counsel has begun interrogating people under oath to flush out blogger DOE. (Exh. A). The letter threatens criminal action as a result of purported civil perjury.

Other Issues:

    DOE, as counter-claimant-defendant, is seeking a declaration of rights under the Lanham Act, since there remains continuing allegations in RKA's Complaint (DE 1-3) and DOE is subject

5

to these allegations of an ongoing tort by RKA. RKA continues to assert DOE is a competitor. See RKA, brief, D.E. 53, pg. 8 and the reference to DOE as a competitor. RKA's dismissal with prejudice does not alleviate DOE's exposure as clearly explained in its opposing brief. Despite RKA's noting that DOE's actions amount to a Federal ongoing tort, the same could not be further from the truth. DOE emphatically denies committing any ongoing tort, and any statement to the contrary is precisely the reason for the Declaratory Judgement action.

RKA also discusses its recent demands that DOE cease posting information on the subject blog. RKA discusses and attaches correspondence about these demands but fails to include the response from the undersigned counsel (See Exh. B) with respect to those demands. More specifically, the "demands" from RKA are woefully incomplete as it relates to Florida Statute 770.01.

### Conclusion

In light of these reasons herein, DOE requests that this Court permit DOE to remain anonymous and continue this case using the adopted pseudonym of JOHN DOE.

Dated: November 7, 2011                     Respectfully submitted,

By: s/Robert Kain
Robert C. Kain, Jr. (266760)
rkain@complexip.com
Darren Spielman (010868)
Dspielman@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone:   (954) 768-9002
Facsimile:    (954) 768-0158
Attorneys for Defendant, John Doe

Marc J. Randazza (625566)

               Randazza Legal Group
               6525 West Warm Springs Rd. Ste. 100
               Las Vegas, Nevada 89118
               Phone: (888) 667-1113
               Fax: (305) 437-7662
               mjr@randazza.com
               Attorneys for Defendant Doe

## **CERTIFICATE OF SERVICE**

   I hereby certify that on ____November 7, 2011_____, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Todd Levine, Esq.
Lindsay Haber, Esq.
Kluger, Kaplan, et al.
Miami Center, 17th Floor
201 S. Biscayne Blvd., Suite 1700
Miami, FL 33131
305-379-9000
fax 305-379-3428

               ___s/Robert Kain_____
                 Robert C. Kain, Jr.
                 Florida Bar No. 266760

G:\RCK\CLIENTS\RK-v-John-Doe\plead-mot-appear-anonymous-Reply-ss.wpd