**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 11-22657-Civ-COOKE/TURNOFF**

R.K./FL MANAGEMENT, INC., *et al.*,

Plaintiffs,

v.

JOHN DOE,

Defendant.
_____________________________________________/

**PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO**
**FED. R. CIV. P. 11 AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, R.K./FL MANAGEMENT, R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ (collectively, the "Plaintiffs"), through their undersigned counsel and pursuant to Fed. R. Civ. P. 11, hereby file this Motion for Sanctions and Incorporated Memorandum of Law against *anonymous* Defendant JOHN DOE ("Defendant", "John Doe," or "he" for convenience purposes) and his counsel, as follows:

## I. INTRODUCTION

Defendant and his counsel have misapplied existing law in Defendant's Counter-Complaint. To begin with, Defendant cannot maintain the Counter-Complaint under the fictitious name "John Doe" and be permitted to use his anonymity as both a sword and a shield. Moreover, Defendant and his counsel have asserted duplicative counts for declaratory relief that fail to state a cause of action upon which relief may be granted and are merely denials of the properly dismissed Count III, rendering the Counter-Complaint moot and therefore seeks an

improper advisory opinion from this Court. Further, Defendant's Counter-Complaint is a clear attempt at forum-shopping and judge shopping. Despite having proper notice of the frivolousness of their positions, Defendant and his counsel have refused to withdraw the Defendant's Counter-Complaint [D.E. 1]. Accordingly, sanctions should be imposed against Defendant and his counsel pursuant to Fed. R. Civ. P. 11.

## II. ARGUMENT

### A. Standard for Sanctions Pursuant to Fed. R. Civ. P. 11

Rule 11 of the Federal Rules of Civil Procedure states, in relevant part:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 imposes an affirmative duty on attorneys to conduct a reasonable inquiry into the validity of a pleading before it is signed." *Bernal v. All American Invest. Realty, Inc.*, 470 F. Supp. 2d 1291, 1326 (S.D. Fla. 2007); *see also Mike Ousley Productions, Inc. v. WJBF-TV*, 952


KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131 305.379.9000

F.2d 380, 382 (11th Cir. 1992) (sanctioning attorney who filed a frivolous claim because "the signature of an attorney constitutes a certificate by the signer that . . . to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact."); *Universal Comm'n Sys., Inc. v. Turner Broadcasting Sys., Inc.*, 2005 WL 3956648 at *1 (S.D. Fla. Aug. 29, 2005) ("Rule 11 stresses the need for some preliminary inquiry."). The district court should impose Rule 11 sanctions "when a party filed a pleading that has no reasonable factual basis . . . or when the party filed a pleading in bad faith or for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). "Imposition of sanctions on the attorney rather than, or in addition to, the client is sometimes proper since it may well be more appropriate than a sanction that penalizes the parties for the offenses of their counsel." *Id.*

In the Eleventh Circuit, "a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous – in view of the facts or law – and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *McGreal*, 87 F.3d at 1254. "Imposition of sanctions on the attorney rather than, or in addition to, the client is sometimes proper since it may well be more appropriate than a sanction that penalizes the parties for the offenses of their counsel." *Id.* Thus, the court must impose sanctions if the attorney failed to make a reasonable inquiry "despite the attorney's good faith belief that the claims were sound." *Universal Comm'n Sys., Inc. v. Turner Broadcasting Sys., Inc.*, 2005 WL 3956648 at *1 (S.D. Fla. Aug. 29, 2005) ("Rule 11 stresses the need for some preliminary inquiry.").


KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131 305.379.9000

**B. Defendant and His Counsel Knew or Should Have Known Defendant Cannot Maintain the Counter-Complaint under the Fictitious Name "John Doe."**

Defendant and his counsel knew at the time Defendant filed, and his counsel signed, the Counter-Complaint that Defendant could not maintain the Counter-Complaint under the fictitious name "John Doe" and attempt to prosecute the case anonymously. "The title of a complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). This is because "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Thus, absent exceptional circumstances (which do not exist here), "parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (affirming denial of the plaintiff's motion to remain anonymous) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir.1979)). Therefore, Defendant and his counsel should be sanctioned under Rule 11 for filing this action under the fictitious name "John Doe" and refusing to withdraw the Counter-Complaint.

