UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22657-Civ-COOKE/TURNOFF

R.K./FL MANAGEMENT, INC., *et al.*

    Plaintiffs/Counter-Defendants

vs.

JOHN DOE,

    Defendant/Counter-Plaintiff.

_____/

## ORDER GRANTING MOTION TO REMAND

THIS MATTER is before me on Plaintiffs' Motion to Remand (ECF No. 10). I have reviewed the record, motion, arguments and the relevant legal authorities. For the reasons explained below, this action is remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County as the United States District Court for the Southern District of Florida is without jurisdiction.

**Discussion**

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A defendant may remove an action to a U.S. district court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Courts should strictly construe the requirements of 28 U.S.C. § 1441 and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Removal statutes are construed narrowly, and when the plaintiff and defendant class on the issue of jurisdiction, uncertainties are resolved in

favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  On June 9, 2011, Plaintiffs initiated a state court action against Defendant alleging defamation *per se* (Count I), libel (Count II), and false advertising in violation of 15 U.S.C. § 1125(a) (Count III).  On July 26, 2011, Defendant removed the action to this Court and simultaneously filed a counter-claim against Plaintiffs, seeking declaratory judgment as to Plaintiffs' false advertising claims.  Plaintiffs voluntarily dismissed their federal claims on July 27, 2011, rendering Defendant's counter-claims moot.  Thus, the operative pleading contains only state law claims and fails to invoke federal jurisdiction.  Defendant argues that federal jurisdiction is proper because this case involves his constitutional right to freedom of speech.  Notwithstanding the asserted constitutional defense, "a defense presenting a federal question – even a valid one – cannot create removal jurisdiction."  *Whill v. Sherman Intern Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).  This Court lacks jurisdiction.  This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.  The Clerk is directed to **CLOSE** this case.  All pending motions are **DENIED** *as moot*.

   **DONE and ORDERED** in chambers at Miami, Florida this 18th day of November 2011.

                                                       _____
                                                       MARCIA G. COOKE
                                                       United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of Record*