In *Doe v. Frank,* an anonymous plaintiff filed an action against the Postal Service for removal from employment in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791-794. *Frank*, 951 F.2d at 322. The Postal Service filed a motion to dismiss based on the plaintiff's violation of Fed. R. Civ. P. 10(a), which requires a plaintiff to include the names of all parties in the complaint. *Id.* The Plaintiff filed a motion to proceed under a fictitious name, which the court denied and "expressed its intention to grant the Postal Service's motion to dismiss if [the plaintiff] did not file an amended complaint within twenty days of the order substituting his full legal name." *Id.*

The *Frank* court then addressed the test for permitting a plaintiff to proceed anonymously. *Id.* at 323. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and

constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981). *Stegall*, cited in *Frank*, catalogued circumstances which may allow a party to remain anonymous. *Stegall*, 653 F.2d at 186. Those circumstances include:

> (1) plaintiffs challenging governmental activity;
> (2) plaintiffs required to disclose information of the utmost intimacy; and
> (3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

*Stegall*, 653 F.2d at 185. Moreover, "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Frank*, 951 F.2d at 324.

The "John Doe" in the case *sub judice* does not meet the test for permitting a plaintiff to proceed anonymously. Defendant has merely brought a claim for declaratory relief that he is not liable for his defamatory statements under the Lanham Act, which is now moot. Defendant is not challenging governmental activity, is not required to disclose information of the utmost intimacy, and is not risking criminal prosecution by including his name on the Counter-Complaint. In fact, this case is highly sensitive and of a personal nature to Raanan Katz, Daniel Katz, and their corporations--*not to Defendant*.

The filing of the Counter-Complaint under the fictitious name "John Doe" when Fed. R. Civ. P. 10(a) requires that the title of the complaint name all parties and the fact that Defendant does not meet the test for permitting a plaintiff to proceeding anonymously demonstrates that Defendant and his counsel "should have been aware that [Defendant's Counter-Complaint] was frivolous; that is whether [they] would have been aware had [they] made a reasonably inquiry." *McGreal*, 87 F.3d at 1254. Had Defendant and his counsel made a reasonably inquiry,

Defendant and his counsel would have known that Defendant could not maintain the Counter-Complaint under the fictitious name "John Doe." Thus, there can be no dispute that Defendant and his counsel knew or should have known that Defendant and his counsel filing the Counter-Complaint under the fictitious name "John Doe" had "no reasonable chance of success." *Id.*

### C. Defendant and His Counsel Knew or Should Have Known The Counter-Complaint Fails to State a Claim Upon Which Relief May be Granted.

Defendant and his counsel knew at the time Defendant filed, and counsel signed, the Counter-Complaint that it failed to state a claim upon which relief may be granted. Defendant and his counsel failed to allege in either of the duplicative counts for declaratory relief that there is a "bona fide, actual, present practical need for the declaration." *May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952); *see also Malowney v. Fed. Collection Deposition Group*, 193 F.3d 1342, 1346 (11th Cir. 1999). Without properly pleading either claim for declaratory relief, Defendant has failed to state a claim upon which relief may be granted.

To assert a claim for Declaratory Judgment in federal court, Defendant must state a claim for relief pursuant to 28 U.S.C. § 2201. *Advanced Fluids Solutions, LLC v. Nat'l Assoc. for Stock Car Auto Racing, Inc. (NASCAR)*, No. 6:11-cv-16-Orl-22KRS, 2011 WL 3627413, at *4 (M.D. Fla. July 26, 2011). "As a practical matter, however, the elements required under the federal or [Florida] state declaratory judgment acts are not materially different." *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008).

The Eleventh Circuit has held that a party seeking a declaratory judgment must have "standing" to invoke the federal court power. *Malowney v. Fed. Collection Deposition Group*, 193 F.3d 1342, 1346 (11th Cir. 1999). To have standing, a party "must allege facts from which it appears there is a substantial likelihood that he will **suffer injury in the future**." *Id.*

(emphasis added). Moreover, the Florida Supreme Court delineated the elements of a claim for declaratory relief:

> [I]t should be clearly made to appear that there is **a bona fide, actual, present practical need for the declaration**; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court . . . **and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.**

*May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952) (emphasis added).

Defendant fails to allege in the Counter-Complaint that he has a "bona fide, actual, present practical need for the declaration" or that "he will suffer injury in the future." *May*, 59 So. 2d at 639; *Malowney*, 193 F.3d at 1346. In fact, he cannot even make these allegations in good faith, as the basis for the Counter-Complaint (the former Count III of Plaintiffs' Complaint) was previously dismissed with prejudice. Because he has not properly alleged, and cannot properly allege, a claim for Declaratory Judgment, Defendant lacks standing to obtain declaratory relief concerning 15 U.S.C. § 1125(c), and therefore the Counter-Complaint fails to state a claim upon which relief may be granted.

Filing a Counter-Complaint for declaratory relief that fails to state a claim upon which relief may be granted demonstrates that Defendant and his counsel "should have been aware that [Defendant's Counter-Complaint] was frivolous; that is whether [they] would have been aware had [they] made a reasonable inquiry." *McGreal*, 87 F.3d at 1254. Had Defendant and his counsel made a reasonably inquiry, Defendant and his counsel would have known that Defendant had not properly alleged his duplicative claims for declaratory relief and therefore failed to state a claim upon which relief may be granted. Thus, there can be no dispute that Defendant and his


KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131 305.379.9000

counsel know or should have known Defendant's and his counsel's duplicative claims for declaratory relief had "no reasonable chance of success." *Id.*

**D. <u>Defendant's Counter-Complaint is merely a Denial of Count III.</u>**

It is also axiomatic that a defendant may not create a federal question through its defense. *See, e.g., Air Express Int'l, Inc. v. Aerovias de Mexico S.A. DE C.V.*, 977 F. Supp. 1191, 1193 (S.D. 1997) ("A defense that raises a federal question is inadequate to invoke federal question jurisdiction."). With this backdrop, and with Defendant's knowledge that there is no basis for removal, Defendant filed a spurious Counter-Complaint with this Court on July 26, 2011, hoping to create a federal question. In reality, however, the Counter-Complaint is nothing more than a denial or defense of the dismissed Count III, as it merely seeks a declaratory judgment that Defendant is not liable to Plaintiffs under Count III. Of course, however, denial or defense of the dismissed Count III is moot as Plaintiffs have dismissed it with prejudice and have demonstrated that they are not pursuing claims against John Doe under the Lanham Act. *See, e.g., Blair v. Martin County Sheriff's Dept.*, No. 92-14107-CIV-KEHOE, 1993 WL 757478, at *3 (S.D. Fla. Mar. 1, 1993) (a plaintiff's voluntary dismissal of a count moots any pending motions based on the dismissed count). In addition to being moot, the Counter-Complaint seeks an impermissible advisory opinion by the Court. *See, e.g., Fla. Assoc. of Rehabilitation Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Servs.*, 225 F.3d 1208, 1218 (11th Cir. 2000) ("Any decision on the merits of a moot case or issue would be an impermissible advisory opinion.").

Filing a Counter-Complaint based on a mere denial of the voluntarily-dismissed Count III demonstrates that Defendant and his counsel "should have been aware that [Defendant's Counter-Complaint] was frivolous; that is whether [they] would have been aware had [they] made a reasonable inquiry." *McGreal*, 87 F.3d at 1254. Had Defendant and his counsel made a


KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L., 201 SO. BISCAYNE BLVD., SUITE 1700, MIAMI, FL 33131 305.379.9000

reasonably inquiry, Defendant and his counsel would have known that Defendant had not properly alleged an independent and separate action and that the Counter-Complaint was merely a denial of the former Count III of Plaintiffs' Complaint. Moreover, the Counter-Complaint was obviously filed by Defendant and his counsel for an "improper purpose" under Rule 11. Thus, there can be no dispute that Defendant and his counsel knew or should have known Defendant's and his counsel's duplicative claims for declaratory relief were nothing more than an improper denial of the voluntarily-dismissed Count III and the independently filed Counter-Complaint had "no reasonable chance of success." *Id.*

**E. Defendant is Clearly Forum Shopping and Judge Shopping.**

Defendant's filing of the Counter-Complaint is also clearly an improper attempt to forum-shop and judge shop this case and was therefore filed for an "improper purpose" under Rule 11. Contrary to Defendant's machinations, a plaintiff clearly has the right to choose its own forum. *Harris Corp v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1150 (M.D. Fla. 2000). A plaintiff's choice of forum is given great deference by the court and "federal courts have fashioned a presumption in favor of remand to state court."[1] *Id.* at 1151; *see also Kinney System, Inc. v. Continental Ins. Co.*, 674 So. 2d 86, 89, 91 (Fla. 1996) ("a strong presumption favors the plaintiff's choice of forum").

Plaintiffs chose to file their action in State Court, where Defendant also sought affirmative relief by filing various Motions and pursuing discovery. Defendant then engaged in "jurisdictional gamesmanship" by waiting until after the time to remove had expired to seek to appeal the State Court's rulings to this Federal Court, and by inventing a meritless "Counter-

[1] Plaintiffs' Motion for Remand has been fully briefed and is pending in this Court. [D.E. 10].

Complaint"—which he filed as an independent action—in an obvious attempt to manufacture a basis for jurisdiction, knowing full well that he had no right to removal.

Moreover, Defendant has revealed that he actually seeks to appeal the State Court's denial of Defendant's Motion to Quash in this Federal Court. This is clear from Defendant's Motion for Reconsideration, which he filed with this Court after he improperly removed the case. [D.E. 15]. Defendant is obviously forum-shopping to improperly appeal the State Court's Order denying Defendant's Motion to Quash. "A defendant must not be allowed to test the waters in state court and, finding the temperature not to its liking, beat a swift retreat to federal court. Such behavior falls within the very definition of forum-shopping and is antithetical to federal-state court comity." *Estate of Krasnow v. Texaco, Inc.*, 773 F. Supp. 806, 809 (E.D. Vir. 1991); *see also Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F. Supp. 1476, 1479-80 (C.D. Ill. 1984). Defendant's and his counsel's actions are the very definition of forum-shopping, and for this additional reason Defendant and his counsel should be sanctioned under Rule 11.

Based on the foregoing, Defendant's Counter-Complaint was "objectively frivolous" at the time Defendant filed, and counsel signed, it, and Defendant knew or should have known that the Counter-Complaint was frivolous. Moreover, Defendant and his counsel have clearly filed the Counter-Complaint for the improper purpose of forum and judge shopping. This Court should therefore impose sanctions against Defendant and his counsel pursuant to Rule 11.

**WHEREFORE**, Plaintiffs, R.K./FL MANAGEMENT, R.K. ASSOCIATES VII, INC., 17070 COLLINS AVENUE SHOPPING CENTER, LTD., RAANAN KATZ, and DANIEL KATZ, respectfully request that this Court enter an Order imposing sanctions against Defendant and his counsel, including awarding Plaintiffs their reasonably attorneys' fees and costs incurred

in litigating Defendant's Counter-Complaint, to be paid by Defendant and his counsel jointly and severally, dismissing Defendant's Counter-Complaint with prejudice, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: s/Alan J. Kluger
Alan J. Kluger
Fla. Bar. No. 200379
akluger@klugerkaplan.com
Todd A. Levine, Esq.
Fla. Bar No. 899119
tlevine@klugerkaplan.com
Lindsay B. Haber, Esq.
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2011, I electronically filed the foregoing document with the Clerk of Court through the CM/ECF System. **I FURTHER CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail this 8th day of November, 2011 to: **Robert C. Kain, Jr.**, Kain & Associates, Attorneys at Law, P.A., 900 Southeast Third Avenue, Suite 205, Ft. Lauderdale, Florida 33316.

By: s/Alan J. Kluger
Alan J. Kluger

**CERTIFICATE OF GOOD FAITH COMPLIANCE**

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues pertaining to the motion to compel discovery. To date, counsel for movant has been unable to resolve the issues. Moreover, pursuant to Rule 11, counsel for the movant provided Defendant and his counsel with twenty-one (21) days notice and an opportunity to withdraw the Motion for Reconsideration of Order Denying Motion to Quash and for Protective Order before filing this Motion.

By: s/Alan J. Kluger
Alan J. Kluger

**SERVICE LIST**

Alan J. Kluger
Fla. Bar No. 200379
akluger@klugerkaplan.com
Todd A. Levine
Fla. Bar No. 599119
tlevine@klugerkaplan.com
Lindsay B. Haber
Fla. Bar No. 85026
lhaber@klugerkaplan.com
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
Miami Center, Seventeenth Floor
2001 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428
*Attorneys for Plaintiffs*

Robert C. Kain, Jr.
Fla. Bar No. 266760
rkain@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 Southeast Third Avenue, Suite 205
Ft. Lauderdale, Florida 33316-1153
Telephone: (954) 768-9002
Facsimile: (954) 768-0158
*Attorneys for Defendant*